# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JEROME CORSI

              Plaintiff

           v.

NEWSMAX MEDIA, INC., a Florida
Corporation

And

CHRISTOPHER RUDDY, Individually
And

CASSANDRA FAIRBANKS, Individually

And

JOHN CARDILLO, Individually
And

JOHN BACHMAN, Individually

              Defend

Case Number

NOT A CERTIFIED COPY

## COMPLAINT

Plaint___ ___OME CORSI ("Plaintiff Corsi" or "Dr. Corsi") hereby files this action against N___MAX MEDIA, INC. ("Defendant Newsmax"), CHRISTOPHER RUDDY ("D___t Ruddy"), CASSANDRA FAIRBANKS ("Defendant Fairbanks"), JOHN BACHMAN ("Defendant Bachman") and JOHN CARDILLO ("Defendant Cardillo") (collectively "Defendants") for defamation.

## JURISDICTION AND VENUE

1.     This is an action for defamation and damages in excess of $15,000.00, exclusive

1

of interest, costs and attorney's fees.

2.  Venue for this action is properly in Palm Beach County, Florida, as Defendant Newsmax is incorporated and has its headquarters in this county and the cause of actions arose in this country and circuit. Defendants Ruddy, Bachman and Cardillo also live and work in South Florida and are citizens of Florida and Ruddy, Bachman and Cardillo at all material times broadcast from Newsmax headquarters in Boca Raton, Florida.

## THE PARTIES

3.  Plaintiff Corsi is an New York Times bestsell author and political commentator who publishes works in this judicial district and na ny

4.  Defendant Newsmax is a Florida corp. that operates the website www.newsmax.com, which is a politically conservat and media outlet. It broadcasts and publishes in this judicial circuit, nationally and i na ally.

5.  Defendant Ruddy is the Chie utive Officer and founder of Newsmax.

6.  Defendants Cardillo man are news and media personalities, and Bachman is managing editor or Newsm llo and Bachman host shows on Newsmax called "America Talks Live" and "Newsr , respectfully.

7.  De airbanks is a political activist, journalist for the Gateway Pundit, and social media er, as well as an exhibitionist on the internet and does substantial business in Florid

## BACKGROUND FACTS

8.  Dr. Corsi has been maliciously defamed by Defendants, working together in concert, in order to try to curry favor with President Donald Trump, by way of association through Roger Stone ("Stone").

NOT A CERTIFIED COPY

9.      At all material times, Defendants Newsmax, Ruddy, Cardillo, Bachman (the "Newsmax Defendants"), and Fairbanks were acting as agents of Stone.

10.     Stone directed the Newsmax Defendants and Fairbanks to make and further false, malicious, and defamatory statements about Dr. Corsi.

11.     According to Comment (f) of the Restatement (Second) of Torts §57, "One is liable for the publication of defamation by a third person whom as his servant, agent, or otherwise he directs or procures to publish defamatory material."

12.     This fundamental principle has been adopted by Florida courts as well. *See Universal Commun. Sys. v. Turner Broad. Sys.*, No. 05-20047-CIV-JORDAN, 2005 U.S. Dist. LEXIS 58575 (S.D. Fla. Mar. 17, 2005) ("One is liable for defamation by a third person whom as his servant, agent, or otherwise directs or procures to publish defamatory matter."

13.     At all material times, each and every defamatory statement alleged in this Complaint was the result of Stone's direction to each and all of the Defendants and they are joint tortfeasors with joint and several liability.

14.     Each of the Defendants are intricately familiar with Dr. Corsi, and therefore knew that the statements, as alleged herein, were false, or at a minimum, acted with recklessness as to their truth.

15.     Stone had been indicted by Special Counsel Robert Mueller ("Mueller Indictment") as part of his "Russian Collusion" investigation for the alleged crimes of perjury, witness tampering and obstruction of justice. The indictment comprised seven different felony counts. Stone was later convicted of all seven of these felonies, without Stone having presented one witness in his defense, including himself, at trial. He appealed his convictions, but later

3

dropped the appeal, obviously realizing that he was guilty and that it would be futile to try the case even before another trial judge and jury, Stone having not presented even one witness at his original trial.

16. The Mueller Indictment against Stone alleged perjury, witness tampering and obstruction of justice by threatening to kill a material witness, Randy Credico ("Credico") and his dog if Credico did not lie under oath to government authorities concerning ~~his involvement~~ with Roger Stone. Credico is Person 2 in the Mueller Indictment of Stone. ~~And, not~~ incidentally, Person 1 in this Mueller Indictment is Dr. Corsi, another material witness, who is the undersigned counsel, Larry Klayman's ("Mr. Klayman") client.

