IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JEROME CORSI,

                 Plaintiff

       v.

ROGER STONE et al,

            Defendant.

**Case Number: 50-2019-CA-013711**

## PLAINTIFF CORSI'S MOTION TO COMPEL AND FOR ORDER TO SHOW CAUSE AS TO WHY THE NEWSMAX DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR OTHER RELIEF

Plaintiff Jerome Corsi ("Dr. Corsi") hereby moves this Court for an order compelling production of document requested by Dr. Corsi, attached hereto as Exhibit 1. In the Newsmax Defendants' Responses and Objections to Dr. Corsi's Requests for Production, they did not produce a single document and instead lied about their existence. Exhibit 2. Furthermore, in an email dated March 9, 2020, counsel for the Newsmax Defendants, Mark Lerner, Esq., stated with regards to Dr. Corsi's document requests, "As already noted, we in fact reviewed files along the lines proposed in our email of October 15, 2020, and we found nothing supporting your claim." Exhibit 3. This lie is further perpetrated by the Newsmax Defendants themselves in their sworn, notarized affidavits that the submitted in support of their Motion for Summary Judgment. Exhibit 3. Each of the Newsmax Defendants incredibly and falsely swears, under oath, that "I have never received any written notice from Jerome Corsi claiming defamation arising from the Program or demanding a retraction of anything said in the Program." Exhibit 3. This is provably false.

Indeed, such documents from Dr. Corsi claiming defamation arising from the Program clearly do exist, and they are also attached hereto as Exhibit 4. Since they are emails to and from

the Newsmax Defendants, they were also clearly in the Newsmax Defendants' possession and therefore should have been produced. This definitively shows that the Newsmax Defendants have obstructed justice and committed perjury about the existence of documents

Courts have inherent and other recognized  powers which give them the authority to dismiss the claims or defenses of or enter a default judgment against a litigant who engages in dishonest conduct, obstructs the discovery process, abuses the judicial process, or otherwise seeks to perpetrate a fraud on the court. *See, e.g., Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–632 (1962). This is exactly what the Newsmax Defendants have done here, and as such, summary denial of their motion to dismiss and for summary judgment must be ordered. Furthermore, judgment should be entered for Dr. Corsi's liability claims and this matter set for hearing to determine the measure of damages only.

Indeed, this is just the latest dishonest obstructionist act from the Newsmax Defendants. In a related case in Broward County, Case Number: 19-011394, the Newsmax Defendants and Mr. Lerner have repeatedly lied about service of process, in order to delay this proceeding and run up the costs of litigation. To underscore this, the Court's attention is called to the attached recent email exchange and affidavits of service  as Exhibit 5.

Accordingly, an order compelling the production of documents responsive to Dr. Corsi's requests is now necessary, as the Newsmax Defendants have demonstrated clearly that they are unwilling to comply with the discovery process absent such an order. Furthermore, the Newsmax Defendants have been shown to have perjured themselves under oath, and this Court should sanction them pursuant to its inherent and other  authority, including but not limited to summary denial of the Newsmax Defendants' dismissal motion and entry of judgment for Plaintiff on liability,  and then respectfully set an evidentiary hearing to determine the amount of  Plaintiff

Corsi's  damages.

Finally, Plaintiff Corsi should also respectfully  be awarded his attorneys fees and costs.


Dated:  May 6, 2020                                    Respectfully Submitted**,**


By: ___/s/ Larry Klayman_____
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com


### CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, May 5, 2020, I electronically filed the foregoing with the Clerk of Court using Florida Efiling. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures

*/s/ Larry Klayman_____*

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT FOR PALM BEACH COUNTY, FLORIDA

JEROME CORSI, ET AL

                Plaintiff

     v.

ROGER STONE, et al

           Defendants.

**Case Number: 50-2019-CA-013711**

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN CARDILLO**

Plaintiff Jerome Corsi, pursuant to Florida Rules of Civil Procedure 1.350, hereby requests that Defendant JOHH CARDILLO produce to the undersigned within thirty (30) days from the date hereof, the following items on the grounds that the items requested contain or constitute material and relevant evidence to this cause and are unavailable to Plaintiff, and without which Plaintiff cannot adequately and properly prepare this case.

**I.     DEFINITIONS AND INSTRUCTIONS**

1.1 As used herein, "you" or "your" shall mean JOHN CARDILLO or anyone acting on your behalf.

1.2 As used herein, "relevant time period" shall mean January 1, 2010 - present.

1.3 The terms "document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telephone records from telephone providers, telegrams, telexes, teletypes, correspondence, e-mails, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets, calendar or diary entries,

memoranda or telephone or personal conversations, memoranda of meetings or conferences, studies, reports, interoffice and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced should also be produced.

## II.     REQUEST FOR PRODUCTION

1.     All documents (regardless of form) that pertain  or relate in any way to the allegations in the complaint filed by Plaintiff in *Corsi v. Stone et. al*, 50-2019-CA-013711XXXXMB.

7.     All documents (regardless of form) that support any any all defenses to the allegations in the above cases.

Dated: February 26, 2020                                      Respectfully Submitted,


                                                                    */s/ Larry Klayman*
                                                                   Larry Klayman, Esq.
                                                                   KLAYMAN LAW GROUP, P.A.
                                                                   7050 W. Palmetto Park Rd #15-287
                                                                   Boca Raton, FL 33433
                                                                   Telephone:  (561)-558-5336
                                                                   Email: leklayman@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I, Larry Klayman, hereby certify that on this day, February 26, 2020, a copy of the foregoing was filed via this Court's e-filing system and served upon all parties and/or counsel of record through Notices of Electronic Filing.

*/s/ Larry Klayman*

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT FOR PALM BEACH COUNTY, FLORIDA

JEROME CORSI, ET AL

          Plaintiff

     v.

ROGER STONE, et al

         Defendants.

**Case Number: 50-2019-CA-013711**

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN BACHMAN

Plaintiff Jerome Corsi, pursuant to Florida Rules of Civil Procedure 1.350, hereby requests that Defendant JOHH BACHMAN produce to the undersigned within thirty (30) days from the date hereof, the following items on the grounds that the items requested contain or constitute material and relevant evidence to this cause and are unavailable to Plaintiff, and without which Plaintiff cannot adequately and properly prepare this case.

**I.**    **DEFINITIONS AND INSTRUCTIONS**

1.1 As used herein, "you" or "your" shall mean JOHN BACHMAN or anyone acting on your behalf.

1.2 As used herein, "relevant time period" shall mean January 1, 2010 - present.

1.3 The terms "document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telephone records from telephone providers, telegrams, telexes, teletypes, correspondence, e-mails, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets, calendar or diary entries,

memoranda or telephone or personal conversations, memoranda of meetings or conferences, studies, reports, interoffice and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced should also be produced.

## II.     REQUEST FOR PRODUCTION

1.     All documents (regardless of form) that pertain or relate in any way to the allegations in the complaint filed by Plaintiff in *Corsi v. Stone et. al*, 50-2019-CA-013711XXXXMB.

7.     All documents (regardless of form) that support any any all defenses to the allegations in the above cases.

Dated: February 26, 2020                                    Respectfully Submitted,


                                                       */s/ Larry Klayman*
                                        Larry Klayman, Esq.
                                        KLAYMAN LAW GROUP, P.A.
                                        7050 W. Palmetto Park Rd #15-287
                                        Boca Raton, FL 33433
                                        Telephone:  (561)-558-5336
                                        Email: leklayman@gmail.com

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, February 26, 2020, a copy of the foregoing was filed via this Court's e-filing system and served upon all parties and/or counsel of record through Notices of Electronic Filing.

_/s/ Larry Klayman_

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT FOR PALM BEACH COUNTY, FLORIDA

JEROME CORSI, ET AL

               Plaintiff

      v.

ROGER STONE, et al

            Defendants.

**Case Number: 50-2019-CA-013711**

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NEWSMAX MEDIA INC.

Plaintiff Jerome Corsi, pursuant to Florida Rules of Civil Procedure 1.350, hereby requests that Defendant Newsmax Media Inc. ("Newsmax") produce to the undersigned within thirty (30) days from the date hereof, the following items on the grounds that the items requested contain or constitute material and relevant evidence to this cause and are unavailable to Plaintiff, and without which Plaintiff cannot adequately and properly prepare this case.

**I.    DEFINITIONS AND INSTRUCTIONS**

1.1 As used herein, "you" or "your" shall mean Newsmax Media Inc., or anyone acting on your behalf.

1.2 As used herein, "relevant time period" shall mean January 1, 2010 - present.

1.3 The terms "document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telephone records from telephone providers, telegrams, telexes, teletypes, correspondence, e-mails, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets, calendar or diary entries,

memoranda or telephone or personal conversations, memoranda of meetings or conferences, studies, reports, interoffice and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced should also be produced.

## II.   REQUEST FOR PRODUCTION

1.    All documents (regardless of form) that pertain or relate in any way to the allegations in the complaint filed by Plaintiff in *Corsi v. Stone et. al*, 50-2019-CA-013711XXXXMB.

7.    All documents (regardless of form) that support any any all defenses to the allegations in the above cases.

Dated: February 26, 2020                                      Respectfully Submitted,


    */s/ Larry Klayman*
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
7050 W. Palmetto Park Rd #15-287
Boca Raton, FL 33433
Telephone:  (561)-558-5336
Email: leklayman@gmail.com

### CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, February 26, 2020, a copy of the foregoing was filed via this Court's e-filing system and served upon all parties and/or counsel of record through Notices of Electronic Filing.

*/s/ Larry Klayman*

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT FOR PALM BEACH
COUNTY, FLORIDA

JEROME CORSI, ET AL

                Plaintiff

     v.

ROGER STONE, et al

             Defendants.

**Case Number: 50-2019-CA-013711**

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CHRISTOPHER RUDDY

Plaintiff Jerome Corsi, pursuant to Florida Rules of Civil Procedure 1.350, hereby requests that Defendant CHRISTOPHER RUDDY produce to the undersigned within thirty (30) days from the date hereof, the following items on the grounds that the items requested contain or constitute material and relevant evidence to this cause and are unavailable to Plaintiff, and without which Plaintiff cannot adequately and properly prepare this case.

**I.**    **DEFINITIONS AND INSTRUCTIONS**

1.1 As used herein, "you" or "your" shall mean CHRISTOPHER RUDDY or anyone acting on your behalf.

1.2 As used herein, "relevant time period" shall mean January 1, 2010 - present.

1.3 The terms "document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telephone records from telephone providers, telegrams, telexes, teletypes, correspondence, e-mails, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, blueprints, flow sheets, calendar or diary entries,

1

memoranda or telephone or personal conversations, memoranda of meetings or conferences, studies, reports, interoffice and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced should also be produced.

