**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

JEROME CORSI,

      Plaintiff,

v.                                                                  Case No.: 9:20-cv-81396-RAR

NEWSMAX MEDIA, INC., et al.,

      Defendants.

_____/

## THE NEWSMAX DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................3

ARGUMENT ........................................................................................................5

I.     THE COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION ......................7

       A.    The Complaint Fails to Plead Publication as to the Individual Newsmax
             Defendants ...........................................................................................8

       B.    Plaintiff has not Pleaded Any Basis to Impose Liability on the Newsmax
             Defendants for Fairbanks' Purported Defamation (if Any) ....................................8

       C.    Plaintiff Does Not Plead Facts Establishing False and Defamatory
             Statements .........................................................................................11

             1.    Plaintiff has not plausibly alleged any of the statements is false...............12

             2.    Most of the Statements are Either Not Provably False or Non-
                   defamatory ................................................................................12

       D.    The Complaint does not Plausibly Allege Actual Malice......................................14

             1.    Plaintiff is a public figure ........................................................14

             2.    Plaintiff failed to meet his pleading burden for actual malice ..................15

       E.    Plaintiff has not Pleaded Facts Supporting Damages ...........................................18

       F.    The Newsmax Defendants are Protected by the Neutral Reporting
             Privilege ...........................................................................................18

II.    PLAINTIFF'S COMPLAINT VIOLATES FLORIDA'S ANTI-SLAPP
       STATUTE...........................................................................................19

CONCLUSION.....................................................................................................20

## **TABLE OF AUTHORITIES**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................6, 9

*Bauman v. Butowsky*,
    377 F. Supp. 3d 1 (D.D.C. 2019) .........................................................................11

*Berisha v. Lawson*,
    __ F.3d __, 2020 WL 5228847 (11th Cir. 2020) ........................................... 14-15

*Chaparro v. Carnival Corp.*,
    693 F.3d 1333 (11th Cir. 2012) ...........................................................................6

*Christo v. Padgett*,
    223 F.3d 1324 (11th Cir. 2000) .........................................................................11

*Collins v. BSI Financial Servs.*,
    2017 WL 1045062 (M.D. Ala. 2017) ..................................................................18

*Colodny v. Iverson, Yoakum, Papiano & Hatch*,
    936 F. Supp. 917 (M.D. Fla. 1996) .....................................................................15

*Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*,
    406 F. Supp. 3d 1258 (M.D. Ala. 2019) .............................................................12

*Corsi v. Mueller*,
    422 F. Supp. 3d 51 (D.D.C. 2019) ,
    *aff'd*, __ Fed. App'x __, 2020 WL 5360991 (D.C. Cir. Sept. 2, 2020) ....................................3

*Dye v. Covidien LP*,
    2020 WL 3408632 (S.D. Fla. 2020) ..............................................................6, 10

*Five for Entm't S.A. v. Rodriguez*,
    877 F. Supp. 2d 1321 (S.D. Fla. 2012) .................................................................8

*Fortson v. Colangelo*,
    434 F. Supp. 2d 1369 (S.D. Fla. 2006) ...............................................................11

*Geller v. Von Hagens*,
    2010 WL 4867540 (M.D. Fla. 2010) ..................................................................18

*Horsley v. Rivera*,
    292 F.3d 695 (11th Cir. 2002) ...........................................................................11

*Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*,
    981 F. Supp. 124 (E.D.N.Y. 1997) ......................................................................13

*Marlborough Holdings Group, Ltd. v. Azimut-Beneti, S.p.A.*,
   505 Fed. App'x 899 (11th Cir. 2013) ...................................................................9

*Michel v. NYP Holdings, Inc.*,
   816 F.3d 686 (11th Cir. 2016) ................................................................ 2, 6, 15-16

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964) ...............................................................................................1

*Parekh v. CBS Corp.*,
   __ Fed App'x __, 2020 WL 3400679 (11th Cir. June 19, 2020) ...........................19

*Pierson v. Orlando Regional Healthcare Sys., Inc.*,
   2010 WL 1408391 (M.D. Fla. 2010),
   *aff'd*, 451 Fed. App'x 862 (11th Cir. 2012) ................................................... 9-10

*Rendón v. Bloomberg, L.P.*,
   403 F. Supp. 3d 1269 (S.D. Fla. 2019) ................................................................18

*Sinaltrainal v. Coca-Cola Co.*,
   578 F.3d 1252 (11th Cir. 2009) ............................................................... 9-10, 17

*Turner v. Wells*,
   879 F.3d 1254 (11th Cir. 2018) .................................................... 7, 11-12, 15-16

*USA Techs., Inc. v. Doe*,
   713 F. Supp. 2d 901 (N.D. Cal. 2010) .................................................................13

**State Cases**

*Adams v. Frontier Broad. Co.*,
   555 P.2d 556 (Wyo. 1976) ...................................................................................16

*Blake v. Giustibelli*,
   182 So. 3d 881 (Fla. 4th DCA 2016) ...................................................................18

*Brecht v. Fisher Commc'ns, Inc.*,
   160 Wash. App. 1040, 2011 WL 1120506 (Wash. App. 2011)............................16

*Byrd v. Hustler Magazine, Inc.*,
   433 So. 2d 593 (Fla. 4th DCA 1983) ...................................................................11

*E&A Produce Corp. v. Olmo*,
   864 So. 2d 447 (Fla. 3d DCA 2004) ......................................................................8

*Edelstein v. WFTV, Inc.*,
   798 So. 2d 797 (Fla. 4th DCA 2001) ...................................................................18

*Houston Chronicle Publ'g Co. v. Stewart*,
    668 S.W.2d 727 (Tex. App. 1983) .......................................................................8

*Jews for Jesus, Inc. v. Rapp*,
    997 So. 2d 1098 (Fla. 2008) ........................................................................7, 12

*Pullum v. Johnson*,
    647 So. 2d 254 (Fla. 1st DCA 1994) ...............................................................11