17. Even before Stone was indicted, he began ~~a public~~ relations campaign in this circuit and nationally to smear, intimidate and tamper with Dr. Corsi in order to try to influence his testimony, as was true with Credico, at Stone's eventual criminal prosecution trial. Feeling threatened, albeit irrationally and as a result ~~of his~~ own apparent paranoia, by both Dr. Corsi and his legal counsel Plaintiff Mr. Klayman, Stone set out to and did engage in a vicious campaign to defame, threaten and harm both ~~of them~~.

18. This was ~~done~~ by Stone in order to try to influence public opinion and Special Counsel ~~Robert Mueller~~ — by trying to attribute guilt to Dr. Corsi and also to coerce him not to testify truthfully about Stone should he be subpoenaed to testify at Stone's criminal trial that was ~~to~~ begin on November 4, 2019 - as well as to try to raise money for Stone's legal defense.

19. These efforts by Stone failed but severe damage was done to Dr. Corsi and the undersigned counsel.

20. However, Stone has done and continues to do everything he can to harm and

discredit Dr. Corsi, including having directed the other named Defendants herein to defame and discredit Dr. Corsi.

## FACTS PERTAINING TO DEFAMATION

21. On or about January 30, 2019, Plaintiff Mr. Klayman appeared on Newsmax with host Defendant Cardillo on "America Talks Live" along with Defendant Fairbanks who is a friend of Stone, Defendant Cardillo, and Julian Assange of WikiLeaks (the "Newsmax Video1"). The Newsmax Video is incorporated herein by reference.

22. In the Newsmax Video, Defendant Fairbanks, at the direction of Stone and in concert with the other Defendants, maliciously defamed Dr. Corsi on numerous occasions during this appearance, by *inter alia* branding him a serial liar and plagiarist and publishing other false and misleading statements. While Mr. Klayman was there to defend his client, Dr. Corsi, the host, Defendant Cardillo on behalf of all of the Defendants, working as Stone's agents and in concert, jointly and severally, allowed, approved, and ratified the defamatory statements to be made on the air by Defendant. Fairbanks. Mr. Klayman's appearance with Defendant Fairbanks was a set up to defame Dr. Corsi and to reduce his standing credibility and to harm Plaintiff Corsi, to further and serve the interests of Defendant Cardillo's and Defendant Ruddy's and the other Defendants' and Stone.

23. As in the Newsmax Video, Defendant Fairbanks, as an agent of and at the direction of Stone, says, "[t]here are so many things that Jerome Corsi has blatantly lied about... confronted him last April in person about the fact that he was reporting false things about WikiLeaks, and he was using my reporting that he plagiarized in order to do so.... The fact that anybody is taking him seriously at all is making me completely just....it makes me laugh. It's ridiculous."

1 https://www.youtube.com/watch?v=ikKaBbAFbdk

5

24.     In fact, in response to these false and defamatory statements by Defendant Fairbanks, Mr. Klayman immediately pointed out that Defendant Fairbanks had just defamed Dr. Corsi.

25.     At 6:05 in the Newsmax Video, Defendant Fairbanks, as an agent of and at the direction of Stone, working in concert with the other Defendants, said, "everything at [Dr. Corsi] said was completely absurd. I mean we're talking about somebody who has no basic understanding of how WikiLeaks works.

26.     At 8:45 in the Newsmax Video, Defendant Fairbanks agent of and at the direction of Stone, working in concert with the other Defendants who were also Stone's agents and surrogates said, "[Dr. Corsi] raised money for a cancer [with] some false claims for somebody who didn't even exist. Please. He has no credibility…Jerome Corsi has never even met the truth. Go look at his reporting. It's a mess. It's outrageous that anyone, let along Mueller, would take him seriously. This is a clown s…

27.     These above statements are entirely false and fabricated. Defendants Stone and Fairbanks knowingly made these statements about Dr. Corsi, or at a minimum, acted with a reckless disregard for the truth in concert with and at the direction of all of the other Defendants, jointly and severally, as agents and surrogates of Stone.

28.     Each and every Defendant is intricately familiar with Dr. Corsi, as they have worked extensively with him in the past. Thus, they all had actual knowledge that the statements made on "America Talks Live" about Dr. Corsi were completely false.