## II.   REQUEST FOR PRODUCTION

1.     All documents (regardless of form) that pertain or relate in any way to the allegations in the complaint filed by Plaintiff in *Corsi v. Stone et. al*, 50-2019-CA-013711XXXXMB.

7.     All documents (regardless of form) that support any any all defenses to the allegations in the above cases.

Dated: February 26, 2020                        Respectfully Submitted,


                                                        /s/ Larry Klayman
                                                   Larry Klayman, Esq.
                                                   KLAYMAN LAW GROUP, P.A.
                                                   7050 W. Palmetto Park Rd #15-287
                                                   Boca Raton, FL 33433
                                                   Telephone:  (561)-558-5336
                                                   Email: leklayman@gmail.com

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, February 26, 2020, a copy of the foregoing was filed via this Court's e-filing system and served upon all parties and/or counsel of record through Notices of Electronic Filing.

*/s/ Larry Klayman*

# EXHIBIT 2

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

JEROME CORSI,

        Plaintiff,

v.                               CASE NO.: 50-2019-CA-013711-XXXX-MB

ROGER STONE, *et al.*,

        Defendants.

_____ /

## THE NEWSMAX DEFENDANTS' RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S  REQUESTS FOR PRODUCTION

Pursuant to Rule 1.350, and other applicable rules, Florida Rules of Civil Procedure,
Defendants Newsmax Media Inc., Christopher Ruddy, John Cardillo, and John Bachman
(collectively, the "Newsmax Defendants" or "Defendants") respond and object to Plaintiff's
Requests for Production of Documents, served on February 26, 2020 ( the "Requests")[1], as follows:

## INTRODUCTORY STATEMENT

The following objections and responses to the Requests are provided pursuant to the Florida
Rules of Civil Procedure and are provided in good faith based on information now known to
Defendants.  However, such responses are provided only on the express condition that Defendants
reserves the right to correct in good faith any errors or omissions inadvertently incorporated into their
response, or as information subsequently becomes known or available.

Unless otherwise indicated, Defendants do not interpret the form of the individual requests
within the Requests to seek documents and materials concerning: (1) correspondence between
Defendants and their attorneys; (2) communications between or among Defendants and their

---

[1]      Plaintiff served four individual and identical requests.  For efficiency, the Newsmax Defendants
have combined their responses and objections into one response.

1

representatives subsequent to notification that Plaintiff would be asserting a claim made in connection with the investigation and defense of such claim; (3) notes or other work product of Defendants' attorneys; (4) other documents created by or for lawyers or their representatives (including investigators); and (5) documents prepared by consulting experts, regardless of whether any of the above listed categories of documents apply to this or another suit or claim which has been made or is anticipated.  If any of the specific requests are intended by Plaintiff to include any of these privileged items, Defendants request that Plaintiff identify in writing the requests, and the specific privileged information that is sought.

To the extent Defendants provide information arguably subject to any of the privileges described above, or as stated in the objections to individual requests, Defendant does not waive such privileges, and expressly reserves all rights in this regard.  Defendants' objections or responses to a request should not be read as a statement or indication that documents requested exist or are in Defendants' possession.

## GENERAL OBJECTIONS APPLICABLE TO ALL REQUESTS

1.      Defendants object to the time frame specified in Definition and Instruction 1.2 as bearing no reasonable relationship to the time frame of, and seeking information wholly irrelevant to, the allegations in the complaint, thus being overbroad and unduly burdensome.

2.      Defendants object to the Requests because it is inappropriate, improper and unduly burdensome to proceed with this discovery until such time as the Court has ruled upon the pending Motion to Dismiss, particularly given the limitations imposed during the current pandemic.

## RESPONSES AND OBJECTIONS TO INDIVIDUAL REQUESTS

1.      All documents (regardless of form) that pertain or relate in any way to the allegations in the complaint filed by Plaintiff in *Corsi v. Stone et al.*, 50-2019-CA-013711XXXXMB.

**RESPONSE:**

Defendants object to this request as improper, in that it does not describe the documents sought with reasonable particularity as required by Rule 1.350.  Defendants further object to the request in that it is overbroad because it seeks any documents related to allegations in the complaint with no limitation as to time or scope and without regard to whether such documents are relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the request in that is unduly burdensome.   Defendants further object in that this overbroad and vague request could be construed as calling for materials protected from disclosure by Fla. Stat. § 90.5015 and other applicable journalists' privileges.  Defendants further object to this request to the extent it seeks, on its face, information subject to the attorney-client, work-product and/or joint defense privileges.   Additionally, Defendants object to this request to the extent it seeks confidential, proprietary and/or trade secret information having no relevance or potential relevance to the issues in dispute.  And finally, Defendants object to the extent this request could be construed as calling for documents either publicly-available or already in Plaintiff's possession.


7[*sic*].  All documents (regardless of form) that support any and all defenses to the allegations in the above cases [*sic*].

**RESPONSE:**

Defendants object to this request as improper, in that it does not describe the documents sought with reasonable particularity as required by Rule 1.350. Defendants further object on the grounds that there is a currently-pending motion to dismiss which makes clear that the complaint is jurisdictionally defective, and accordingly no additional defenses have yet been asserted in this case. Defendants further object to this request to the extent it could be construed as calling for materials protected from disclosure by Fla. Stat. § 90.5015 and other applicable journalists' privileges. Defendants further object to this request to the extent it seeks, on its face, information subject to the attorney-client, work-product and/or joint defense privileges. And finally, Defendants object to the extent this request could be construed as calling for documents either publicly-available or already in Plaintiff's possession.

*/s/ Dana J. McElroy*
Dana J. McElroy, Esq.
Florida Bar No.: 0845906
THOMAS & LOCICERO PL
915 Middle River Drive, Suite 309
Fort Lauderdale, Florida 33304
Telephone: (954) 703-3416
Facsimile: (954) 400-5415
Email: dmcelroy@tlolawfirm.com

-and-

Mark Lerner, Esq.
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, New York 10169-0079
Telephone: (212) 404-8714
Facsimile: (212) 818-9606
Email: MALerner@duanemorris.com
*Pro Hac Vice appearance pending*

Attorneys for Newsmax Defendants

4

# EXHIBIT 3

 Gmail

**Oliver Peer <oliver.peerfw@gmail.com>**

---

## RE: Klayman v. Stone - Case 19-011394 - Subpoena
2 messages

---

**Lerner, Mark** <MALerner@duanemorris.com>                                          Mon, Mar 9, 2020 at 6:12 PM
To: Larry Klayman <leklayman@gmail.com>
Cc: Dina James <daj142182@gmail.com>, Oliver Peer <oliver.peerfw@gmail.com>

Larry:

Aside from taking issue with your (mis)characterization of Judge Kastrenakes' reaction to our position in the telephonic hearing on scheduling a consolidated deposition of Roger Stone, I'm not sure what relevance that has to the current matter involving a non-party subpoena to Newsmax in Broward County.  I am also uncertain what it is you are asking me to consent to in your original email from this morning.

With regard to the subpoenas, to be clear, we understand that on Friday, February 28, while they were all out of the office, subpoenas for Mssrs. Ruddy, Bachman and Cardillo were left with Newsmax's COO, who was not authorized to accept service on their behalf.  If you have documentation of the date and time of service by a proper method, please share it and we will review it.  Likewise, with regard to your claim that you have evidence that our client has relevant documents, we ask that you share what you have with us and we will review it.

We have tried from the outset to work out these matters with you, initially seeking to narrow the scope of your requests and we continue to be open to finding a reasonable approach. As already noted, we in fact reviewed files along the lines proposed in our email of October 15, 2020, and we found nothing supporting your claim.

We remain available to discuss.


**Mark Lerner**
Partner

Duane Morris LLP
230 Park Avenue, Suite 1130
New York, NY 10169-0079
**P:** +1 212 404 8714
**F:** +1 212 818 9606

MALerner@duanemorris.com

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

JEROME CORSI,

        Plaintiff,

v.

        CASE NO.: 50-2019-CA-013711

ROGER STONE, *et al.*,

        Defendants.

_____ /

## MOTION OF THE NEWSMAX DEFENDANTS TO DISMISS OR FOR SUMMARY JUDGMENT PURSUANT TO FLORIDA'S ANTI-SLAPP STATUTE

Defendants NEWSMAX MEDIA, INC. ("Newsmax"), CHRISTOPHER RUDDY, JOHN BACHMAN, and JOHN CARDILLO (collectively, the "Newsmax Defendants"), hereby move to dismiss Plaintiff's Complaint or, in the alternative, for summary judgment, and for an award of attorneys' fees and costs, pursuant to Florida Rules of Civil Procedure 1.140(b) and 1.510(b), and Florida's "anti-SLAPP" statute, Fla. Stat. § 768.295. In support of this Motion, defendants state as follows:

### PRELIMINARY STATEMENT

Recognizing the danger that defamation suits pose to public debate, the Florida Legislature has passed – and recently expanded – protections for those faced with defending against Strategic Lawsuits Against Public Participation (or "SLAPP" suits), of which this suit is plainly one. Florida's anti-SLAPP law entitles a defendant to an early test of the merits of such suits, and an award of attorney's fees if those merits cannot be demonstrated, so that the cost of litigating does not itself chill protected speech, even where defendant can successfully defend.

The alleged defamation of which plaintiff complains in this suit arose from a live broadcast on Newsmax TV, between journalist Cassandra Fairbanks and plaintiff Jerome Corsi's

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

JEROME CORSI, Individually ,

     Plaintiff,

v.

ROGER STONE, Individually,            CASE NO.: 50-2019-CA-013711
NEWSMAX MEDIA, INC., a Florida
Corporation, CHRISTOPHER RUDDY,
Individually, CASSANDRA
FAIRBANKS, Individually, JOHN
CARDILLO, Individually, and JOHN
BACHMAN, Individually.

     Defendants.

_____ /

## AFFIDAVIT OF CHRISTOPHER RUDDY

I, Christopher Ruddy, being first duly sworn, depose and say as follows:

1.     I am the Chief Executive Officer of Newsmax Media, Inc. ("Newsmax"). I make

this affidavit in support of Defendant's Motion to Dismiss the Complaint, or in the alternative for

summary judgement under Federal Rule of Civil Procedure 1.140(b) (and alternatively Rule

1.510(b)) and for attorneys' fees under Florida's "anti-SLAPP" Statute §768.295.