**Federal Statutes and Rules of Court**

Fed. R. Civ. P. 12(b)(6) .....................................................................................1, 20

Local Rule 7.3 .........................................................................................................20

**Other Authorities**

Fla. Stat. § 768.295 .............................................................................................2, 19

Fla. Stat. § 770.01 ...............................................................................................4-5

Defendants Newsmax Media, Inc. ("Newsmax"), Christopher Ruddy, John Cardillo, and John Bachman (collectively, the "Newsmax Defendants") by their attorneys, Thomas & LoCicero PL and Duane Morris LLP, hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint of plaintiff Jerome Corsi.  In support of their motion, the Newsmax Defendants state as follows:

## INTRODUCTION

Plaintiff Jerome Corsi, a self-described bestselling author and indisputable public figure, has filed, for the second time, a complaint for defamation based on a live broadcast discussion that included what Corsi appears to view as the sort of "vehement, caustic, and sometimes unpleasantly sharp attacks" that the Supreme Court famously recognized in *New York Times Co. v. Sullivan* are part of the country's "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." *See* 376 U.S. 254, 270 (1964). The First Amendment protects that debate from encroachment by defamation suits by, *inter alia*, prohibiting liability based on rhetorical hyperbole or figurative epithets, or liability in suits by public figures who cannot plead and prove that speakers of even provably false statements did so with actual knowledge of that falsity.

Plaintiff claims that he was defamed by certain statements made by journalist Cassandra Fairbanks during a live debate on a cable news program with plaintiff's lawyer Larry Klayman, regarding plaintiff's role in a matter of undeniable public interest: the Mueller investigation and the releases of leaked emails by WikiLeaks prior to the 2016 election.  Even if this were true, plaintiff wrongly seeks to hold the Newsmax Defendants responsible for that alleged injury, despite the fact that none of them spoke the allegedly defamatory words.  Plaintiff, in effect, seeks to punish Newsmax and its CEO and employees for providing a forum – the cable news program America Talks Live – in which he was subjected to criticism he deems unfair.  Such an effort is an affront to the First Amendment.

Plaintiff has fallen far short of pleading a defamation claim against the Newsmax Defendants.  The words complained of, taken in context, are mostly either non-defamatory or rhetorical hyperbole that do not state provably false facts about plaintiff.  Nor has plaintiff alleged facts establishing that any of the challenged statements by Fairbanks are actually false. But most fundamentally, plaintiff has not pleaded, and – in part due to the live nature of the broadcast – cannot plead, facts plausibly suggesting that any of the Newsmax Defendants had knowledge of the alleged falsity so as to satisfy the "actual malice" element constitutionally required of public figures such as plaintiff.

Nor can plaintiff avoid dismissal by attempting to hold the Newsmax Defendants vicariously responsible for Fairbanks' alleged defamation.  The complaint relies on an agency theory of liability, but plaintiff clearly alleges that Fairbanks was acting as the agent of Roger Stone, not any of the Newsmax Defendants.  To the extent he is attempting to assert conspiracy liability, his wild theory is wholly implausible, and he pleads no facts that push it across the line from possibility to plausibility.  Indeed, his theory that the alleged defamation was all the product of a scheme by Roger Stone has already been conclusively rejected by the Florida court in which he previously brought suit.  And given that Fairbanks herself has been found not to have spoken with actual malice, no such malice can possibly be imputed to the Newsmax Defendants.  For those and other reasons detailed herein, plaintiff has failed to plead facts plausibly establishing a claim of defamation against any of the Newsmax Defendants.

As the 11th Circuit has stated, careful examination of pleadings in cases seeking to impose liability on core First Amendment activity is necessary, because "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation."  *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016).  Florida similarly seeks to protect the exercise of core First Amendment activities from meritless litigation by its "anti-SLAPP" statute, Fla. Stat. § 768.295.  Plaintiff has already

imposed nearly a year of just such groundless litigation on Newsmax – including filing a deficient complaint that was amended without success two times, and demanding depositions and document production, despite having failed to meet a fundamental condition precedent.  It is past time for the groundless litigation to come to an end.  Accordingly, the Newsmax Defendants respectfully request that the Court dismiss plaintiff's claims against them.

## BACKGROUND

Newsmax is a multimedia news publisher based in Boca Raton.  Compl. ¶¶ 2, 4.  Among its properties is the website newsmax.com, as well as the television channel Newsmax TV.  *Id.* ¶ 4.  The channel airs a wide range of programs, among them (at the time of the events of this suit) the show at issue in this suit, America Talks Live.  *Id.* ¶ 6.

Christopher Ruddy is the Chief Executive Officer of Newsmax.  *Id.* ¶ 5.  John Cardillo is a Newsmax employee and, at the time of the events at issue here, the host of a news and opinion show on Newsmax TV called America Talks Live. *Id.* ¶ 6.  John Bachman is an employee of Newsmax and the host of a different news and opinion program, Newsmax Now. *Id.*

Plaintiff Jerome Corsi is a "New York Times bestselling author and political commentator."  *Id.* ¶ 3.  As the complaint acknowledges, Corsi figured into Robert Mueller's investigation and prosecution of Roger Stone; specifically, certain of the charges stemmed from Stone's lying about contact with Corsi regarding Corsi's purported connections to Julian Assange, the founder of WikiLeaks, in the run-up to the 2016 election.  *Id.* ¶¶ 15-16.  Corsi, through his lawyer Larry Klayman (plaintiff's counsel in this action as well), has maintained a very public battle against Mueller regarding what Corsi claims were improper efforts to force him to testify against Stone. *See Corsi v. Mueller*, 422 F. Supp. 3d 51 (D.D.C. 2019) (dismissing suit claiming that "Corsi's research and political affiliations prompted the government and Mueller, then-Special Counsel, to attempt 'to coerce, extort, threaten and/or blackmail Plaintiff Corsi into testifying falsely' before the grand jury convened to investigate Russian interference in the 2016 U.S. Presidential election"), *aff'd*, __ Fed. App'x __, 2020 WL 5360991 (D.C. Cir.