29.     As just one example, Newsmax has sold, and continues to sell books authored by Dr. Corsi, which means that at a minimum, they knew that Dr. Corsi is not a plagiarist, a liar and a fraudster, which he falsely was accused of being by Defendant Fairbanks, working in concert

6

with the other Defendants, on "America Talks Live."

30.    Dr. Corsi has reason to believe that the Newsmax Defendants have not paid the correct amount of royalties to him and thus themselves have committed fraud with regard to sales of his books.

31.    Indeed, Defendant Cardillo is close friends with and a personal and professional associate of Stone, and has on numerous occasions publicly supported and defended he. For instance, on May 22, 2019, Defendant Cardillo tweeted:

> Just a reminder that Roger Stone is accused of a minor r[...] .ime while @MichaelAvenatti is accused of defrauding multiple c[...] of millions and trying to extort Nike. Christopher Wray's FBI dis[...] .rested Avenatti w/out tipping off CNN but sent SWAT for Roger.[2]

Other tweets by Defendant Cardillo include:

> #RogerStone is a friend of mine. I've n[...] in that. He's a good guy with a wonderful family. His IG post w[...] and I've told him as much. However, he was never gagged o[...] from posting on social media, so today's decision was expected.[3]

> Roger Stone and I had d[...] st night in VERY blue Broward County. Overwhelmingly Dem. [...] hat, nearly everyone who left the restaurant stopped by our table [...] g support for Roger and Trump, and nothing but contempt for Mue[...] t know who the MSM is polling.[4]

> Roger Stone [...] been saying for months that he expected to be indicted. He never lef[...] nborhood except on business or for TV appearances and always[...] home. He's the furthest thing from a flight risk. Weissmann used[...] team for one reason. Intimidation.[5]

> [...] tone is being called to task again today because a book publisher re-[...]sed his book before the gag order. Roger is also prevented from using [...]rogates. However, #Mueller's team can leak anything they want to CNN and they don't even get a harsh word from the bench.[6]

[2] https://twitter.com/johncardillo/status/1131311255292190720
[3] https://twitter.com/johncardillo/status/1098696890043023360
[4] https://twitter.com/johncardillo/status/1092848524285435904
[5] https://twitter.com/johncardillo/status/1088862527344308224
[6] https://twitter.com/i/web/status/1106245039540322306

As guys like Roger Stone and Gen. Flynn face federal prison time, just remember that both Bush and Obama's DOJ declined to prosecute Jeffrey Epstein, arguably one of the worst serial child rapists in U.S. history. Epstein only did 18 months of house arrest on stage charges.[7]

32.     Defendant Ruddy is also very friendly with Stone, in part because of their mutual association with President Donald Trump. Defendant Ruddy values his relationship with President Trump and thus has allowed Stone to appear on his network given the president's past close association with Stone, who served as his lobbyist in the gaming industry and a political adviser, among other roles. Defendant Ruddy, as the CEO of Newsmax allowed, ratified, and condoned the defamation of Dr. Corsi so Stone would not negatively affect and curtail Defendant Ruddy's, and Newsmax's, known close relationship with President Trump. When Dr. Corsi's lawyer Larry Klayman brought to Defendant Ruddy's attention the defamatory acts as alleged herein, he in effect dared Dr. Corsi through Klayman his counsel to sue Newmax and showed no remorse for this defamation.

33.     Defendant Ruddy and John Cardillo believe that they have to assist Stone in his efforts to defame, discredit and now severely harm Dr. Corsi in order to preserve their relationship with President Trump, to whom Stone has served as a top political adviser and lobbyist. It is widely believed that if Stone is convicted as a result of the Mueller indictment, he will be ultimately pardoned by the president.

34.     Defendant Bachman is Defendant Ruddy's "right hand man," and runs Newsmax in concert with Defendant Ruddy. Thus, he also condoned and ratified the defamatory statements made by Defendant Fairbanks.

35.     Mr. Klayman, as is Dr. Corsi, a strong supporter of the president, but has publically criticized him for his association with Stone and past association with the likes of his

[7] https://twitter.com/johncardillo/status/1090591529947807744

8

former and criminally minded personal legal counsel Michael Cohen and another of Stone's associates, Paul Manafort, who himself has also been convicted of crimes.

36.    Pursuant Florida Statute 770.01, the undersigned counsel sent out a letter on August 5, 2020 notifying the Newsmax Defendants and Defendant Fairbanks of the defamatory statements alleged herein, and demanding an on-air retraction and apology. Exhibit 1.