2.     This Affidavit is given based on my personal knowledge.

Background on Newsmax and Newsmax TV

3.     Newsmax was founded in 1998 as a multimedia publisher. Currently the

company employs over 150 full-time employees and full-time equivalents in three offices in

Boca Raton, Washington DC, and New York City.

4.     Newsmax currently publishes a monthly magazine, a suite of websites, and

various newsletters. It also produces and distributes a television channel, Newsmax TV.  The

- 1 -

television channel launched in 2014 via satellite subscription and is currently available free-to-air and via numerous cable systems as well as OTT apps and online.

5.    The channel airs a wide range of programs, including The Chris Salcedo Show, Newsmax Now, John Tabacco's Liquid Lunch, The Wayne Allyn Root Show, America Talks Live, The Howie Carr Show, The Joe Pags Show, The Schnitt Show, Conversations with Nancy Brinker and Income Generation, among others.

6.    I serve as overall Editor of all company publications and the television channel, and I give general guidance and direction for editorial policies. While I may offer general story ideas and content suggestions and approve the engagement of regular bloggers, columnists and hosts, the editors and producers are responsible for the editing of articles and commentaries and the production of television shows, and I am not thereafter involved in the editorial process.

7.    I understand from the Complaint in this matter that Mr. Corsi is alleging that Cassandra Fairbanks made false and defamatory claims about him when she appeared on America Talks Live on January 30, 2019 (the "Program")

8.    I was not directly involved in the production of the Program, nor the decision to invite Ms. Fairbanks on the Program.

9.    I have never received any written notice from Jerome Corsi claiming defamation arising from the Program or demanding a retraction of anything said in the Program.

10.     I have also directed a search of company communications, and we have been

unable to find any evidence that Mr. Corsi ever demanded such a retraction or correction.

BY:  _____
                                        Christopher Ruddy

State of Florida            )
                            ) ss:
County of Palm Beach        )

Sworn to and subscribed before me this __5__ day of December, 2019, by Christopher

Ruddy, who is personally known to me, or who produced _____ as identification.

NOTARY PUBLIC
STATE OF FLORIDA

Sign: _____

Print: _____

My Commission Expires:



IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

JEROME CORSI, Individually ,

     Plaintiff,

v.

ROGER STONE, Individually,          CASE NO.: 50-2019-CA-013711
NEWSMAX MEDIA, INC., a Florida
Corporation, CHRISTOPHER RUDDY,
Individually, CASSANDRA
FAIRBANKS, Individually, JOHN
CARDILLO, Individually, and JOHN
BACHMAN, Individually.

     Defendants.

_____ /

## AFFIDAVIT OF JOHN CARDILLO

I, John Cardillo, being first duly sworn, depose and say as follows:

1.    I am an employee of Newsmax Media, Inc. ("Newsmax") and the host of America

Talks Live.  I make this affidavit in support of Defendant's Motion to Dismiss the Complaint, or

in the alternative for summary judgement under Federal Rule of Civil Procedure 1.140(b) (and

alternatively Rule 1.510(b)) and for attorneys' fees under Florida's "anti-SLAPP" Statute

§768.295.

2.    This Affidavit is given based on my personal knowledge.

Background on America Talks Live

3.    America Talks Live (the "Show") is a daily live broadcast featuring news,

information and commentary that airs weekdays at 2 p.m. on Newsmax TV. I host the show and

frequently invite on guests for an unscripted conversation about topical issues of the day.  In

addition to one-on-one interviews, we frequently have on two or more guests who may have

- 1 -

opposing viewpoints or may have different insights into a topic of public interest.  Multiple

guests frequently make for lively debates and create good television that engages viewers.

The Program at Issue

4.      On or about January 30, 2019, I invited Cassandra Fairbanks and Larry Klayman

to appear on the Show (the January 30 episode hereinafter the "Program").

5.      Mr. Klayman is a well-known lawyer who has been involved in a wide variety of

lawsuits, many of which he had discussed on air on the Show or other Newsmax TV shows.  He

represents Jerome Corsi, a well-known political commentator and author, in a lawsuit against

Robert Mueller, who Corsi alleged blackmailed him to lie about President Donald Trump and

serving as a liaison between WikiLeaks founder Julian Assange and Roger Stone.

6.      Ms. Fairbanks is a journalist and commentator who has frequently written about

Julian Assange and Wikileaks.

7.      On the Program, Ms. Fairbanks and Mr. Klayman debated matters surrounding

Mr. Corsi's connection with Mr. Assange and WikiLeaks.  It is during this debate that Ms.

Fairbanks made the statements that are alleged to be defamatory in the Complaint.

8.      I have never received any written notice from Jerome Corsi claiming defamation

arising from the Program or demanding a retraction of anything said in the Program.


BY:   _____
                    John Cardillo


State of Florida              )
                              ) ss:
County of Palm Beach          )


- 2 -

Sworn to and subscribed before me this _5_ day of December, 2019, by John Cardillo,

who is personally known to me, or who produced _____ as identification.

NOTARY PUBLIC
STATE OF FLORIDA

Sign: _Donna Marie Glita_

Print: _Donna Marie Glita_

My Commission Expires:



Notary Public State of Florida
Donna Marie Glita
My Commission GG 296893
Expires 02/11/2023

- 3 -

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

JEROME CORSI, Individually ,

     Plaintiff,

v.

ROGER STONE, Individually,          CASE NO.: 50-2019-CA-013711
NEWSMAX MEDIA, INC., a Florida
Corporation, CHRISTOPHER RUDDY,
Individually, CASSANDRA
FAIRBANKS, Individually, JOHN
CARDILLO, Individually, and JOHN
BACHMAN, Individually.

     Defendants.

_____ /

## AFFIDAVIT OF JOHN BACHMAN

I, John Bachman, being first duly sworn, depose and say as follows:

1.     I am an employee of Newsmax Media, Inc. ("Newsmax") and the host of

Newsmax Now.  I make this affidavit in support of Defendant's Motion to Dismiss the

Complaint, or in the alternative for summary judgement under Federal Rule of Civil Procedure

1.140(b) (and alternatively Rule 1.510(b)) and for attorneys' fees under Florida's "anti-SLAPP"

Statute §768.295.

2.     This Affidavit is given based on my personal knowledge.

3.     Newsmax Now is a three times daily broadcast featuring news, information and

commentary that airs weekdays at 6 p.m., 9 p.m. and 3 a.m. on Newsmax TV. I host the show

and frequently invite on guests for an unscripted conversation about topical issues of the day.

- 1 -

4.      I understand from the Complaint in this matter that Mr. Corsi is alleging that

Cassandra Fairbanks made false and defamatory claims about him when she appeared on

America Talks Live on January 30, 2019 (the "Program").

5.      I was not involved in the production of the Program, nor the decision to invite Ms.

Fairbanks on the Program.

6.      I have never received any written notice from Jerome Corsi claiming defamation

arising from the Program or demanding a retraction of anything said in the Program.


BY: _____
        John Bachman

State of Florida             )
                             ) ss:
County of Palm Beach         )


Sworn to and subscribed before me this 5 day of December, 2019, by John Bachman,

who is personally known to me, or who produced _____ as identification.


                                        NOTARY PUBLIC
                                        STATE OF FLORIDA

                                        Sign: _Donna Marie Glita_

                                        Print: _Donna Marie Glita_


My Commission Expires:



Notary Public State of Florida
Donna Marie Glita
My Commission GG 296893
Expires 02/11/2023

- 2 -

# EXHIBIT 4

 Gmail

Oliver Peer <oliver.peerfw@gmail.com>

---

## Fwd: URGENT - Roger Stone Appearance on Newsmax

**Larry Klayman** <leklayman@gmail.com>
To: Oliver Peer <oliver.peerfw@gmail.com>

Tue, Mar 10, 2020 at 9:53 AM

---------- Forwarded message ----------
From: **Larry Klayman** <leklayman@gmail.com>
Date: Mon, Jan 21, 2019 at 4:15 PM
Subject: URGENT - Roger Stone Appearance on Newsmax
To: Christopher Ruddy <ruddy@newsmax.com>, Christopher Ruddy <chrisr@newsmax.com>, John Bachman <johnb@newsmax.com>
Cc: Jerome Corsi <jeromecorsi6554@gmail.com>, Monica Corsi <monica@monimel.com>, David Gray <dgray@graylawgroupnj.com>

Chris and John:

Jerry Corsi and I have made it clear that we do not wish Roger any harm that and we are not collaborating with the special counsel to harm him.

Despite this, Roger continues to maliciously defame Dr. Corsi and me. Its hard to understand what benefit he gets from this, but drowning men do irrational things.

I respect your right to put Roger on Newsmax, but I would caution him to not defame Jerry and me, as we are both at our limit and he should not use Newsmax for this ulterior purposes and his legendary "dirty tricks," of which he is so proud.

In the last missive Roger called Jerry an alcoholic and defamed me with maliciously false statements. Regrettably I myself have a history with Roger, which includes the financial and other damage he did to me personally when he was for a few weeks my campaign manager when I ran for the Senate in 2003 and 2004. I have not spoken or communicated with Roger since. Jerry too has a long sordid history with him.

I would never institute suit against you and Newsmax, as you are friends. But for the good of Newsmax free to advise Roger that one more defamatory statement and he will be served with a complaint in the next days. Then he will be able to assess and learn firsthand if I am a clown who has never won a case!

It would be a shame if what Roger said on Newsmax triggered a lawsuit, which is long overdue for both Jerry and me. Thus far we have exercised restraint, but we are at an end.

Hope you both are well.

Larry

 **Gmail**

**Oliver Peer <oliver.peerfw@gmail.com>**

---

## Fwd: Stone and John Cardillo
3 messages

---

**Larry Klayman** <leklayman@gmail.com>                                    Tue, Mar 10, 2020 at 9:55 AM
To: Oliver Peer <oliver.peerfw@gmail.com>


---------- Forwarded message ----------
From: **Christopher Ruddy** <ruddy@newsmax.com>
Date: Mon, Mar 11, 2019 at 9:00 AM
Subject: RE: Stone and John Cardillo
To: Larry Klayman <leklayman@gmail.com>


Larry, if you feel someone on Newsmax defamed us you should sue us.

As I mentioned we are not going to police people who are unpaid contributors

and go on Newsmax and start telling them what they can and can't say. We don't do that

to you and won't do it w other legit guests.


Thanks.



Christopher Ruddy

CEO, Newsmax Media, Inc.