Sept. 2, 2020).  Corsi has authored numerous books, one of which was published by an affiliate of Newsmax. Compl. ¶ 29.

The alleged defamation in this suit occurred during an edition of America Talks Live that aired live on January 30, 2019 (the "Program"). *Id.* ¶¶ 21-22.  On the Program, Cardillo moderated a lively debate between Cassandra Fairbanks, a journalist for the website Gateway Pundit, *id.* ¶ 7, and Mr. Klayman.  As stated in the complaint, video of the exchange is available on the internet at www.youtube.com/watch?v=ikKaBbAFbdk. *See id.* ¶ 21 n.1.

In early 2019 Fairbanks had publicly taken issue with some of Corsi's statements about WikiLeaks and the purported impetus for and timing of release of information, as well as the movements of Assange.  On January 29, 2019, Fairbanks had tweeted about Corsi and what she alleged were his inaccurate statements about Assange.[1] Transcript of Program Video ("Video Tr.") (attached as Exhibit A) 4:10-5:5.  Cardillo invited Fairbanks to come on the Program.

On the Program, Fairbanks and Klayman engaged in a debate about Corsi's history of statements and predictions regarding WikiLeaks and Assange, many of which Fairbanks stated to be inaccurate. *See, e.g.*, Video Tr. 6:1-4; 8:2-16; 9:21-10:2; 12:12-15.  Cardillo gave Klayman opportunities to respond and generally moderated the discussion.  *See id.* 6:16-17; 7:4-7; 9:3-6; 10:12-14.  All of the statements alleged to be defamatory were spoken by Fairbanks.  *See* Compl. ¶¶ 23, 25-26; Video Tr. 5:25-6:8; 8:13-16; 11:21-25; 12:11-15.  At no time in the broadcast did Cardillo indicate that he agreed with any of Fairbanks' statements.

Plaintiff filed defamation claims in Florida state court against the Newsmax Defendants, Fairbanks, and Stone on October 23, 2019.  As in the instant suit, plaintiff relied heavily on his claim that all of the defendants were acting at the direction of Roger Stone.  The Newsmax Defendants moved to dismiss the original complaint for failure to allege that plaintiff had served the Newsmax Defendants with statutory notice as required by Fla. Stat. § 770.01.  Rather than

---

[1] *See, e.g.*, https://twitter.com/CassandraRules/status/1090347792920535040 (retrieved September 3, 2020).

simply concede that he had not given notice, plaintiff amended the complaint to (falsely) allege
compliance (and then amended yet again). Accordingly, the Newsmax Defendants moved to
dismiss these complaints as well as seeking summary judgment (pursuant to Florida's "anti-
SLAPP" procedures), on the grounds that plaintiff had never actually served § 770.01 notice, as
well as on the merits. On August 12, 2020, the court granted summary judgment dismissing
(without prejudice) plaintiff's complaint against the Newsmax Defendants for failure to serve the
statutorily required notice pre-commencement. *See* Order on Newsmax Defendants' Motion for
Summary Judgment (Fla. 15th Cir. Ct. Aug. 12, 2020) (Exhibit B).

During the several months plaintiff needlessly drew out the prior litigation by his false
pleading, he had opportunity for discovery, including document productions by the Newsmax
Defendants. Notably, plaintiff was allowed to conduct a two-day deposition of Roger Stone.

In a separate order also issued August 12, the court granted Roger Stone's motion for
summary judgment on the merits. *See* Order on Defendant Roger Stone's Motion to Dismiss and
Motion for Summary Judgment (Fla. 15th Cir. Ct. Aug. 12, 2020) ("Stone Order") (Exhibit C).
The court held, *inter alia*, that plaintiff Corsi was a public figure, and that despite the discovery
conducted and the opportunity to develop the record, there was not "scintilla of admissible
evidence" that Fairbanks was acting as the agent of Stone on the Program so as to impose
liability on Stone for any alleged defamation by Fairbanks, nor any evidence that Fairbanks
spoke with actual malice on the Program. *Id.* 1-2.

On August 21, 2020, plaintiff Corsi filed the instant suit in Florida state court. The
Newsmax Defendants removed the suit to this Court on August 25.

## ARGUMENT

On a motion to dismiss a complaint for failure to state a claim,

the court assesses whether the complaint's factual allegations, any documents
incorporated into the complaint by reference, and any matters of which the court
may take judicial notice, if true, would entitle the plaintiff to relief. While the
court must accept as true all properly pleaded factual allegations, the court need
not accept the plaintiff's legal conclusions. The court ultimately must determine

> whether the complaint describes factual content that supports the reasonable
> inference that the defendant is liable for the misconduct alleged.  If the complaint
> does not contain such factual content, the plaintiff has failed to state a claim upon
> which relief may be granted, and the court must dismiss the complaint.

*Dye v. Covidien LP*, 2020 WL 3408632, at *2 (S.D. Fla. 2020) (quotations omitted).  The

touchstone is that "to survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  And "'[f]actual allegations that are merely consistent with a

defendant's liability fall short of being facially plausible.'"  *Dye*, 2020 WL 3408632, at *2

(quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)).

As the 11th Circuit has noted, testing a complaint against the plausibility standard is of

particular importance in public figure defamation suits, such as this one:

> In these cases, there is a powerful interest in ensuring that free speech is not
> unduly burdened by the necessity of defending against expensive yet groundless
> litigation. Indeed, the actual malice standard was designed to allow publishers the
> "breathing space" needed to ensure robust reporting on public figures and events.
> [*New York Times Co. v.*] *Sullivan*, 376 U.S. [254], 271-72 [(1964)]. Forcing
> publishers to defend inappropriate suits through expensive discovery proceedings
> in all cases would constrict that breathing space in exactly the manner the actual
> malice standard was intended to prevent. The costs and efforts required to defend
> a lawsuit through that stage of litigation could chill free speech nearly as
> effectively as the absence of the actual malice standard altogether.

*Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016).

The *Michel* court's warnings seem to have been written with plaintiff in mind. Plaintiff

has already sought substantial discovery – including depositions of each of the individual

defendants – and if the complaint is not dismissed will undoubtedly do so again here.  He intends

to exact this price from Newsmax in the futile hope of unearthing proof of the wild conspiracy

theory he and his counsel have concocted out of nothing more than Newsmax's having aired the

debate between Fairbanks and plaintiff's counsel on a newsworthy topic.  *Michel* makes clear

that this Court plays a critical gatekeeper role in preventing that type of assault on the press its

right to free speech.  As demonstrated below, plaintiff's conclusory and wildly speculative

pleading falls far short of entitling him to proceed further with this attempt to punish Newsmax's exercise of its First Amendment rights, and should therefore be dismissed.

## I.     THE COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION

"Defamation under Florida law has these five elements: (1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, …; (4) actual damages; and (5) the statement must be defamatory." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018); *see Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008).

Plaintiff complains of the following statements by Fairbanks:

- "[t]here are so many things that Jerome Corsi has blatantly lied about…I confronted him last April in person about the fact that he was reporting false things about WikiLeaks, and he was using my reporting that he plagiarized in order to do so…. The fact that anybody is taking him seriously at all is making me completely just….it makes me laugh. It's ridiculous." Compl. ¶ 23; Video Tr. 5:25-6:8;

- "everything that [Dr. Corsi] said was completely absurd. I mean we're talking about somebody who had no even basic understanding of how WikiLeaks works." Compl. ¶ 25; Video Tr. 8:13-16; and

- "[Dr. Corsi] raised money for a cancer patient [with] some false claims for somebody who didn't even exist. Please. He has no credibility…Jerome Corsi has never even met the truth. Go look at his reporting. It's a mess. It's outrageous that anyone, let along Mueller, would take him seriously. This is a clown show."  Compl. ¶ 26; Video Tr. 11:21-25;12:11-15.

(the "Statements"). As discussed below, plaintiff has not pleaded facts plausibly supporting a claim of defamation against the Newsmax Defendants based on the Statements.[2]

---

[2] The complaint purports to allege separate claims for defamation by implication.  With respect to defamation by implication, plaintiff does not allege how any of Fairbanks' words were actually true but gave a false and defamatory implication, so as to make this theory applicable. *See Jews for Jesus*, 997 So. 2d at 1106 (describing defamation by implication).  The "implied" meaning of the Statements is alleged to be no different from their express meaning. *Compare, e.g.*, Compl. ¶ 39 *with* ¶ 90.  Even if he had, "all of the protections of defamation law that are afforded to the media" apply equally to that theory, as do the arguments below. *See Jews for Jesus*, 997 So. 2d at 1108 & n.13.

### A.      The Complaint Fails to Plead Publication as to the Individual Newsmax Defendants

To state a claim for defamation, a plaintiff must plead that "the defendant published a false statement about plaintiff to a third party." *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1329 (S.D. Fla. 2012) (dismissing defamation claim that did not allege publication as to a particular defendant).

Here, the individual Newsmax Defendants (Ruddy, Cardillo and Bachman) did not speak or otherwise "publish" any of the allegedly defamatory remarks; Fairbanks did, and plaintiff does not plead otherwise.[3] *See* Compl. ¶¶ 23, 25, 26 (in each case, alleging what "Fairbanks said"). Even if Newsmax were considered to have published Fairbanks' statements by virtue of making the Program available for viewing, the individual defendants cannot be held liable merely by virtue of their positions at Newsmax, even if they were all officers of the company (which Cardillo and Bachman are not, and are not even alleged to be). *See E&A Produce Corp. v. Olmo*, 864 So. 2d 447, 448 (Fla. 3d DCA 2004) ("Officers of a corporation are not liable for corporate acts simply by reason of the officer's relation to the corporation."); *see also Houston Chronicle Publ'g Co. v. Stewart*, 668 S.W.2d 727, 730 (Tex. App. 1983) (publisher and managing editor of newspaper could not be held liable for allegedly defamatory article).

### B.      Plaintiff has not Pleaded Any Basis to Impose Liability on the Newsmax Defendants for Fairbanks' Purported Defamation (if Any)

Because they did not publish the Statements, plaintiff cannot sustain a direct claim against any of the individual Newsmax Defendants for defamation.  (And, as demonstrated *infra* § I.C-E, there is no direct claim pleaded against Newsmax either.)  Undoubtedly realizing this, plaintiff attempts to rely on an agency theory of liability, i.e., that "[o]ne is liable for defamation by a third person whom as his servant, agent, or otherwise he directs or procures to publish

---

[3] While the complaint alleges that Cardillo "allowed, approved, and ratified" Fairbanks' statements (Compl. ¶ 22) – whatever that conclusory allegation is intended to mean – the video and transcript show clearly that Cardillo never agreed with or adopted any of Fairbanks' statements, but rather gave Klayman an opportunity to respond.

defamatory matter." Compl. ¶ 12. This theory is unavailing to plaintiff, however, because Fairbanks is not alleged to be an agent of the Newsmax Defendants; rather, she (along with the Newsmax Defendants) is alleged to be acting as an agent of Roger Stone. *See* Compl. ¶¶ 9, 10, 13, 20, 22. If true (and if Fairbanks were in fact liable for defamation), this would be a basis for imposing liability on *Stone*, not the Newsmax Defendants.

To the extent that plaintiff's allegations that the Fairbanks acted "in concert" with the Newsmax Defendants, *see* Compl. ¶ 22, are an attempt to allege a conspiracy among defendants, that theory, too, should be rejected because plaintiff has not pleaded any separate counts for conspiracy to defame. *See Marlborough Holdings Group, Ltd. v. Azimut-Beneti, S.p.A.*, 505 Fed. App'x 899, 907 (11th Cir. 2013) (district court properly disregarded conspiracy allegations in dismissing claims under Florida law where plaintiff failed to plead conspiracy as separate count).