37.    None of the Defendants have responded to the 770.01 letter, thus giving rise to this Complaint.

### FIRST CAUSE OF ACTION
*Defamation*
*Defendant Newsmax*

38.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth here.

39.    The Newsmax Defendants and others, working together in concert, as agents and surrogates of and at the direction of Defendant Stone, published the malicious, false and defamatory statements that Dr. Corsi a serial liar who could not be trusted, was a plagiarist and a fraudster as well as the other enumerated false and misleading statements live on Newsmax and in the Video that was posted by Newmax on its websites after the defamatory interview and thus was widely distributed in this circuit, nationally and internationally.

40.    These false and misleading statements were published with malice, as Defendants knew they were false and misleading, or at a minimum acted with a reckless disregard for the truth, as all of the Defendants are intimately familiar with Dr. Corsi.

41.    Dr. Corsi has been severely harmed and damaged by this and other false and misleading statements, more of which will be uncovered in discovery, because it subjected him to hatred, distrust, ridicule, contempt, and disgrace and thus harmed his good will and reputation,

9

as well as financially.

42.    Dr. Corsi has been severely damaged by the false and misleading publications set forth above because the malicious defamatory published statements severely injured Plaintiff Corsi in his profession and business as a journalist and author, as well as personally.

## SECOND CAUSE OF ACTION
### Defamation
### Defendant Ruddy

43.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

44.    The Newsmax Defendants and Fairbanks, working together in concert, as agents and surrogates of and at the direction of Defendant Stone, published the malicious, false and defamatory statements that Dr. Corsi was a serial liar who could not be trusted, was a plagiarist and a fraudster as well as the other enumerated false and misleading statements as set forth herein live on Newsmax and in the Videos posted by Newsmax on its websites after the defamatory interview and thus widely disseminated in this circuit, nationally and internationally.

45.    These false and misleading statements were published with malice, as Defendants knew that they were false and misleading, or at a minimum acted with a reckless disregard for the truth as these Defendants are intimately familiar with Dr. Corsi.

46.    Dr. Corsi has been severely harmed and damaged by this and other false and misleading statements, more of which will be uncovered in discovery, because it subjected him to hatred, distrust, ridicule, contempt, and disgrace and thus harmed his good will and reputation, as well as financially.

47.    Dr. Corsi has been severely damaged by the false and misleading publications set

10

forth above because the malicious defamatory published statements severely injured Plaintiff Corsi in his profession and business as a journalist and author, as well as personally.

### THIRD CAUSE OF ACTION
#### *Defamation*
#### *Defendant Fairbanks*

48.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

49.     The Newsmax Defendants and Fairbanks, working together in concert, as agents and surrogates of and at the direction of Defendant Stone, published malicious, false and defamatory statements that Dr. Corsi was a serial liar who could not be trusted, was a plagiarist and a fraudster  as well as the other enumerated false and misleading statements live on Newsmax and in the Video that was posted by Newsmax on its websites after the defamatory interview and thus was widely disseminated in the Sunlight, nationally and internationally.

50.     These false and misleading statements were published with malice, as Defendants knew that they were false and misleading or at a minimum acted with a reckless disregard for the truth as all of the Defendants intimately familiar with Dr. Corsi.

51.     Dr. Corsi has been severely harmed and damaged by this and other false and misleading statements some of which will be uncovered in discovery, because it subjected him to hatred, distrust, ridicule, contempt, and disgrace and thus harmed his good will and reputation, as well as financially.

52.     Dr. Corsi has been severely damaged by the false and misleading publications set forth above because the malicious defamatory published statements severely injured Plaintiff Corsi in his profession and business as a journalist and author, as well as personally

### FOURTHCAUSE OF ACTION
#### *Defamation*

### *Defendant Cardillo*

53.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

54.    The Newsmax Defendants and Fairbanks, working together in concert, as agents and surrogates of and at the direction of Defendant Stone, published the malicious, false and defamatory statements that Dr. Corsi was a serial liar, a plagiarist and a fraudster who could not be trusted, as well as the other enumerated false and misleading statements on Newsmax and in the Video that was posted by Newsmax on its websites after the defamatory interview and thus was widely disseminated in this circuit, nationally and internationally.

55.    These false and misleading statements were published with malice, as Defendants knew that they were false and misleading, or at a minimum, acted with a reckless disregard for the truth as all of the defendants were intimately familiar with Dr. Corsi.

56.    Dr. Corsi has been severely injured and damaged by this and other false and misleading statements, more of which will be uncovered in discovery, because it subjected him to hatred, distrust, ridicule, contempt and disgrace and thus harmed his good will and reputation, as well as financially.