561-686-1165 ext. 1224


**From:** Larry Klayman [mailto:leklayman@gmail.com]
**Sent:** Monday, March 11, 2019 9:46 AM
**To:** Christopher Ruddy <ruddy@newsmax.com>; Christopher Ruddy <ruddy@newsmax.com>; Michael Clemente <mclemente@newsmax.com>; John Bachman <johnb@newsmax.com>
**Cc:** Jerome R. Corsi <jrlc@optonline.net>; Jerome Corsi <jeromecorsi6554@gmail.com>; David Gray <dgray@graylawgroupnj.com>
**Subject:** Re: Stone and John Cardillo


BTW - Jerry and I did not pursue legal action for the Cardillo/Fairbanks defamation because you are our friend and we respect you and Newsmax. We have however sued Stone and InfoWars by contrast.



Roger has dug and continues to dig his own ditch but I hope he does not drag Newsmax down with him.

Chris, please call me later since the Cardillo  tweets, which I found just this morning, are really a serious concern  to Jerry and me, particularly since Roger has not stopped his campaign to destroy Jerry and harm me as well. Our Infowars complaint and other related legal actions allege this with proof.


Best,


Larry


On Mon, Mar 11, 2019 at 4:53 AM Larry Klayman <leklayman@gmail.com> wrote:

Chris:


I appreciate that you talked with John.


The issue goes beyond my no longer being on his show. I just sent you and Michael a few twitter posts where John is running interference for Stone. I just had time to look this morning.


A while back I naively thought it "innocent" that I was attacked by a low class slut named Cassandra Fairbanks on John's show. Go back and find the piece as its all over the internet. In it Fairbanks, who has ████ spread all over Google ██████████████████ ), rips into my client Jerry Corsi as a liar and boasts that she has met with Assange in the Ecuadorian Embassy twice between 2018 and 2019. Earlier I understand from Jerry that she encountered him in a NYC restaurant and bragged about ████████ with Assange in the Embassy.


The piece with Fairbanks and me attacking Jerry was obviously a set up by Stone and  John.


Some of John's tweets even challenge Judge Amy Berman Jackson's gag order in a personal way. The gag order is justified and indeed Corsi and I have both sued Stone for defamation. Stone also recently threatened the judge, as I am sure you know. He continues to violate the gag order and today his lawyers must file an explanation with the court, as Judge Jackson ordered last week.


Getting in bed with Stone and Fairbanks ████████████ is something that y'all will have to assess in terms of Newsmax's reputation and standing. But this is in fact what is happening at the expense of my client and me, in part. And, y'all should assess the situation.


Its not crucial that I be on Newsmax. There are other fora. But there is a real odor here and its not a good one. And, i am disappointed since I have been critical of Fox News for becoming a propaganda organ, even though I like and support the president.


Larry

---

**Larry Klayman** <leklayman@gmail.com>                                          Tue, Mar 10, 2020 at 9:55 AM
To: Oliver Peer <oliver.peerfw@gmail.com>

---------- Forwarded message ---------
From: **Larry Klayman** <leklayman@gmail.com>
Date: Mon, Mar 11, 2019 at 9:03 AM
Subject: Re: Stone and John Cardillo
To: Christopher Ruddy <ruddy@newsmax.com>

That not the issue. It was not some innocent interview with Cassandra Fairbanks. It was set up by Stone. Not the first instance in the last months with other media and persons.

But I have no intention of suing a friend, as you and Newsmax had nothing to do with it as well.

Best,

Larry

[Quoted text hidden]

---

**Larry Klayman** <leklayman@gmail.com>                                      Tue, Mar 10, 2020 at 9:56 AM
To: Oliver Peer <oliver.peerfw@gmail.com>

[Quoted text hidden]

 Gmail

**Oliver Peer <oliver.peerfw@gmail.com>**

---

## Requests for Production Corsi v. Stone

**Larry Klayman** <leklayman@gmail.com>       Wed, Feb 26, 2020 at 10:31 AM
To: Mark Lerner <mlerner@ssbb.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>

Mark:

See attached.

I had advised Ruddy, Cardillo and Bachman well before the suit was filed to retain and not destroy any records. You can tell them that if we find that they have destroyed, deleted, spoliated and/or secreted any documents and records, that we will move to have them held in contempt of court and for other sanctions. Ruddy in particular, who once I thought to be a friend, is a less than straigtforward and honest person. Word for these wise; don't let him get you in trouble with the Court.

Larry
---------- Forwarded message ---------
From: **Oliver Peer** <oliver.peerfw@gmail.com>
Date: Wed, Feb 26, 2020 at 10:14 AM
Subject: Requests for Production Corsi v. Stone
To: Larry Klayman <leklayman@gmail.com>


**4 attachments**

 **2020.02.25- RPD Newsmax.pdf**
80K

 **2020.02.25- RPD Ruddy.pdf**
79K

**2020.02.25- RPD Cardillo.pdf**
79K

**2020.02.25- RPD Bachman.pdf**
80K

# EXHIBIT 5



Oliver Peer <oliver.peerfw@gmail.com>

---

## RE: Klayman v. Stone - Case 19-011394 - Subpoena
1 message

---

**Lerner, Mark** <MALerner@duanemorris.com>                                    Mon, Mar 9, 2020 at 6:12 PM
To: Larry Klayman <leklayman@gmail.com>
Cc: Dina James <daj142182@gmail.com>, Oliver Peer <oliver.peerfw@gmail.com>

Larry:

Aside from taking issue with your (mis)characterization of Judge Kastrenakes' reaction to our position in the telephonic hearing on scheduling a consolidated deposition of Roger Stone, I'm not sure what relevance that has to the current matter involving a non-party subpoena to Newsmax in Broward County.  I am also uncertain what it is you are asking me to consent to in your original email from this morning.

With regard to the subpoenas, to be clear, we understand that on Friday, February 28, while they were all out of the office, subpoenas for Mssrs. Ruddy, Bachman and Cardillo were left with Newsmax's COO, who was not authorized to accept service on their behalf.  If you have documentation of the date and time of service by a proper method, please share it and we will review it.  Likewise, with regard to your claim that you have evidence that our client has relevant documents, we ask that you share what you have with us and we will review it.

We have tried from the outset to work out these matters with you, initially seeking to narrow the scope of your requests and we continue to be open to finding a reasonable approach.  As already noted, we in fact reviewed files along the lines proposed in our email of October 15, 2020, and we found nothing supporting your claim.

We remain available to discuss.

**Mark Lerner**
Partner

Duane Morris LLP
230 Park Avenue, Suite 1130
New York, NY 10169-0079
**P:** +1 212 404 8714
**F:** +1 212 818 9606

MALerner@duanemorris.com



**From:** Larry Klayman [mailto:leklayman@gmail.com]
**Sent:** Monday, March 9, 2020 9:31 AM
**To:** Lerner, Mark <MALerner@duanemorris.com>
**Cc:** Oliver Peer <oliver.peerfw@gmail.com>; Dina James <daj142182@gmail.com>; Larry Klayman <leklayman@gmail.com>
**Subject:** Re: Klayman v. Stone - Case 19-011394 - Subpoena


I will be moving for sanctions against you personally for this continued legally improper and unethical dishonesty and obstruction and setting a hearing quickly. This can no longer be tolerated. It's reached critical mass.


Will you consent?


Govern yourself accordingly.


Larry Klayman


On Mon, Mar 9, 2020, 6:14 AM Lerner, Mark <MALerner@duanemorris.com> wrote:

Larry:


We understand that you have attempted to serve Chris Ruddy, John Cardillo and John Bachman at the offices of Newsmax. Please be advised that the method of service was improper and the individuals are not bound by the subpoena and will not, on the basis of this faulty service, produce documents, nor appear for the depositions.


That said, and expressly without waiver, be advised that we have already conducted a reasonable search of company files and personal communications intended to identify documents or information that relate to the claims in the complaint and have not located any documents related to the subject matter of the lawsuit.


In light of the foregoing, we see no basis for further inquiry, including documents or depositions, as there is nothing relevant to produce or to testify to, which is not surprising as the allegations in your complaint are without any factual basis.


We are available to discuss.


Regards,

www.duanemorris.com

**Mark Lerner**
Partner

Duane Morris LLP       **P:** +1 212 404 8714
230 Park Avenue, Suite 1130   **F:** +1 212 818 9606
New York, NY 10169-0079

E-MAIL | BIO | VCARD

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

## AFFIDAVIT OF PROCESS SERVER

### Circuit Court for the 17th Circuit in and for Broward County, Florida

**Larry Klayman**

        Plaintiff(s),

VS.

**Roger Stone**

        Defendant(s).

Attorney: Larry Klayman, Esq.

Klayman Law Group, P.A.
2020 Pennsylvania Avenue, N.W., #800
Washington DC 20006



*252729*

**Case Number: 19-011394**

Legal documents received by Same Day Process Service, Inc. on **02/28/2020** at **2:48 PM** to be served upon **John Cardillo at 750 Park of Commerce Drive Suite 100, Boca Raton, FL 33487**

I, **Michael Meyer**, swear and affirm that on **February 28, 2020** at **3:50 PM**, I did the following:

Served **John Cardillo** by delivering a conformed copy of the **Subpoena Duces Tecum for Deposition; Attachment 1** to **Andrew Brown** as **Authorized Agent** of **John Cardillo** at **750 Park of Commerce Drive Suite 100 , Boca Raton, FL 33487**.

**Description of Person Accepting Service:**
Sex: Male Age: 50 Height: Over 6ft Weight: 300-400 lbs Skin Color: Caucasian Hair Color: Gray

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Michael Meyer
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
info@samedayprocess.com

Internal Job ID: **252729**

State of Florida
County of Palm Beach
Subscribed and sworn to before me on this
27 day of Feb , 20 20.

Signature of Notary Public



HOLLY M. SERRANO
MY COMMISSION # GG 923523
EXPIRES: February 16, 2024
Bonded Thru Notary Public Underwriters

## AFFIDAVIT OF PROCESS SERVER

### Circuit Court for the 17th Circuit in and for Broward County, Florida

**Larry Klayman**

       Plaintiff(s),

VS.

**Roger Stone**

       Defendant(s).

Attorney: Larry Klayman, Esq.

Klayman Law Group, P.A.
2020 Pennsylvania Avenue, N.W., #800
Washington DC 20006



*252727*

**Case Number: 19-011394**

Legal documents received by Same Day Process Service, Inc. on **02/28/2020** at **2:43 PM** to be served upon **Christopher W. Ruddy at 750 Park of Commerce Drive, Suite 100, Boca Raton, FL 33487**.

I, **Michael Meyer**, swear and affirm that on **February 28, 2020** at **3:50 PM**, I did the following:

Served **Christopher W. Ruddy** by delivering a conformed copy of the **Subpoena Duces Tecum for Deposition; Attachment 1** to **Andrew Brown** as **Authorized Agent** of **Christopher W. Ruddy** at **750 Park of Commerce Drive, Suite 100 , Boca Raton, FL 33487**.