In any case, plaintiff cannot merely cry "conspiracy" in conclusory terms, rather he must plead *facts* that make the existence of a conspiracy plausible on its face. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009); *see Pierson v. Orlando Regional Healthcare Sys., Inc.*, 2010 WL 1408391, at *23 (M.D. Fla. 2010) ("Conclusory allegations of an agreement are not sufficient to state a cause of action for conspiracy."), *aff'd*, 451 Fed. App'x 862 (11th Cir. 2012). Plaintiff's convoluted attempt to posit a conspiracy falls well short. Plaintiff alleges *no* facts about any actions by the Newsmax Defendants from which one could infer that a conspiracy was afoot. To the contrary, there is nothing more than the hosting of two well-known conservative personalities for a (rhetorical) battle on a news and opinion show – the bread and butter of Newsmax (and cable news in general). Plaintiff offers no facts as to why an inference that this debate was the product of a nefarious conspiracy is more plausible than the most obvious one – that Newsmax thought it would be good TV. Conduct that is "compatible with" – "indeed, more likely explained by" – lawful behavior does not plausibly suggest conspiracy. *Iqbal*, 556 U.S. at 680.

In essence, Plaintiff asserts that since Cardillo and Ruddy are both friends of Roger Stone they must have conspired with him to have Fairbanks smear Corsi, which would benefit Stone and, in turn, ingratiate them to President Trump.[4]  *See* Compl. ¶¶ 31-33.  This conspiracy theory requires numerous implausible assumptions – about the importance of Corsi to Stone's trial, and the impact of Fairbanks' comments to Corsi's value in that trial, not to mention that Fairbanks had something to gain – but even crediting plaintiff's inferences this theory amounts to nothing more than an allegation that the Newsmax Defendants *might* have benefited from conspiring as suggested.  But it falls far short of alleging facts that suggest the defendants *in fact* entered into such a conspiracy.  *See Pierson*, 2010 WL 1408391, at *26 (allegations that defendants stood to gain from conspiring were insufficient); *Sinaltrainal*, 578 F.3d at 1268 ("vague and conclusory" allegations of financial motive or shared ideology were insufficient).  Because plaintiff's allegations are "merely consistent with [defendants'] liability" they thus "fall short of being facially plausible."  *Dye*, 2020 WL 3408632, at *2.

Moreover, plaintiff's prior litigation against Stone established two facts that conclusively preclude plaintiff's conspiracy theory.  First, the court held that Fairbanks was not acting at Stone's behest. *See* Stone Order at 1. This alleged fact is central to plaintiff's allegations, Compl. ¶¶ 9-10, and without it, the "conspiracy" collapses.  Second, the court held that Fairbanks did not speak with actual malice.  *See* Stone Order at 2.  As this means there was no actionable defamation by Fairbanks, there can be no liability for the members of the purported conspiracy. *See Pierson*, 2010 WL 1408391, at *24 (claim for conspiracy to defame falls if no actionable defamation).[5]  Because these issues were litigated in the prior suit and determined against

---

[4] As to Bachman, the claim is even more attenuated – that he is "Ruddy's 'right-hand man'" and by that fact alone, apparently, a participant in the imagined conspiracy.  Compl. ¶ 34.

[5] Moreover, plaintiff's failure sufficiently to allege falsity, *see infra* § I.C, and damages, *see infra* §  I.E, precludes liability against Fairbanks as well.

plaintiff, he is collaterally estopped from contesting them.  *See Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000).

### C.      Plaintiff Does Not Plead Facts Establishing False and Defamatory Statements

To establish a claim, plaintiff must plead and prove that a given statement was both false and defamatory.[6]  "A false statement of fact is the *sine qua non* for recovery in a defamation action." *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983); *see Turner*, 879 F.3d at 1267.  An allegedly defamatory statement must be provably false, rather than opinion or mere rhetorical hyperbole.  *See Turner*, 879 F.3d at 1262-63 ("True statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment.").  "[T]o be actionable, a defamatory publication must convey to a reasonable reader the impression that it describes actual facts about the plaintiff or the activities in which he participated." *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378-79 (S.D. Fla. 2006).

Critical to the determination of whether a statement can be understood to be conveying a provably false fact is the context in which it is uttered.  *See Pullum v. Johnson*, 647 So. 2d 254, 257-58 (Fla. 1st DCA 1994); *Fortson*, 434 F. Supp. 2d at 1378-79.  In this instance, the context was a heated debate between two sides on a politically charged topic on a cable show devoted to news and commentary.  In such a context, listeners expect a high level of inflammatory rhetoric and heated language, and are less likely to take the statements made in literal fashion.  *See Pullum* 647 So. 2d at 257-58 (calling plaintiff a "drug pusher" in a political broadcast was rhetorical hyperbole); *Horsley v. Rivera*, 292 F.3d 695, 702 (11th Cir. 2002) (charge of "accomplice to homicide" during heated television interview on abortion was hyperbole); *Bauman v. Butowsky*, 377 F. Supp. 3d 1, 13-14 (D.D.C. 2019) (finding nonactionable a charge of lying made to a CNN reporter during a live interview, where speaker was "at the center of a

---

[6] Whether a statement is provably false and whether it is defamatory are questions of law for the Court.  *See Turner*, 879 F.3d at 1262-63.

heated public controversy" and he and plaintiff had been "sparring in the mainstream and fringe press from opposite sides of the fray").

A statement is defamatory if it "tends to harm the reputation of another by lowering him or her in the estimation of the community or, more broadly stated, one that exposes a plaintiff to hatred, ridicule, or contempt or injures his business or reputation or occupation." *Jews for Jesus, Inc.* 997 So. 2d at 1108-09. As with the determination of whether a statement conveys a false fact, in assessing whether a statement has defamatory meaning, the Court must evaluate the publication as a whole for the impression it would make on the average listener (or viewer). *See Turner*, 879 F.3d at 1263. Plaintiff has failed to allege facts plausibly establishing that the Statements are not only provably and actually false, but also defamatory.