57.    Dr. Corsi has been severely damaged by the false and misleading publications set forth above since the malicious defamatory published statements severely injured Plaintiff Corsi's profession and business as a journalist and author, as well as personally

### FIFTH CAUSE OF ACTION
### *Defamation*
### *Defendant Bachman*

58.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

59.     The Newsmax Defendants and Fairbanks, working together in concert, as agents and surrogates of and at the direction of Defendant Stone, published the malicious, false and defamatory statements that Dr. Corsi was a serial liar who could not be trusted, was a plagiarist and a fraudster as well as the other enumerated false and misleading statements live on Newsmax and in the Video that was posted by Newsmax on its websites after the defamatory interview and thus was widely disseminated in this circuit, nationally and internationally.

60.     These false and misleading statements were published with actual malice Defendants knew that they were false and misleading, or at a minimum acted with reckless disregard for the truth as all of the defendants are intimately familiar with Dr. Corsi.

61.     Dr. Corsi has been severely harmed and damaged by this and other false and misleading statements, more of which will be uncovered in discovery, because it subjected him to hatred, distrust, ridicule, contempt, and disgrace and thus harmed his good will and reputation, as well as financially.

62.     Dr. Corsi has been severely damaged by the false and misleading publications set forth above because the malicious defamatory published statements severely injured Plaintiff Corsi in his profession and business as a journalist and author, as well as personally..

### SIXTH CAUSE OF ACTION
*Defamation Per Se*
*Defendant Newsmax*

Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint.

64.     Under Florida Law, "it is established...that an oral communication is actionable per se - that is, without a showing of special damage - if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome

and communicable disease, or (c) conduct, characteristics or a condition incompatible with the proper exercise *of his lawful business*, trade, profession or office, or (d) the other being a woman, acts of unchastity." *Wolfson v. Kirk*, 273 So. 2d 774, 777 (Fla. Dist. Ct. App. 1973).

65. This false and misleading statements herein were published with malice, as Defendants knew that they were false and misleading, or at a minimum acted with reckless disregard for the truth as all of the defendants are intimately familiar with Dr. Corsi.

66. These malicious, false, misleading and defamatory statement including but not limited to false facts that Dr. Corsi was a serial liar, a plagiarist and a ____er were published on the internet in this circuit, domestically and internationally for the world to see and hear and specifically Defendants published these malicious false and misleading "facts," *inter alia*, that Plaintiff's conduct, characteristics or a condition compatible with the proper exercise of his lawful business, trade, profession or office. They falsely connoted that Plaintiff Corsi had lied under oath and thus committed the crime of perjury when he appeared before the grand jury empaneled at the request of Special Counsel Robert Mueller, as well in interviews by Mueller's prosecutors.

67. These false, misleading, and defamatory statement concerning Plaintiff are defamatory *per se* and severely harmed and damaged Plaintiff in his profession and business as a journalist and author, as they concern conduct and characteristics incompatible with being a journalist and author, and in fact connoted and Plaintiff Corsi had committed a felony as set forth above. Actual malice and damage is presumed by law when defamation *per se* is shown.

**SEVENTHCAUSE OF ACTION**
*Defamation Per Se*
*Defendant Ruddy*

68. Plaintiff re-alleges and incorporates by reference the allegations in the preceding

14

paragraphs of the Complaint.

69.     Under Florida Law, "it is established…that an oral communication is actionable per se - that is, without a showing of special damage - if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics or a condition incompatible with the proper exercise *of his lawful business*, trade, profession or office, or (d) the other woman, acts of unchastity." *Wolfson v. Kirk*, 273 So. 2d 774, 777 (Fla. Dist. Ct. Apr

70.     This false and misleading statements, including but n         to false facts that Dr. Corsi was a serial liar, plagiarist and a fraudster herein          olished with malice, as Defendants knew that they were false and misleading,               nimum acted with a reckless disregard for the truth as all of the defendants are int           amiliar with Dr. Corsi.

71.     These malicious, false, mislead         a     defamatory statements were published on the internet in this circuit, domestically            mationally for the entire world to see and hear and specifically Defendants publis             e malicious false and misleading "facts," *inter alia*, that Plaintiff's conduct, charg          or a condition is incompatible with the proper exercise of his lawful business, trad            sion or office. They falsely connoted that Plaintiff Corsi had lied under oath and th         atted the crime of perjury  when he appeared before the grand jury empaneled          uest of Special Counsel Robert Mueller, as well in interviews by Mueller's prosec

        These false, misleading, and defamatory statement concerning Plaintiff are defamatory *per se* and they severely harmed and damaged Plaintiff in his profession and business as a journalist and author, as they concern conduct and characteristics incompatible with being a journalist and author, and in fact connoted and Plaintiff Corsi had committed a felony as set forth

above. Actual malice and damage is presumed by law when defamation *per se* is shown.