**Description of Person Accepting Service:**
Sex: Male Age: 50 Height: Over 6ft Weight: 300-400 lbs Skin Color: Caucasian Hair Color: Gray

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

**Michael Meyer**
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
info@samedayprocess.com

Internal Job ID: 252727

State of Florida
County of Palm Beach
Subscribed and sworn to before me on this
29th day of Feb, 2020.

_____
Signature of Notary Public



HOLLY M. SERRANO
MY COMMISSION # GG 923523
EXPIRES: February 16, 2024
Bonded Thru Notary Public Underwriters

## AFFIDAVIT OF PROCESS SERVER

### Circuit Court for the 17th Circuit in and for Broward County, Florida

**Larry Klayman**

        Plaintiff(s),

vs.

**Roger Stone**

        Defendant(s).

Attorney: Larry Klayman, Esq.

Klayman Law Group, P.A.
2020 Pennsylvania Avenue, N.W., #800
Washington DC 20006



*252728*

**Case Number: 19-011394**

Legal documents received by Same Day Process Service, Inc. on **02/28/2020** at **2:47 PM** to be served upon **John Bachman at 750 Park of Commerce Drive Suite 100, Boca Raton, FL 33487**

I, **Michael Meyer**, swear and affirm that on **February 28, 2020** at **3:50 PM**, I did the following:

Served **John Bachman** by delivering a conformed copy of the **Subpoena Duces Tecum for Deposition; Attachment 1** to **Andrew Brown** as **Authorized Agent** of John Bachman at **750 Park of Commerce Drive Suite 100 , Boca Raton, FL 33487.**

**Description of Person Accepting Service:**
Sex: Male Age: 50 Height: Over 6ft Weight: 300-400 lbs Skin Color: Caucasian Hair Color: Gray

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Michael Meyer
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
info@samedayprocess.com

Internal Job ID: 252728

State of Florida
County of Palm Beach
Subscribed and sworn to before me on this
25th day of Feb , 20 20 .

_____
Signature of Notary Public



HOLLY M. SERRANO
MY COMMISSION # GG 923523
EXPIRES: February 16, 2024
Bonded Thru Notary Public Underwriters

Filing # 107488355 E-Filed 05/14/2020 02:47:17 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JEROME CORSI,

                       Plaintiff

         v.

ROGER STONE et al,

                   Defendant.

**Case Number: 50-2019-CA-013711**

**PLAINTIFF CORSI'S  SUPPLEMENT MOTION TO COMPEL AND FOR ORDER TO
SHOW CAUSE AS TO WHY THE NEWSMAX DEFENDANTS SHOULD NOT BE
HELD IN CONTEMPT AND FOR OTHER RELIEF AND OPPOSITION TO LAST
MINUTE FRIVOLOUS MOTION FOR PROTECTIVE ORDER**

        Plaintiff Jerome Corsi ("Dr. Corsi") hereby supplements his motion to compel and for

order to show cause and opposes the Newsmax Defendants' last minute frivolous motion for

protective order, and as grounds therefore would show:

        1.     The Newsmax Defendants have engaged in a pattern and practice of dilatory and

obstructionist behavior aimed singularly at slowing down and stopping discovery in this case as

well as others. In the related case in Broward County, Case Number: 19-011394, the Newsmax

Defendants and Mr. Lerner have repeatedly lied about service of process, in order to manufacture

undue delay and run up the costs of litigation. To underscore this, the Court's attention is called

to the attached recent email exchange and affidavits of service as Exhibit 1. These show that the

Newsmax Defendants and Mr. Lerner lied about service of process of subpoenas for deposition

in order to avoid being deposed.

        2.     In  this case, the Newsmax Defendants' Responses and Objections to Dr. Corsi's

Requests for Production, did not produce a single document and instead lied about their

1

bad faith dilatory act by the Newsmax Defendants and their counsel to stonewall discovery.

The depositions of the Newsmax Defendants are especially important in this case, as their co-Defendant, Roger Stone, is a convicted perjurer who himself has not provided relevant documents in this case either. Thus, the testimony of the Newsmax Defendants is crucial, and indeed, must be taken and put on the record before the court even considers the motions to dismiss and/or for summary judgment pending. They are therefore not ripe for consideration. Dr. Corsi must have a fair opportunity to conduct discovery, in accordance with his due process and other rights, without the obstructionist and dilatory behavior of all the Defendants in this case.

WHEREFORE, based on the foregoing, Dr. Corsi respectfully requests that this Court enter an order compelling the Newsmax Defendants to participate in discovery in this case in good faith, by submitting documents responsive to Dr. Corsi's requests and sitting for deposition, and for an order to show cause as to why the Newsmax Defendants should not be held in criminal and/or civil contempt and sanctioned for their  blatant perjury and obstructionist behavior.

Dated:  May 14, 2020                              Respectfully Submitted,


                                   By: ___/s/ Larry Klayman_____
                                       Larry Klayman, Esq.
                                       Florida Bar No.: 246220
                                       Klayman Law Group P.A.
                                       7050 W. Palmetto Park Rd
                                       Boca Raton, FL, 33433
                                       Tel: 561-558-5536
                                       leklayman@gmail.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Larry Klayman, hereby certify that on this day, May 14, 2020, I electronically filed the foregoing with the Clerk of Court using Florida Efiling. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures

*/s/ Larry Klayman*_____

4

# EXHIBIT 1

 Gmail

**Oliver Peer <oliver.peerfw@gmail.com>**

---

## RE: Klayman v. Stone - Case 19-011394 - Subpoena
1 message

---

**Lerner, Mark** <MALerner@duanemorris.com>                          Mon, Mar 9, 2020 at 6:12 PM
To: Larry Klayman <leklayman@gmail.com>
Cc: Dina James <daj142182@gmail.com>, Oliver Peer <oliver.peerfw@gmail.com>

Larry:

Aside from taking issue with your (mis)characterization of Judge Kastrenakes' reaction to our position in the telephonic hearing on scheduling a consolidated deposition of Roger Stone, I'm not sure what relevance that has to the current matter involving a non-party subpoena to Newsmax in Broward County. I am also uncertain what it is you are asking me to consent to in your original email from this morning.

With regard to the subpoenas, to be clear, we understand that on Friday, February 28, while they were all out of the office, subpoenas for Mssrs. Ruddy, Bachman and Cardillo were left with Newsmax's COO, who was not authorized to accept service on their behalf. If you have documentation of the date and time of service by a proper method, please share it and we will review it. Likewise, with regard to your claim that you have evidence that our client has relevant documents, we ask that you share what you have with us and we will review it.

We have tried from the outset to work out these matters with you, initially seeking to narrow the scope of your requests and we continue to be open to finding a reasonable approach. As already noted, we in fact reviewed files along the lines proposed in our email of October 15, 2020, and we found nothing supporting your claim.

We remain available to discuss.

**Mark Lerner**
Partner

Duane Morris LLP
230 Park Avenue, Suite 1130
New York, NY 10169-0079
**P:** +1 212 404 8714
**F:** +1 212 818 9606

MALerner@duanemorris.com



**From:** Larry Klayman [mailto:leklayman@gmail.com]
**Sent:** Monday, March 9, 2020 9:31 AM
**To:** Lerner, Mark <MALerner@duanemorris.com>
**Cc:** Oliver Peer <oliver.peerfw@gmail.com>; Dina James <daj142182@gmail.com>; Larry Klayman <leklayman@gmail.com>
**Subject:** Re: Klayman v. Stone - Case 19-011394 - Subpoena

I will be moving for sanctions against you personally for this continued legally improper and unethical dishonesty and obstruction and setting a hearing quickly. This can no longer be tolerated. It's reached critical mass.

Will you consent?

Govern yourself accordingly.

Larry Klayman

On Mon, Mar 9, 2020, 6:14 AM Lerner, Mark <MALerner@duanemorris.com> wrote:

Larry:

We understand that you have attempted to serve Chris Ruddy, John Cardillo and John Bachman at the offices of Newsmax. Please be advised that the method of service was improper and the individuals are not bound by the subpoena and will not, on the basis of this faulty service, produce documents, nor appear for the depositions.

That said, and expressly without waiver, be advised that we have already conducted a reasonable search of company files and personal communications intended to identify documents or information that relate to the claims in the complaint and have not located any documents related to the subject matter of the lawsuit.

In light of the foregoing, we see no basis for further inquiry, including documents or depositions, as there is nothing relevant to produce or to testify to, which is not surprising as the allegations in your complaint are without any factual basis.

We are available to discuss.

Regards,

www.duanemorris.com

**Mark Lerner**
Partner

Duane Morris LLP          **P:** +1 212 404 8714
230 Park Avenue, Suite 1130  **F:** +1 212 818 9606
New York, NY 10169-0079

E-MAIL | BIO | VCARD

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

# AFFIDAVIT OF PROCESS SERVER

### Circuit Court for the 17th Circuit in and for Broward County, Florida

**Larry Klayman**

        Plaintiff(s),

VS.

**Roger Stone**

        Defendant(s).

Attorney: Larry Klayman, Esq.

Klayman Law Group, P.A.
2020 Pennsylvania Avenue, N.W., #800
Washington DC 20006


*252729*

**Case Number: 19-011394**

Legal documents received by Same Day Process Service, Inc. on **02/28/2020** at **2:48 PM** to be served upon **John Cardillo at 750 Park of Commerce Drive Suite 100, Boca Raton, FL 33487**

I, **Michael Meyer**, swear and affirm that on **February 28, 2020** at **3:50 PM**, I did the following:

Served **John Cardillo** by delivering a conformed copy of the **Subpoena Duces Tecum for Deposition; Attachment 1** to **Andrew Brown** as **Authorized Agent** of **John Cardillo** at **750 Park of Commerce Drive Suite 100 , Boca Raton, FL 33487**.

**Description of Person Accepting Service:**
Sex: Male Age: 50 Height: Over 6ft Weight: 300-400 lbs Skin Color: Caucasian Hair Color: Gray

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Michael Meyer
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
**info@samedayprocess.com**

Internal Job ID: **252729**

State of Florida
County of Palm Beach
Subscribed and sworn to before me on this
27 day of Feb , 20 20 .

Signature of Notary Public


HOLLY M. SERRANO
MY COMMISSION # GG 923523
EXPIRES: February 16, 2024
Bonded Thru Notary Public Underwriters

# AFFIDAVIT OF PROCESS SERVER

### Circuit Court for the 17th Circuit in and for Broward County, Florida

**Larry Klayman**

        Plaintiff(s),

vs.