1.   Plaintiff has not plausibly alleged any of the statements is false

Falsity, like all other elements of a cause of action, is subject to the *Iqbal*/*Twombly* standard. *See, e.g.*, *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 406 F. Supp. 3d 1258, 1270 (M.D. Ala. 2019). Failure plausibly to plead falsity is itself a basis to dismiss a complaint. *See Turner*, 879 F.3d at 1267.

Here, plaintiff's only allegation as to falsity is a claim that the Statements "are all entirely false and fabricated." Compl. ¶ 27. There are no allegations as to which portions of the Statements are false; no allegations of how they are false; and no allegations of *fact* that give rise to an inference of falsity. The pleading is the very definition of "conclusory" pleading of an element of a cause of action that is insufficient to withstand a motion to dismiss. Thus, even to the extent any of the Statements can be construed as asserting a defamatory statement of fact, plaintiff has not plausibly alleged any of them to be actually false.

2.   Most of the Statements are Either Not Provably False or Non-defamatory

While none of the Statements is sufficiently alleged to be false, for most of the Statements it is also the case that they are either not provably false or not defamatory. It is plain from a review of the Program as a whole that they are primarily either criticisms regarding the

inaccuracy of plaintiff's statements about WikiLeaks or hyperbole. The criticisms are illustrated with specific examples. *See* Compl. ¶ 23 ("I confronted him last April in person about the fact that he was reporting false things about WikiLeaks"); ¶ 25 ("we're talking about somebody who had no even basic understanding of how WikiLeaks works"); ¶ 26 ("Go look at his reporting. It's a mess.  It's outrageous that anyone, let alone Mueller, would take him seriously.  This is a clown show."); Video Tr. 8:1-13 (Fairbanks reviewing four predictions Corsi made about WikiLeaks, three of which she says were wrong);[7] *id.* 9:12-25 (Fairbanks stating she met with Julian Assange at a time when Corsi was reporting him to be elsewhere).  Expressing disagreement with Corsi's reporting, particularly in the context of the debate, is not defamatory.

In the context of the debate with Klayman, moreover, her use of the term "lied" or "has never even met the truth" are merely hyperbole or epithet. It is not possible for one to prove such a generalized epithet to be "false."  This is particularly true given that it is clear her main contention is that Corsi's *predictions* mostly did not pan out – something which would not normally be understood to be a "lie," as opposed to wrong, even if so characterized. *See USA Techs., Inc. v. Doe*, 713 F. Supp. 2d 901, 908-09 (N.D. Cal. 2010) (calling plaintiff a "known liar" because his predictions of profitability did not materialize was not actionable; "[d]efendant's hyperbolic opinion of [plaintiff's] inaccurate prediction is not defamatory"); *Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*, 981 F. Supp. 124, 127-28 (E.D.N.Y. 1997) (statement that plaintiff "is a liar" was "opinion and rhetorical hyperbole, rather than objective fact").

Likewise, Fairbanks' statement that she confronted plaintiff for "reporting false things about WikiLeaks," and "using my reporting that he plagiarized in order to do so" is more

---

[7] Those four predictions were (1) that there would be a Wikileaks release in October 2016 (which Fairbanks says was "the only one that was true"); (2) there would be releases in August and September (which she says was false); (3) the releases would be about the Clinton Foundation (false, she says); and (4) there was going to be a release about Hillary Clinton's health (false, according to Fairbanks). *See* Video Tr. at 8:3-11.  She goes on to criticize other aspects of Corsi's reporting.  *Id.* at 8:12-9:2.  The complaint takes no issue with the accuracy of any of Fairbanks' statements about these predictions.

rhetorical hyperbole.  It is more likely to be understood as an accusation that he re-reported information originally reported by her without giving her proper credit – something fairly common in journalism and hardly defamatory – not that he had actually passed off her work as his own.  Statements such as "everything that [plaintiff] said was completely absurd" or "this is a clown show" are obvious hyperbole; they cannot be proven true or false and are clearly Fairbanks' opinion.

For purposes of this motion, defendants do not contest that the statement about raising funds for a cancer patient may be held to be provably false and defamatory.  However, as discussed above, plaintiff has not pleaded any facts that demonstrate its falsity.  More importantly, as discussed *infra* § I.D.3, the complaint fails to plead that the Newsmax Defendants plausibly had knowledge it was false (if it indeed is).

> **D.     The Complaint does not Plausibly Allege Actual Malice**

Even if the Court were to find any of the statements at issue were provably false and defamatory, plaintiff has completely failed to allege facts plausibly suggesting that any of the Newsmax Defendants knew, or recklessly disregarded, that they were false.  That failure is fatal to a claim for defamation by a public figure such as Corsi.

> 1.   Plaintiff is a public figure

Jerome Corsi is clearly a public figure.  As an initial matter, his status as a public figure was conclusively determined by Judge Kastrenakes in the prior state court proceedings.  *See* Stone Order, at 2.  Plaintiff had ample opportunity to contest this but did not.  Accordingly, he is collaterally estopped from doing so now.

In any case, there can no serious dispute that Jerome Corsi is a public figure.  "An individual may qualify as a public figure either generally—that is one with such fame and notoriety that he will be a public figure in any case—or for only "limited" purposes, where the individual has thrust himself into a particular public controversy and thus must prove actual malice in regard to certain issues."  *Berisha v. Lawson*, __ F.3d __, 2020 WL 5228847, at *4

(11th Cir. 2020).  According to the complaint, Corsi is "an [sic] New York Times bestselling author and political commentator who publishes works in this judicial district and nationwide." Compl. ¶ 3; see also id. ¶ 29.  The complaint also alleges that Corsi was a "material witness" in the high-profile indictment of Roger Stone.  Compl. ¶¶ 16-17.