## EIGHTH CAUSE OF ACTION
### *Defamation Per Se*
### *Defendant Fairbanks*

73.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint.

74.     Under Florida Law, "it is established...that an oral communication is actionable per se - that is, without a showing of special damage - if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics or a condition incompatible with the proper exercise *of his lawful business*, trade, profession or office or (d) the other being a woman, acts of unchastity." *Wolfson v. Kirk*, 273 So. 2d 774 (Fla. Dist. Ct. App. 1973).

75.     This false and misleading statements, including but not limited to false facts that Dr. Corsi was a serial liar, a plagiarist and a fraudster herein were published with malice, as Defendants knew that they were false and misleading, or at a minimum acted with a reckless disregard for the truth as all of the Defendants are intimately familiar with Dr. Corsi.

76.     These malicious false, misleading and defamatory statements were published on the internet in this state, domestically and internationally for the entire world to see and hear and specifically Defendants published these malicious false and misleading "facts," *inter alia*, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of his lawful business, trade, profession or office. They falsely connoted that Plaintiff Corsi had lied under oath and thus committed the crime of perjury when he appeared before the grand jury empaneled at the request of Special Counsel Robert Mueller, as well in interviews by Mueller's prosecutors.

77. These false, misleading, and defamatory statements concerning Plaintiff are defamatory *per se* and they severely harmed and damaged Plaintiff in his profession and business as a journalist and author, as they concern conduct and characteristics incompatible with being a journalist and author, and in fact connoted and Plaintiff Corsi had committed a felony as set forth above. Actual malice and damage is presumed by law when defamation *per se* is shown.

### NINTH CAUSE OF ACTION
*Defamation Per Se*
*Defendant Cardillo*

78. Plaintiff re-alleges and incorporates by reference the ~~allegations~~ in the preceding paragraphs of the Complaint.

79. Under Florida Law, "it is established ~~that~~ an oral communication is actionable per se - that is, without a showing of sp~~ecial~~ damage - if it imputes to another (a) a criminal offense amounting to a felony, or (b) ~~a pre~~sently existing venereal or other loathsome and communicable disease, or (c) conduct, ~~cha~~racteristics or a condition incompatible with the proper exercise *of his lawful busine*~~ss~~, profession or office, or (d) the other being a woman, acts of unchastity." *Wolfson v.* ~~2~~73 So. 2d 774, 777 (Fla. Dist. Ct. App. 1973).

80. This fals~~e and mi~~sleading statements including but not limited to false facts and Dr. Corsi was a ~~liar~~, plagiarist and fraudster herein were published with malice, as Defendants ~~knew~~ they were false and misleading, or at a minimum acted with a reckless disreg~~ard for~~ the truth as all of the defendants are intimately familiar with Dr. Corsi.

~~81.~~ These malicious, false, misleading and defamatory statements were published on the internet in this circuit, domestically and internationally for the entire world to see and hear and specifically Defendants published these malicious false and misleading "facts," *inter alia*, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of

17

his lawful business, trade, profession or office. They falsely connoted that Plaintiff Corsi had lied under oath and thus committed the crime of perjury when he appeared before the grand jury empaneled at the request of Special Counsel Robert Mueller, as well in interviews by Mueller's prosecutors.

82.     These false, misleading, and defamatory statements concerning Plaintiff are defamatory *per se* and they severely harmed and damaged Plaintiff in his profession, business as a journalist and author, as they concern conduct and characteristics incompatible with being a journalist and author, and in fact connoted and Plaintiff Corsi had committed a felony as set forth above. Actual malice and damage is presumed by law when defamation *per se* is shown.

## TENTH CAUSE OF ACTION
### *Defamation Per Se*
### *Defendant Bannon*

83.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint.

84.     Under Florida Law, "it is established...that an oral communication is actionable per se - that is, without a showing of special damage - if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics or a condition incompatible with the proper exercise of *lawful business*, trade, profession or office, or (d) the other being a woman, acts of unchastity." *Wolfson v. Kirk*, 273 So. 2d 774, 777 (Fla. Dist. Ct. App. 1973).