**Roger Stone**

        Defendant(s).

Attorney: Larry Klayman, Esq.

Klayman Law Group, P.A.
2020 Pennsylvania Avenue, N.W., #800
Washington DC 20006



*252727*

**Case Number: 19-011394**

Legal documents received by Same Day Process Service, Inc. on **02/28/2020** at **2:43 PM** to be served upon **Christopher W. Ruddy at 750 Park of Commerce Drive, Suite 100, Boca Raton, FL 33487**

I, **Michael Meyer**, swear and affirm that on **February 28, 2020** at **3:50 PM**, I did the following:

Served **Christopher W. Ruddy** by delivering a conformed copy of the **Subpoena Duces Tecum for Deposition; Attachment 1 to Andrew Brown** as **Authorized Agent** of **Christopher W. Ruddy** at **750 Park of Commerce Drive, Suite 100 , Boca Raton, FL 33487.**

**Description of Person Accepting Service:**
Sex: Male Age: 50 Height: Over 6ft Weight: 300-400 lbs Skin Color: Caucasian Hair Color: Gray

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

**Michael Meyer**
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
info@samedayprocess.com

Internal Job ID: 252727

State of Florida
County of Palm Beach
Subscribed and sworn to before me on this
29th day of Feb , 2020.

_____
Signature of Notary Public



## AFFIDAVIT OF PROCESS SERVER

### Circuit Court for the 17th Circuit in and for Broward County, Florida

**Larry Klayman**

        Plaintiff(s),

vs.

**Roger Stone**

        Defendant(s).

Attorney: Larry Klayman, Esq.

Klayman Law Group, P.A.
2020 Pennsylvania Avenue, N.W., #800
Washington DC 20006



*252728*

**Case Number: 19-011394**

Legal documents received by Same Day Process Service, Inc. on **02/28/2020 at 2:47 PM** to be served upon **John Bachman at 750 Park of Commerce Drive Suite 100, Boca Raton, FL 33487**

I, **Michael Meyer**, swear and affirm that on **February 28, 2020** at **3:50 PM**, I did the following:

Served **John Bachman** by delivering a conformed copy of the **Subpoena Duces Tecum for Deposition; Attachment 1** to **Andrew Brown** as **Authorized Agent** of John Bachman at **750 Park of Commerce Drive Suite 100 , Boca Raton, FL 33487.**

**Description of Person Accepting Service:**
Sex: Male Age: 50 Height: Over 6ft Weight: 300-400 lbs Skin Color: Caucasian Hair Color: Gray

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Michael Meyer
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
**info@samedayprocess.com**

Internal Job ID: 252728



State of Florida
County of Palm Beach
Subscribed and sworn to before me on this
25th day of Feb, 20 20.

Signature of Notary Public



HOLLY M. SERRANO
MY COMMISSION # GG 923523
EXPIRES: February 16, 2024
Bonded Thru Notary Public Underwriters

# EXHIBIT 2

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

JEROME CORSI,

          Plaintiff,

v.

                                CASE NO.: 50-2019-CA-013711-XXXX-MB

ROGER STONE, *et al.*,

          Defendants.

_____ /

## THE NEWSMAX DEFENDANTS' RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S REQUESTS FOR PRODUCTION

Pursuant to Rule 1.350, and other applicable rules, Florida Rules of Civil Procedure,

Defendants Newsmax Media Inc., Christopher Ruddy, John Cardillo, and John Bachman

(collectively, the "Newsmax Defendants" or "Defendants") respond and object to Plaintiff's

Requests for Production of Documents, served on February 26, 2020 ( the "Requests")[1], as follows:

## INTRODUCTORY STATEMENT

The following objections and responses to the Requests are provided pursuant to the Florida

Rules of Civil Procedure and are provided in good faith based on information now known to

Defendants. However, such responses are provided only on the express condition that Defendants

reserves the right to correct in good faith any errors or omissions inadvertently incorporated into their

response, or as information subsequently becomes known or available.

Unless otherwise indicated, Defendants do not interpret the form of the individual requests

within the Requests to seek documents and materials concerning: (1) correspondence between

Defendants and their attorneys; (2) communications between or among Defendants and their

---

[1]     Plaintiff served four individual and identical requests. For efficiency, the Newsmax Defendants
have combined their responses and objections into one response.

1

representatives subsequent to notification that Plaintiff would be asserting a claim made in connection with the investigation and defense of such claim; (3) notes or other work product of Defendants' attorneys; (4) other documents created by or for lawyers or their representatives (including investigators); and (5) documents prepared by consulting experts, regardless of whether any of the above listed categories of documents apply to this or another suit or claim which has been made or is anticipated. If any of the specific requests are intended by Plaintiff to include any of these privileged items, Defendants request that Plaintiff identify in writing the requests, and the specific privileged information that is sought.

To the extent Defendants provide information arguably subject to any of the privileges described above, or as stated in the objections to individual requests, Defendant does not waive such privileges, and expressly reserves all rights in this regard. Defendants' objections or responses to a request should not be read as a statement or indication that documents requested exist or are in Defendants' possession.

## **GENERAL OBJECTIONS APPLICABLE TO ALL REQUESTS**

1.      Defendants object to the time frame specified in Definition and Instruction 1.2 as bearing no reasonable relationship to the time frame of, and seeking information wholly irrelevant to, the allegations in the complaint, thus being overbroad and unduly burdensome.

2.      Defendants object to the Requests because it is inappropriate, improper and unduly burdensome to proceed with this discovery until such time as the Court has ruled upon the pending Motion to Dismiss, particularly given the limitations imposed during the current pandemic.

## RESPONSES AND OBJECTIONS TO INDIVIDUAL REQUESTS

1.      All documents (regardless of form) that pertain or relate in any way to the allegations in the complaint filed by Plaintiff in *Corsi v. Stone et al.*, 50-2019-CA-013711XXXXMB.

**RESPONSE:**

Defendants object to this request as improper, in that it does not describe the documents sought with reasonable particularity as required by Rule 1.350. Defendants further object to the request in that it is overbroad because it seeks any documents related to allegations in the complaint with no limitation as to time or scope and without regard to whether such documents are relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the request in that is unduly burdensome.  Defendants further object in that this overbroad and vague request could be construed as calling for materials protected from disclosure by Fla. Stat. § 90.5015 and other applicable journalists' privileges. Defendants further object to this request to the extent it seeks, on its face, information subject to the attorney-client, work-product and/or joint defense privileges.  Additionally, Defendants object to this request to the extent it seeks confidential, proprietary and/or trade secret information having no relevance or potential relevance to the issues in dispute. And finally, Defendants object to the extent this request could be construed as calling for documents either publicly-available or already in Plaintiff's possession.


7[*sic*].  All documents (regardless of form) that support any and all defenses to the allegations in the above cases [*sic*].

**RESPONSE:**

Defendants object to this request as improper, in that it does not describe the documents sought with reasonable particularity as required by Rule 1.350.  Defendants further object on the grounds that there is a currently-pending motion to dismiss which makes clear that the complaint is jurisdictionally defective, and accordingly no additional defenses have yet been asserted in this case.  Defendants further object to this request to the extent it could be construed as calling for materials protected from disclosure by Fla. Stat. § 90.5015 and other applicable journalists' privileges.  Defendants further object to this request to the extent it seeks, on its face, information subject to the attorney-client, work-product and/or joint defense privileges.   And finally, Defendants object to the extent this request could be construed as calling for documents either publicly-available or already in Plaintiff's possession.

*/s/ Dana J. McElroy*
Dana J. McElroy, Esq.
Florida Bar No.:  0845906
THOMAS & LOCICERO PL
915 Middle River Drive, Suite 309
Fort Lauderdale, Florida 33304
Telephone: (954) 703-3416
Facsimile: (954) 400-5415
Email: dmcelroy@tlolawfirm.com

-and-

Mark Lerner, Esq.
DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, New York 10169-0079
Telephone: (212) 404-8714
Facsimile: (212) 818-9606
Email: MALerner@duanemorris.com
*Pro Hac Vice appearance pending*

Attorneys for Newsmax Defendants

4

EXHIBIT 3

 Gmail

**Oliver Peer <oliver.peerfw@gmail.com>**

---

## RE: Klayman v. Stone - Case 19-011394 - Subpoena
2 messages

---

**Lerner, Mark** <MALerner@duanemorris.com>                    Mon, Mar 9, 2020 at 6:12 PM
To: Larry Klayman <leklayman@gmail.com>
Cc: Dina James <daj142182@gmail.com>, Oliver Peer <oliver.peerfw@gmail.com>

Larry:

Aside from taking issue with your (mis)characterization of Judge Kastrenakes' reaction to our position in the telephonic hearing on scheduling a consolidated deposition of Roger Stone, I'm not sure what relevance that has to the current matter involving a non-party subpoena to Newsmax in Broward County.  I am also uncertain what it is you are asking me to consent to in your original email from this morning.

With regard to the subpoenas, to be clear, we understand that on Friday, February 28, while they were all out of the office, subpoenas for Mssrs. Ruddy, Bachman and Cardillo were left with Newsmax's COO, who was not authorized to accept service on their behalf.  If you have documentation of the date and time of service by a proper method, please share it and we will review it.  Likewise, with regard to your claim that you have evidence that our client has relevant documents, we ask that you share what you have with us and we will review it.

We have tried from the outset to work out these matters with you, initially seeking to narrow the scope of your requests and we continue to be open to finding a reasonable approach. As already noted, we in fact reviewed files along the lines proposed in our email of October 15, 2020, and we found nothing supporting your claim.

We remain available to discuss.

**Mark Lerner**
Partner

Duane Morris LLP
230 Park Avenue, Suite 1130
New York, NY 10169-0079
**P:** +1 212 404 8714
**F:** +1 212 818 9606

MALerner@duanemorris.com

Case 9:20-cv-81396-RAR   Document 6-1   Entered on FLSD Docket 09/08/2020   Page 63 of 81

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

JEROME CORSI,

        Plaintiff,

v.                            CASE NO.: 50-2019-CA-013711

ROGER STONE, *et al.*,

        Defendants.