There is, moreover, ample evidence of Corsi "thrusting himself" into public arena with respect to the Robert Mueller investigation of Roger Stone and the activities of WikiLeaks, which were the subject of the Program.  For example, Corsi sued Robert Mueller, various US government entities, and the Washington Post and its owner Jeff Bezos, arising out of Corsi's statements about WikiLeaks and Mueller's investigation of same.  *See supra* at 2.  He has also written a book about his interactions with Mueller, entitled *Silent No More: How I Became a Political Prisoner of Mueller's "Witch Hunt."*  Corsi's status as a "public figure" is beyond dispute.  *See Colodny v. Iverson, Yoakum, Papiano & Hatch*, 936 F. Supp. 917, 922 (M.D. Fla. 1996) (author of book about Watergate with "ready access to the media" was a public figure).

2.  <u>Plaintiff failed to meet his pleading burden for actual malice</u>

"Because of the expressive freedom guaranteed by the First Amendment, a defendant may not be held liable for defaming a public figure about a matter of public concern unless he is shown to have acted with actual malice."  *Berisha*, 2020 WL 5228847, at *4 (quotation omitted); *see Turner*, 879 F.3d at 1273.  Actual malice means that

> defendants published a defamatory statement either with actual knowledge of its
> falsity or with a high degree of awareness of its probable falsity.  It is a subjective
> test, which asks whether the publisher *in fact* entertained serious doubts as to the
> truth of his publication.  Even an extreme departure from professional
> [publishing] standards does not necessarily rise to the level of actual malice.

*Berisha*, 2020 WL 5228847, at *6; *see Turner*, 879 F.3d at 1273; *Michel*, 816 F.3d at 702-03.

Importantly, it is well-settled that "a public figure bringing a defamation suit must plausibly plead actual malice in accordance with the requirements set forth in *Iqbal* and [*Bell Atlantic v.*] *Twombly*."  *Michel*, 816 F.3d at 702; *see Turner*, 879 F.3d at 1273.  Purely

15

conclusory allegations of "recklessness" and the like, which amount to "threadbare recitals of the elements of a cause of action" must be disregarded.  *Michel*, 816 F.3d at 703-04; *see Turner,* 879 F.3d at 1273 (dismissing complaint alleging defendants "knowingly and recklessly" ignored truth where "the complaint does not set forth facts demonstrating that the Defendants acted in these ways").  Thus, where a defamation complaint by a public figure "fails to allege facts sufficient to give rise to a reasonable inference that the defendants published the [allegedly defamatory statements] with actual malice," the complaint must be dismissed.  *See Michel*, 816 F.3d at 706 (affirming dismissal for failure to plead actual malice); *Turner*, 879 F.3d at 1274 (same).

Plaintiff has failed to plead, other than in the most conclusory fashion, facts that would suggest that anyone at Newsmax knew at the time of broadcast that any of the Statements were false (or even that they harbored subjective doubts about their truth).  As an initial matter, the circumstances make it highly implausible – indeed, virtually impossible – that actual malice was present.  The Statements were made on a *live* broadcast.  Despite the wild conspiracy allegations, there are no allegations that plausibly suggest that any of the Newsmax Defendants could have known what Fairbanks was going to say, nor, at the moment she said them, that any of her statements was false (if indeed they are). *See Brecht v. Fisher Commc'ns, Inc.*, 160 Wash. App. 1040, 2011 WL 1120506, at *6 (Wash. App. 2011) ("'The standard of actual malice assumes … an opportunity on the part of the publisher to evaluate the matter to be published and form some conclusion as to falsity or doubts as to truth.'") (quoting *Adams v. Frontier Broad. Co.*, 555 P.2d 556 (Wyo. 1976)) (no actual malice with respect to statements by callers to a live broadcast)).

Plaintiff makes two preposterous attempts at supporting the conclusory allegations.  First, plaintiff pleads that "[e]ach of the Defendants are intricately familiar with Dr. Corsi, and therefore knew that the statements made, as alleged herein, were false, or at a minimum, acted with recklessness as to their truthfulness."  Compl. ¶ 14; *see also id.* ¶ 28.  This pleading fails to allege any facts of how defendants worked with plaintiff and in what way that gives rise to any

particular "familiar[ity]" with him.  Moreover, the idea that anyone could be so "familiar" with a person so as to give rise to *actual* knowledge that any particular negative claim about them was true or false is utterly ridiculous – as is the underlying premise that Corsi (or anyone) is of such impeccable character that defendants would know for certain he could not possibly ever lie or otherwise act in a manner that would cast him in a negative light. [8]

The second claim is no less fanciful: "Newsmax has sold, and continues to sell books authored by Dr. Corsi, which means that at a minimum, they knew that Dr. Corsi is not a plagiarist, a liar and a fraudster …." *Id.* ¶ 29.  It is true that an imprint of Newsmax has published one of Dr. Corsi's books, and had Fairbanks accused Corsi of plagiarizing her in *that book*, then this allegation might have some relevance.  But she did not, nor did she accuse him of plagiarism generally; she accused him of using her work in his reporting on Wikileaks.  And the suggested inference that his authorship of that book precludes the possibility of his engaging in plagiarism in connection with a different work – or otherwise behaving badly – is completely unsupportable.  The Court may have to accept well-pleaded *facts*; it need not, however, accept the wild and illogical inferences that plaintiff would have the Court draw from those facts.  *See Sinaltrainal*, 578 F.3d at 1260 ("In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, but we are not required to draw plaintiff's inference.").

There are simply no facts pleaded in the complaint that plausibly suggest any of the Newsmax Defendants knew that anything Fairbanks said was false (assuming anything was).