85.     This false and misleading statements including but not limited to false facts that Dr. Corsi was a serial liar, plagiarist and fraudster herein were published with malice, as Defendants knew that they were false and misleading, or at a minimum acted with a reckless disregard for the truth as all of the defendants are intimately familiar with Dr. Corsi.

18

86.     These malicious, false, misleading and defamatory statements were published on the internet in this circuit, domestically and internationally for the entire world to see and hear and specifically Defendants published these malicious false and misleading "facts," *inter alia,* that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of his lawful business, trade, profession or office. They falsely connoted that Plaintiff Corsi had lied under oath and thus committed the crime of perjury when he appeared before the grand jury empaneled at the request of Special Counsel Robert Mueller, as well in interview by Mueller's prosecutors.

87.     These false, misleading, and defamatory statements concerning Plaintiff are defamatory *per se* and they severely harmed and damaged Plaintiff in his profession and business as a journalist and author, as they concern conduct and characteristics incompatible with being a journalist and author, and in fact connoted and implied Corsi had committed a felony as set forth above. Actual malice and damage is presumed at law when defamation *per se* is shown.

**ELEVENTH CAUSE OF ACTION**
*Defamation by Implication*
*Defendant Newsmax*

88.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

89.     The false, misleading and defamatory statements were published with malice, as Defendants knew that they were false, or at a minimum acted with a reckless disregard for the truth as all of the defendants are intimately familiar with Dr. Corsi.

90.     These malicious statements created the false and misleading implication that Plaintiff Corsi is dishonest, untrustworthy, a serial liar, plagiarist, fraudster and unreliable and at a minimum held him up to extreme ridicule and humiliation.

91.     Thus, Plaintiff Corsi has been severely harmed damaged by these published statements because they subjected him to hatred, distrust, ridicule, contempt, and disgrace.

## TWELFTH CAUSE OF ACTION
### *Defamation by Implication*
### *Defendant Ruddy*

92.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

93.     These false, misleading and defamatory statements that Dr. Corsi is a serial liar, plagiarist and fraudster, as pled above, were published with malice, Defendants knew that they were false, or at a minimum acted with a reckless disregard for the truth as all of the defendants are intimately familiar with Dr. Corsi.

94.     These malicious statements created a false and misleading implication that Plaintiff Corsi is dishonest, untrustworthy, and unreliable and at a minimum held him up to extreme ridicule and humiliation.

95.     Thus, Plaintiff Corsi has been severely harmed damaged by these published statements because they subjected him to hatred, distrust, ridicule, contempt, and disgrace.

## THIRTEENTH CAUSE OF ACTION
### *Defamation by Implication*
### *Defendant Fairbanks*

96.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

97.     These false, misleading and defamatory statements were published with malice, as Defendants knew that they were false, or at a minimum acted with a reckless disregard for the truth as all of the defendants are intimately familiar with Dr. Corsi.

98.     These malicious statements created the false and misleading implication that

Plaintiff Corsi is dishonest, a serial liar, a plagiarist, a fraudster, untrustworthy, and unreliable and at a minimum held him up to extreme ridicule and humiliation.

99.     Thus, Plaintiff Corsi has been severely harmed damaged by these published statements because they subjected him to hatred, distrust, ridicule, contempt, and disgrace.

## FOURTEENTH CAUSE OF ACTION
### Defamation by Implication
### Defendant Cardillo

100.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

101.    These false, misleading and defamatory statements were published with malice, as Defendants knew that they were false, or at a minimum acted with a reckless disregard for the truth as all of the defendants are intimately familiar with Dr. Corsi.

102.    These malicious statements create the false and misleading implication that Plaintiff Corsi is dishonest, a serial liar, a plagiarist and fraudster, untrustworthy, and unreliable and at a minimum held him up to extreme ridicule and humiliation.

103.    Thus, Plaintiff has been severely harmed damaged by these published statements because they subjected him to hatred, distrust, ridicule, contempt, and disgrace.

## FIFTEENTH CAUSE OF ACTION
### Defamation by Implication
### Defendant Bachman

104.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

105.    These false, misleading and defamatory statements were published with malice, as Defendants knew that they were false, or at a minimum acted with a reckless disregard for the truth as all of the Defendants are intimately familiar with Dr. Corsi.

21

106. These malicious statements created the false and misleading implication that Plaintiff Corsi is dishonest, a serial liar, a plagiarist, a fraudster, untrustworthy, and unreliable and at a minimum held him up to extreme ridicule and humiliation.