_____ /

## MOTION OF THE NEWSMAX DEFENDANTS TO DISMISS OR FOR SUMMARY JUDGMENT PURSUANT TO FLORIDA'S ANTI-SLAPP STATUTE

Defendants NEWSMAX MEDIA, INC. ("Newsmax"), CHRISTOPHER RUDDY, JOHN BACHMAN, and JOHN CARDILLO (collectively, the "Newsmax Defendants"), hereby move to dismiss Plaintiff's Complaint or, in the alternative, for summary judgment, and for an award of attorneys' fees and costs, pursuant to Florida Rules of Civil Procedure 1.140(b) and 1.510(b), and Florida's "anti-SLAPP" statute, Fla. Stat. § 768.295. In support of this Motion, defendants state as follows:

### PRELIMINARY STATEMENT

Recognizing the danger that defamation suits pose to public debate, the Florida Legislature has passed – and recently expanded – protections for those faced with defending against Strategic Lawsuits Against Public Participation (or "SLAPP" suits), of which this suit is plainly one. Florida's anti-SLAPP law entitles a defendant to an early test of the merits of such suits, and an award of attorney's fees if those merits cannot be demonstrated, so that the cost of litigating does not itself chill protected speech, even where defendant can successfully defend.

The alleged defamation of which plaintiff complains in this suit arose from a live broadcast on Newsmax TV, between journalist Cassandra Fairbanks and plaintiff Jerome Corsi's

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

JEROME CORSI, Individually ,

    Plaintiff,

v.

ROGER STONE, Individually,                CASE NO.: 50-2019-CA-013711
NEWSMAX MEDIA, INC., a Florida
Corporation, CHRISTOPHER RUDDY,
Individually, CASSANDRA
FAIRBANKS, Individually, JOHN
CARDILLO, Individually, and JOHN
BACHMAN, Individually.

    Defendants.

_____ /

## AFFIDAVIT OF CHRISTOPHER RUDDY

I, Christopher Ruddy, being first duly sworn, depose and say as follows:

1.    I am the Chief Executive Officer of Newsmax Media, Inc. ("Newsmax"). I make this affidavit in support of Defendant's Motion to Dismiss the Complaint, or in the alternative for summary judgement under Federal Rule of Civil Procedure 1.140(b) (and alternatively Rule 1.510(b)) and for attorneys' fees under Florida's "anti-SLAPP" Statute §768.295.

2.    This Affidavit is given based on my personal knowledge.

Background on Newsmax and Newsmax TV

3.    Newsmax was founded in 1998 as a multimedia publisher. Currently the company employs over 150 full-time employees and full-time equivalents in three offices in Boca Raton, Washington DC, and New York City.

4.    Newsmax currently publishes a monthly magazine, a suite of websites, and various newsletters. It also produces and distributes a television channel, Newsmax TV. The

- 1 -

television channel launched in 2014 via satellite subscription and is currently available free-to-air and via numerous cable systems as well as OTT apps and online.

5.      The channel airs a wide range of programs, including The Chris Salcedo Show, Newsmax Now, John Tabacco's Liquid Lunch, The Wayne Allyn Root Show, America Talks Live, The Howie Carr Show, The Joe Pags Show, The Schnitt Show, Conversations with Nancy Brinker and Income Generation, among others.

6.      I serve as overall Editor of all company publications and the television channel, and I give general guidance and direction for editorial policies. While I may offer general story ideas and content suggestions and approve the engagement of regular bloggers, columnists and hosts, the editors and producers are responsible for the editing of articles and commentaries and the production of television shows, and I am not thereafter involved in the editorial process.

7.      I understand from the Complaint in this matter that Mr. Corsi is alleging that Cassandra Fairbanks made false and defamatory claims about him when she appeared on America Talks Live on January 30, 2019 (the "Program")

8.      I was not directly involved in the production of the Program, nor the decision to invite Ms. Fairbanks on the Program.

9.      I have never received any written notice from Jerome Corsi claiming defamation arising from the Program or demanding a retraction of anything said in the Program.

10.   I have also directed a search of company communications, and we have been unable to find any evidence that Mr. Corsi ever demanded such a retraction or correction.

BY:   <u>Christopher Ruddy</u>
Christopher Ruddy

State of Florida          )
                         ) ss:
County of Palm Beach     )

Sworn to and subscribed before me this __5__ day of December, 2019, by Christopher Ruddy, who is personally known to me, or who produced _____ as identification.

NOTARY PUBLIC
STATE OF FLORIDA

Sign: _____
Print: _____

My Commission Expires:



Notary Public State of Florida
Donna Marie Glita
My Commission GG 296893
Expires 02/11/2023

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

JEROME CORSI, Individually ,

    Plaintiff,

v.

ROGER STONE, Individually,             CASE NO.: 50-2019-CA-013711
NEWSMAX MEDIA, INC., a Florida
Corporation, CHRISTOPHER RUDDY,
Individually, CASSANDRA
FAIRBANKS, Individually, JOHN
CARDILLO, Individually, and JOHN
BACHMAN, Individually.

    Defendants.

_____ /

## AFFIDAVIT OF JOHN CARDILLO

I, John Cardillo, being first duly sworn, depose and say as follows:

1.    I am an employee of Newsmax Media, Inc. ("Newsmax") and the host of America

Talks Live.  I make this affidavit in support of Defendant's Motion to Dismiss the Complaint, or

in the alternative for summary judgement under Federal Rule of Civil Procedure 1.140(b) (and

alternatively Rule 1.510(b)) and for attorneys' fees under Florida's "anti-SLAPP" Statute

§768.295.

2.    This Affidavit is given based on my personal knowledge.

Background on America Talks Live

3.    America Talks Live (the "Show") is a daily live broadcast featuring news,

information and commentary that airs weekdays at 2 p.m. on Newsmax TV. I host the show and

frequently invite on guests for an unscripted conversation about topical issues of the day.  In

addition to one-on-one interviews, we frequently have on two or more guests who may have

- 1 -

opposing viewpoints or may have different insights into a topic of public interest. Multiple

guests frequently make for lively debates and create good television that engages viewers.

<u>The Program at Issue</u>

4.       On or about January 30, 2019, I invited Cassandra Fairbanks and Larry Klayman

to appear on the Show (the January 30 episode hereinafter the "Program").

5.       Mr. Klayman is a well-known lawyer who has been involved in a wide variety of

lawsuits, many of which he had discussed on air on the Show or other Newsmax TV shows. He

represents Jerome Corsi, a well-known political commentator and author, in a lawsuit against

Robert Mueller, who Corsi alleged blackmailed him to lie about President Donald Trump and

serving as a liaison between WikiLeaks founder Julian Assange and Roger Stone.

6.       Ms. Fairbanks is a journalist and commentator who has frequently written about

Julian Assange and Wikileaks.

7.       On the Program, Ms. Fairbanks and Mr. Klayman debated matters surrounding

Mr. Corsi's connection with Mr. Assange and WikiLeaks. It is during this debate that Ms.

Fairbanks made the statements that are alleged to be defamatory in the Complaint.

8.       I have never received any written notice from Jerome Corsi claiming defamation

arising from the Program or demanding a retraction of anything said in the Program.

BY:  _____

John Cardillo

State of Florida          )
                          ) ss:
County of Palm Beach      )

- 2 -

Sworn to and subscribed before me this $\underline{5}$ day of December, 2019, by John Cardillo,

who is personally known to me, or who produced _____ as identification.

NOTARY PUBLIC
STATE OF FLORIDA

Sign: *Donna Marie Glita*

Print: *Donna Marie Glita*

My Commission Expires:



IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

JEROME CORSI, Individually ,

    Plaintiff,

v.

ROGER STONE, Individually,          CASE NO.: 50-2019-CA-013711
NEWSMAX MEDIA, INC., a Florida
Corporation, CHRISTOPHER RUDDY,
Individually, CASSANDRA
FAIRBANKS, Individually, JOHN
CARDILLO, Individually, and JOHN
BACHMAN, Individually.

    Defendants.
_____ /

## AFFIDAVIT OF JOHN BACHMAN

I, John Bachman, being first duly sworn, depose and say as follows:

1.    I am an employee of Newsmax Media, Inc. ("Newsmax") and the host of

Newsmax Now.  I make this affidavit in support of Defendant's Motion to Dismiss the

Complaint, or in the alternative for summary judgement under Federal Rule of Civil Procedure

1.140(b) (and alternatively Rule 1.510(b)) and for attorneys' fees under Florida's "anti-SLAPP"

Statute §768.295.

2.    This Affidavit is given based on my personal knowledge.

3.    Newsmax Now is a three times daily broadcast featuring news, information and

commentary that airs weekdays at 6 p.m., 9 p.m. and 3 a.m. on Newsmax TV. I host the show

and frequently invite on guests for an unscripted conversation about topical issues of the day.

4.      I understand from the Complaint in this matter that Mr. Corsi is alleging that Cassandra Fairbanks made false and defamatory claims about him when she appeared on America Talks Live on January 30, 2019 (the "Program").

5.      I was not involved in the production of the Program, nor the decision to invite Ms. Fairbanks on the Program.

6.      I have never received any written notice from Jerome Corsi claiming defamation arising from the Program or demanding a retraction of anything said in the Program.

BY: _____
John Bachman

State of Florida                )
                                )  ss:
County of Palm Beach            )

Sworn to and subscribed before me this _5_ day of December, 2019, by John Bachman, who is personally known to me, or who produced _____ as identification.

NOTARY PUBLIC
STATE OF FLORIDA
Sign: Donna Marie Glita
Print: Donna Marie Glita

My Commission Expires:


Notary Public State of Florida
Donna Marie Glita
My Commission GG 296893
Expires 02/11/2023

- 2 -

# EXHIBIT 4

 **Gmail**

Oliver Peer <oliver.peerfw@gmail.com>

---

## Fwd: URGENT - Roger Stone Appearance on Newsmax

**Larry Klayman** <leklayman@gmail.com>                                    Tue, Mar 10, 2020 at 9:53 AM
To: Oliver Peer <oliver.peerfw@gmail.com>

---------- Forwarded message ----------
From: **Larry Klayman** <leklayman@gmail.com>
Date: Mon, Jan 21, 2019 at 4:15 PM
Subject: URGENT - Roger Stone Appearance on Newsmax
To: Christopher Ruddy <ruddy@newsmax.com>, Christopher Ruddy <chrisr@newsmax.com>, John Bachman <johnb@newsmax.com>
Cc: Jerome Corsi <jeromecorsi6554@gmail.com>, Monica Corsi <monica@monimel.com>, David Gray <dgray@graylawgroupnj.com>

Chris and John:

Jerry Corsi and I have made it clear that we do not wish Roger any harm that and we are not collaborating with the special counsel to harm him.

Despite this, Roger continues to maliciously defame Dr. Corsi and me. Its hard to understand what benefit he gets from this, but drowning men do irrational things.

I respect your right to put Roger on Newsmax, but I would caution him to not defame Jerry and me, as we are both at our limit and he should not use Newsmax for this ulterior purposes and his legendary "dirty tricks," of which he is so proud.