---

[8] It is particularly absurd to suggest that these general allegations of "familiarity", even if true, imply that any of the Newsmax Defendants would have knowledge that plaintiff did not falsely raise funds for a cancer patient (assuming it is false, which plaintiff has not adequately pleaded).  This is especially so given the credible reporting that it is actually true.  *See* Chuck Ross*, Mueller Target Raised $25,000 in Charity to Pay Cancer Doctor Who Doesn't Appear to Exist,* Daily Caller, Dec. 13, 2018 (Available at https://dailycaller.com/2018/12/13/corsi-mueller-doctor-cancer/ (last accessed September 9, 2020)).

.

(Indeed, as noted supra at 10, the prior litigation established that even Fairbanks did not act with actual malice.)  This absence is fatal to plaintiff's defamation claims.

### E. Plaintiff has not Pleaded Facts Supporting Damages

Under Florida law, there is no longer a cause of action for "libel *per se*" against a media defendant; rather, "a plaintiff suing a media defendant must nevertheless plead and prove actual injury." *Edelstein v. WFTV, Inc.*, 798 So. 2d 797, 798 (Fla. 4th DCA 2001); *see Blake v. Giustibelli*, 182 So. 3d 881, 884-85 (Fla. 4th DCA 2016) ("[I]n libel cases involving media defendants, fault and proof of damages must always be established.").  Plaintiff has alleged a count of "Defamation *Per Se*" against each of the Newsmax Defendants which asserts that "actual malice and damage is presumed by law."  *See* Compl. ¶¶ 67, 72, 82, 87.  This assertion is foreclosed by the foregoing authority, and these counts should accordingly be dismissed.

Damages also must be pleaded consistently with the *Iqbal*/*Twombly* standards.  *See Collins v. BSI Financial Servs.*, 2017 WL 1045062, at *3 (M.D. Ala. 2017); *Geller v. Von Hagens*, 2010 WL 4867540, at *4 (M.D. Fla. 2010).  But plaintiff here has pleaded only in the most conclusory terms that he has been damaged by the alleged libel.  *See*, *e.g.*, Compl. ¶ 41 (allegedly defamatory statements "subjected him to hatred, distrust, ridicule, contempt and disgrace and thus harmed his good will and reputation, as well as financially"); *see also id.* ¶¶ 42.  He has pleaded no *facts* plausibly suggesting that his reputation has suffered or that he has incurred any financial loss due to the statements made by Fairbanks on the Program.

### F. The Newsmax Defendants are Protected by the Neutral Reporting Privilege

Finally, the Newsmax Defendants are protected by Florida's "neutral reporting" privilege.  "Under Florida law, it is well settled that disinterested communications of matters of public concern are privileged, even if defamatory." *Rendón v. Bloomberg, L.P.*, 403 F. Supp. 3d 1269, 1276 (S.D. Fla. 2019).  The privilege protects the media when presenting a controversy, not as the publisher's own reporting, but rather simply reporting what both sides of the controversy are saying – even if the statements of the participants are false and defamatory.  *See*

*id.* at 1276 ("the reporters consistently identify the fact that the matters reported do not reflect their opinion"); *see also id.* at 1277 (article also reported plaintiff's denial).

That is precisely what Newsmax did here.  The Program presented Fairbanks on one side, and Corsi (through his attorney) on the other, debating a matter of public concern.  Newsmax, did not take sides in the debate or adopt either side's statements as its own reporting.  Both sides were given equal time to make their points.  This is quintessentially neutral reporting, and is indeed precisely the sort of forum that the media should be encouraged to provide, not threatened with litigation if the debate gets overheated.  Florida's neutral reporting privilege squarely applies here, and is itself sufficient basis to dismiss the claims against the Newsmax Defendants.

## II.    PLAINTIFF'S COMPLAINT VIOLATES FLORIDA'S ANTI-SLAPP STATUTE

Florida's anti-SLAPP statute prohibits any person from "fil[ing] … any lawsuit … against another person or entity without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue … as protected by the First Amendment to the United States Constitution and s. 5, Art. I of the State Constitution."  Fla. Stat. § 768.295(3).  The statute further provides for a mandatory award of attorneys' fees to a defendant who successfully demonstrates that a plaintiff has violated the statute.  *Id.* § 768.295(4).  Plaintiff's suit here falls squarely within the statute's prohibition.

First, the claims here were filed "primarily" – indeed, exclusively – as a result of the Newsmax Defendants' protected speech.  The statute defines "free speech in connection with public issues" to include any "statement that is protected under applicable law and … is made in or in connection with a … television program, … news report, or other similar work."  Fla. Stat. § 768.295(2)(a); *see Parekh v. CBS Corp.*, __ Fed App'x __, 2020 WL 3400679, at *6 (11th Cir. June 19, 2020). Newsmax's presentation of a debate about Wikileaks and the prosecution of Roger Stone is core protected speech under the First Amendment and the Florida Constitution.

Second, the instant suit was filed "without merit," because, for the reasons stated above, plaintiff has failed to state a valid claim against the Newsmax Defendants.  *See Parekh*, 2020

WL 3400679, at *5-*6.  Because plaintiff's suit violated the anti-SLAPP statute, defendants request leave to move for an award of such fees, together with the proof of the amounts incurred, at an appropriate time in accordance with Local Rule 7.3.

## CONCLUSION

For the reasons stated above, plaintiff's complaint fails to state a claim against the Newsmax Defendants and should therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

DUANE MORRIS LLP

By:  */s/ Mark Lerner*
     Mark Lerner, Esq.
     230 Park Avenue
     Suite 1130
     New York, New York 10169
     Telephone: (212) 404-8714
     Facsimile: (212) 818-9606
     Email: MALerner@duanemorris.com
     (admitted *pro hac vice*)

     -and-

     THOMAS & LOCICERO PL
     Dana J. McElroy, Esq.
     Florida Bar No.:  0845906
     915 Middle River Drive
     Suite 309
     Fort Lauderdale, Florida 33304
     Telephone: (954) 703-3416
     Facsimile: (954) 400-5415
     Email: dmcelroy@tlolawfirm.com

     Attorneys for Newsmax Defendants

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on this **11th** day of **September, 2020,** I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.