107. Thus, Plaintiff Corsi has been severely harmed damaged by these published statements because they subjected him to hatred, distrust, ridicule, contempt, and disgr

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Corsi prays for judgment against Defen      h and every one of them, jointly and severally, as joint tortfeasors acting indivi          oncert as well as agents and surrogates of Defendant Stone, as follows:

a.      Awarding Plaintiff Corsi compensatory and actual         consequential and incidental damages in excess of $10.5 million U.S. Dollars.

b.      Granting any further relief as the Court            ppropriate.

c.      Plaintiff will move for punitive            at the appropriate time under Florida law and procedure.

PLAINTIFF C           ANDS TRIAL BY JURY

Dated: August 21, 2020                                      Respectfully Submitted,

                                            ___/s/ Larry Klayman___
                                            Larry Klayman, Esq.
                                            FL Bar No. 246220
                                            KLAYMAN LAW GROUP, P.A.
                                            7050 W. Palmetto Park Rd
                                            Boca Raton FL 33433
                                            Tel: 561-558-5536
                                            Email: leklayman@gmail.com

                                            *Counsel for Plaintiff*

NOT A CERTIFIED COPY

NOT A CERTIFIED COPY

# EXHIBIT 1

# KLAYMAN LAW GROUP
## A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.

2020 Pennsylvania Ave. N.W., #800
Washington, DC, 20006

Tel: 310-595-0800
Fax: 202-379-9289

Via Email and Mail

August 5, 2020

Newsmax Media, Inc.
Christopher Ruddy
John Bachman
John Cardillo
760 Park of Commerce Drive
Boca Raton, FL 33487

c/o Mark Lerner, MALerner@duanemorris.com

Re:    Notice Pursuant to Florida Statute §770.01

Dear Messrs. Ruddy, Cardillo and Bachman and N~~w~~ :

This letter serves as notice under Florida S~~ ~~ ~~.~~0.01 that the statements made on or about January 30, 2019 on Newsmax, during a~~ ~~ ~~o~~ of "America Talks Live" with John Cardillo were false and defamatory toward m~~ ~~ ~~r.~~ Jerome Corsi. The published statements about Dr. Corsi being a plagiarist and co~~ ~~ ~~raud~~ with a doctor are defamatory per se. The other published statements, when ever~~ ~~ ~~aken~~ as a whole, constitute at a minimum, defamation and defamation by implicatio~~ ~~ ~~Florida~~ law. It is our reasonable conclusion that these published statements by C~~ ~~ ~~Fairbanks,~~ aired on Newsmax, and which defendants have heretofore refused to re~~ ~~ apologize for, but instead dared Dr. Corsi to file suit for this defamation, were arr~~ ~~ ~~Roger~~ Stone as a "set up," with you acting in concert with Stone as Stone's and Ms. F~~ ~~ surrogates and agents.

This letter d~~ ~~ also being sent to and applies to Cassandra Fairbanks, although she is in default, a~~ ~~ known address. At the hearing of yesterday, she incredulously told the Court that sh~~ ~~ ved as a result of death threats and assuming this is so, which is doubtful, we do not ~~ ~~ current address. We therefore suggest that you forward it to her if you know her addres~~ ~~.

As you, Messrs. Ruddy, Cardillo, Bachman and Newsmax now have legal counsel, this notice is being sent by email and mail to your attorney Mark Lerner, who is requested to immediately forward it to you.

Specifically, the defamatory statements are:

[t]here are so many things that Jerome Corsi has blatantly lied about...I confronted him last April in person about the fact that he was reporting false things about WikiLeaks, and he was using my reporting that he plagiarized in order to do so.... The fact that anybody is taking him seriously at all is making me completely just....it makes me laugh. It's ridiculous.

... everything that [Dr. Corsi] said was completely absurd. I mean we're talking about somebody who had no even basic understanding of how WikiLeaks works.

[Dr. Corsi] raised money for a cancer patient [with] some false claims to somebody who didn't even exist. Please. He has no credibility...Jerome never even met the truth. Go look at his reporting. It's a mess. It's out that anyone, let along Mueller, would take him seriously. This is a clown

On behalf of Dr. Corsi, with full reservation of all rights, we demand on-air retraction of these false and defamatory statements, along with an on-air apo¹

Pursuant to Florida law, we will forebear for 5 days before fi

Please govern yourselves accordingly.

Sincerely,

Larry Klayman, Esq.

cc: Ms. Cassandra Fairbanks
   Dr. Jerome Corsi

NOT A CERTIFIED COPY