In the last missive Roger called Jerry an alcoholic and defamed me with maliciously false statements. Regrettably I myself have a history with Roger, which includes the financial and other damage he did to me personally when he was for a few weeks my campaign manager when I ran for the Senate in 2003 and 2004. I have not spoken or communicated with Roger since. Jerry too has a long sordid history with him.

I would never institute suit against you and Newsmax, as you are friends.But for the good of Newsmax free to advise Roger that one more defamatory statement and he will be served with a complaint in the next days. Then he will be able to assess and learn firsthand if I am a clown who has never won a case!

It would be a shame if what Roger said on Newsmax triggered a lawsuit, which is long overdue for both Jerry and me. Thus far we have exercised restraint, but we are at an end.

Hope you both are well.

Larry

 Gmail

Oliver Peer <oliver.peerfw@gmail.com>

## Fwd: Stone and John Cardillo
3 messages

**Larry Klayman** <leklayman@gmail.com>                                    Tue, Mar 10, 2020 at 9:55 AM
To: Oliver Peer <oliver.peerfw@gmail.com>

---------- Forwarded message ----------
From: **Christopher Ruddy** <ruddy@newsmax.com>
Date: Mon, Mar 11, 2019 at 9:00 AM
Subject: RE: Stone and John Cardillo
To: Larry Klayman <leklayman@gmail.com>


Larry, if you feel someone on Newsmax defamed us you should sue us.

As I mentioned we are not going to police people who are unpaid contributors

and go on Newsmax and start telling them what they can and can't say. We don't do that

to you and won't do it w other legit guests.


Thanks.



Christopher Ruddy

CEO, Newsmax Media, Inc.

561-686-1165 ext. 1224


**From:** Larry Klayman [mailto:leklayman@gmail.com]
**Sent:** Monday, March 11, 2019 9:46 AM
**To:** Christopher Ruddy <ruddy@newsmax.com>; Christopher Ruddy <ruddy@newsmax.com>; Michael Clemente <mclemente@newsmax.com>; John Bachman <johnb@newsmax.com>
**Cc:** Jerome R. Corsi <jrlc@optonline.net>; Jerome Corsi <jeromecorsi6554@gmail.com>; David Gray <dgray@graylawgroupnj.com>
**Subject:** Re: Stone and John Cardillo


BTW - Jerry and I did not pursue legal action for the Cardillo/Fairbanks defamation because you are our friend and we respect you and Newsmax. We have however sued Stone and InfoWars by contrast.



Roger has dug and continues to dig  his own ditch but I hope he does not drag Newsmax down with him.

3/10/2020                                    Gmail - Jerry Stone and Info Public

Chris, please call me later since the Cardillo  tweets, which I found just this morning, are really a serious concern  to Jerry and me, particularly since Roger has not stopped his campaign to destroy Jerry and harm me as well. Our Infowars complaint and other related legal actions allege this with proof.


Best,


Larry


On Mon, Mar 11, 2019 at 4:53 AM Larry Klayman <leklayman@gmail.com> wrote:

Chris:


I appreciate that you talked with John.


The issue goes beyond my no longer being on his show. I just sent you and Michael a few twitter posts where John is running interference for Stone. I just had time to look this morning.


A while back I naively thought it "innocent" that I was attacked by a low class slut named Cassandra Fairbanks on John's show. Go back and find the piece as its all over the internet. In it Fairbanks, who has ▮▮▮▮ spread all over Google ▮▮▮▮▮▮▮▮▮▮▮▮▮▮), rips into my client Jerry Corsi as a liar and boasts that she has met with Assange in the Ecuadorian Embassy twice between 2018 and 2019. Earlier I understand from Jerry that she encountered him in a NYC restaurant and bragged about ▮▮▮▮▮▮▮ with Assange in the Embassy.


The piece with Fairbanks and me attacking Jerry was obviously a set up by Stone and  John.


Some of John's tweets even challenge Judge Amy Berman Jackson's gag order in a personal way. The gag order is justified and indeed Corsi and I have both sued Stone for defamation. Stone also recently threatened the judge, as I am sure you know. He continues to violate the gag order and today his lawyers must file an explanation with the court, as Judge Jackson ordered last week.


Getting in bed with Stone and Fairbanks ▮▮▮▮▮▮▮▮  is something that y'all will have to assess in terms of Newsmax's reputation and standing. But this is in fact what is happening at the expense of my client and me, in part. And, y'all should assess the situation.


Its not crucial that I be on Newsmax. There are other fora. But there is a real odor here and its not a good one. And, i am disappointed since I have been critical of Fox News for becoming a propaganda organ, even though I like and support the president.


Larry

---

**Larry Klayman** <leklayman@gmail.com>                                    Tue, Mar 10, 2020 at 9:55 AM
To: Oliver Peer <oliver.peerfw@gmail.com>

---------- Forwarded message ---------
From: **Larry Klayman** <leklayman@gmail.com>
Date: Mon, Mar 11, 2019 at 9:03 AM
Subject: Re: Stone and John Cardillo
To: Christopher Ruddy <ruddy@newsmax.com>


That not the issue. It was not some innocent interview with Cassandra Fairbanks. It was set up by Stone. Not the first
instance in the last months with other media and persons.

But I have no intention of suing a friend, as you and Newsmax had nothing to do with it as well.

Best,

Larry
[Quoted text hidden]

---

**Larry Klayman** <leklayman@gmail.com>                                        Tue, Mar 10, 2020 at 9:56 AM
To: Oliver Peer <oliver.peerfw@gmail.com>

[Quoted text hidden]

 Gmail

Oliver Peer <oliver.peerfw@gmail.com>

_____

**Requests for Production Corsi v. Stone**
_____

**Larry Klayman** <leklayman@gmail.com>                          Wed, Feb 26, 2020 at 10:31 AM
To: Mark Lerner <mlerner@ssbb.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>

Mark:

See attached.

I had advised Ruddy, Cardillo and Bachman well before the suit was filed to retain and not destroy any records. You can
tell them that if we find that they have destroyed, deleted, spoliated and/or secreted any documents and records, that we
will move to have them held in contempt of court and for other sanctions. Ruddy in particular, who once I thought to be a
friend, is a less than straigtforward and honest person. Word for these wise; don't let him get you in trouble with the Court.

Larry
---------- Forwarded message ---------
From: **Oliver Peer** <oliver.peerfw@gmail.com>
Date: Wed, Feb 26, 2020 at 10:14 AM
Subject: Requests for Production Corsi v. Stone
To: Larry Klayman <leklayman@gmail.com>

**4 attachments**

 **2020.02.25- RPD Newsmax.pdf**
80K

**2020.02.25- RPD Ruddy.pdf**
79K

**2020.02.25- RPD Cardillo.pdf**
79K

**2020.02.25- RPD Bachman.pdf**
80K

# EXHIBIT 5

 Gmail

Oliver Peer <oliver.peerfw@gmail.com>

---

## Corsi v. Stone (Palm Beach)

---

**Larry Klayman** <klaymanlaw@gmail.com>                                    Thu, Apr 30, 2020 at 6:22 AM
To: Mark Lerner <mlerner@ssbb.com>, Robert Buschel <buschel@bglaw-pa.com>, Oliver Peer <oliverpeerfw@gmail.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, leklayman <leklayman@gmail.com>

Gentlemen:

I will be taking the video depositions by teleconference of Chris Ruddy, John Cardillo and John Bachman in the next few weeks prior to May 20. I suggest any day during the week of May 4, or May 11, 2020 AND NO LATER.

Advise on dates for availability by cob tomorrow, May, 2020, or I will have to unilaterally notice them up.

I would appreciate a straightforward approach, particularly given particularly insight of Ruddy's perjurious affidavit and related matters over document production and the withholding of material documents, not to mention an attempted fraud on the court,  for which I intend to file not just a motion to compel but also a motion for order to show cause for contempt and for sanctions. Pl advise whether you will consent to these motions by cob tomorrow as well.

Larry Klayman

 Gmail

Oliver Peer <oliver.peerfw@gmail.com>

---

## Corsi v. Stone (Palm Beach)

**Lerner, Mark** <MALerner@duanemorris.com>                                      Fri, May 1, 2020 at 1:03 PM
To: Larry Klayman <klaymanlaw@gmail.com>, Robert Buschel <buschel@bglaw-pa.com>, Oliver Peer
<oliverpeerfw@gmail.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, leklayman <leklayman@gmail.com>, "Dana J. McElroy"
<DMcElroy@tlolawfirm.com>

Larry,

I certainly am in favor of, as you say, a "straightforward approach," but I don't think what you're proposing is anything of
the kind.

Let's start with your document requests.  We are not, as you claim, "withholding" material documents.  Rather, you
propounded a patently improper document request – for, among many other reasons, failure to describe with any kind of
particularity what documents you're looking for -- to which we asserted objections, in accordance with Rule 1.350(b).  You,
of course, may move to compel production under Rule 1.380, but you must first confer with us in good faith to discuss our
objections.  You have never attempted to do this.  Nevertheless, in an effort to be cooperative, and notwithstanding our
pending motion to dismiss, please note the following:

        1. We have searched for documents that either mention Cassandra Fairbanks or relate to the 1/30/19 show on
which you and she appeared, and we are prepared to produce those to you as soon as we are done reviewing (probably
next week subject to addressing any confidentiality issues).

        2. We are open to a discussion regarding additional specific categories of documents you are seeking.

Now for the depositions: First, given the COVID-19 situations and the various lockdowns here in New York and in Florida,
I don't see how it is feasible at this time to conduct depositions with due regard for everyone's safety, as well as my ability
to meet with and represent my clients, before and during the deposition.  Particularly in light of these concerns, your
proposed timing on depositions falls far short of the required reasonable notice.  Even if, however, you proposed a
sufficient way to overcome those concerns (and you have not), we would still object to going forward with depositions
while our motion is pending, particularly since Judge Kastrenakes all but told you that your complaint is deficient as it
stands and will likely be dismissed.  We will not, therefore, agree to produce the witnesses prior to the May 20 hearing.
We have no objection to discussing the issue of depositions at that hearing, however, and letting the Judge decide
whether depositions should go forward.

As for the rest of your email, we categorically reject the notion that there was anything "perjurious" about Chris Ruddy's
affidavit.  And we likewise categorically reject that you have any basis for contempt or sanctions motions.  Obviously you
will do what you wish to do, but be reminded that sanctions for frivolous motion practice go both ways.

**Mark Lerner**
Partner

Duane Morris LLP
230 Park Avenue, Suite 1130
New York, NY 10169-0079
**P:** +1 212 404 8714
**F:** +1 212 818 9606

MALerner@duanemorris.com
www.duanemorris.com



[Quoted text hidden]

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.