# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CV-81396-RAR

**JEROME CORSI**,

      Plaintiff,

v.

**NEWSMAX MEDIA, INC.**, *et al.*,

      Defendants.

_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the Motion to Dismiss [ECF No. 10] ("Motion") filed by Defendants Newsmax Media, Inc. ("Newsmax"), Christopher Ruddy ("Ruddy"), John Cardillo ("Cardillo"), and John Bachman ("Bachman," and together with Newsmax, Ruddy, and Cardillo, the "Newsmax Defendants").[1]   The Court has reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 21], the Newsmax Defendants' Reply [ECF No. 22], and the record.  Being fully advised, it is

      **ORDERED AND ADJUDGED** that the Motion [**ECF No. 10**] is **GRANTED**.  For the reasons set forth herein, this lawsuit, including the claims against Fairbanks, is **DISMISSED WITH PREJUDICE**.  The Court retains jurisdiction for further proceedings on attorney's fees and costs pursuant to section 768.295(4) of the Florida Statutes.   Any pending motions are **DENIED as moot**.

---

[1]  This lawsuit was also brought against one additional defendant—Cassandra Fairbanks ("Fairbanks"), who has not been served or otherwise appeared in this action.  The Court will refer to Fairbanks and the Newsmax Defendants as the "Defendants."

## BACKGROUND

This is a defamation action brought by Plaintiff Jerome Corsi ("Corsi") against each of the Newsmax Defendants and Fairbanks, who has not joined in the Motion. Corsi alleges the Newsmax Defendants and Fairbanks defamed him during a debate between Fairbanks and Corsi's counsel, Larry Klayman ("Klayman"), which aired on January 30, 2019 on Newsmax's "America Talks Live."

### A.  The Parties

Corsi describes himself as a New York Times bestselling author and political commentator who publishes works in this judicial district and nationwide. Compl. [ECF No. 1-1] ¶ 3. Newsmax is a politically conservative news and media outlet, which operates the website www.newsmax.com, broadcasts news, and publishes daily news articles. *Id.* ¶ 4. As for the individual Newsmax Defendants, Ruddy is Newsmax's CEO, Bachman is Newsmax's Managing Editor and the host of a Newsmax show called "Newsmax Now," and Cardillo is the host of a Newsmax segment called "America Talks Live." *Id.* ¶¶ 5–6. Fairbanks is a "political activist" and "journalist" for a media company called The Gateway Pundit. *Id.* ¶ 7.

### B.  The Facts

Newsmax regularly airs a segment called "America Talks Live," which is hosted by Cardillo. *Id.* ¶¶ 6, 21. On January 30, 2019, Klayman (on behalf of Corsi) and Fairbanks appeared on "America Talks Live" for a debate ("Debate") on the topics of WikiLeaks (in particular, Corsi's reporting on WikiLeaks and its founder, Julian Assange) and Special Counsel Robert Mueller's ("Mueller") investigation and prosecution of the infamous political operative, Roger Stone ("Stone"). *Id.* ¶ 21.

During the Debate, Fairbanks made the following allegedly false and defamatory statements about Corsi:

> "*There are so many things that [ ] Corsi has blatantly lied about . . . I confronted him last April in person about the fact that he was reporting false things about WikiLeaks, and he was using my reporting that he plagiarized in order to do so. The fact that anybody is taking him seriously at all is making me completely just, it makes me laugh. It's ridiculous.*"
>
> …
>
> "*Everything that [Corsi] said was completely absurd. I mean we're talking about somebody who had no even basic understanding of how WikiLeaks works.*"
>
> …
>
> "*[Corsi] raised money for a cancer patient [with] some false claims for somebody who didn't even exist. Please. He has no credibility. . . . [Corsi] has never even met the truth. Go look at his reporting. It's a mess. It's outrageous that anyone, let alone Mueller, would take him seriously. This is a clown show.*"

*Id.* ¶¶ 23, 25–26.[2] Corsi takes issue with three of Fairbanks' accusations: (i) that Corsi is a liar; (ii) that Corsi plagiarized Fairbanks' reporting on WikiLeaks; and (iii) that Corsi fraudulently raised money for a non-existent cancer patient. *Id.* ¶¶ 22–26; *see also* Resp. at 9.[3]

### C. The Complaint

In his Complaint, Corsi acknowledges that the sole speaker of the allegedly defamatory statements at issue was Fairbanks. Compl. ¶¶ 22–26. Nonetheless, Corsi seeks to hold the Newsmax Defendants liable for Fairbanks' allegedly defamatory speech. Specifically, Corsi alleges that the Defendants conspired to defame him at the direction of Stone. *Id.* ¶¶ 8–10, 13, 22–23, 25–26.

In an attempt to lend credibility to his purported conspiracy theory, Corsi offers background regarding his contentious relationship with Stone. For instance, Corsi alleges that:

---

[2] The Debate is available on YouTube: https://www.youtube.com/watch?v=ikKaBbAFbdk. The title of the segment on YouTube is "Larry Klayman and Cassandra Fairbanks Spar Over Corsi's Wikileaks Timeline."

[3] The Court relies on the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

- He was one of the material witnesses influencing Mueller's decision to indict Stone for the alleged crimes of perjury, witness tampering, and obstruction of justice.  *Id.* ¶¶ 15–16.

- Once Stone was indicted, he "began a public relations campaign . . . to smear, intimidate and tamper with [Corsi] in order to try to influence his testimony . . . at Stone's eventual criminal prosecution trial." *Id.* ¶ 17.

- And ultimately, "[f]eeling threatened . . . by both [Corsi] and [Klayman] . . . Stone set out to and did engage in a vicious campaign to defame, threaten and harm both of them." *Id.*

The Complaint also provides context with respect to the individual Newsmax Defendants.  *First*, Corsi alleges that Cardillo is "close friends with and a personal and professional associate of Stone." *Id.* ¶ 31.  *Second*, he asserts that Ruddy is "also very friendly with Stone, in part because of their mutual association with President Donald Trump." *Id.* ¶ 32.  *Third*, Corsi contends that Ruddy and Cardillo "believe that they have to assist Stone in his efforts to defame, discredit, and now severely harm [Corsi] in order to preserve their relationship with President Trump, to whom Stone has served as a top political adviser and lobbyist." *Id.* ¶ 33.  And *fourth*, he alleges that Bachman "is Defendant Ruddy's 'right hand man,' and runs Newsmax in concert with Defendant Ruddy." *Id.* ¶ 34.

Based solely on those four allegations—coupled with the allegations regarding Corsi's hostile relationship with Stone—Corsi asserts the Newsmax Defendants conspired with Fairbanks to defame him at the direction of, and as agents of, Stone.  Corsi contends that the Defendants' concerted verbal attack "subjected him to hatred, distrust, ridicule, contempt, and disgrace," has harmed his "good will and reputation, as well as financially," and has damaged his "profession and business as a journalist and author" in the amount of $10.5 million. *Id.* ¶¶ 41–42.

### D.  Procedural History

On October 23, 2019, Corsi filed a lawsuit (the "2019 Lawsuit") against the Newsmax

Defendants, Fairbanks, and Stone in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See Corsi v. Newsmax Media, Inc., et al.*, Case No. 50-2019-CA-013711. Corsi's 2019 Lawsuit was substantively identical to the instant action—i.e., Corsi brought claims for defamation, defamation *per se*, and defamation by implication against each of the Defendants. The state court dismissed Corsi's 2019 Lawsuit against the Newsmax Defendants without prejudice due to Corsi's failure to provide the required pre-commencement notice pursuant to section 770.01 of the Florida Statutes. *Id.*, [ECF No. 81]. The court also granted Stone's motion for summary judgment, and in doing so, made the following findings: (i) Corsi was a public figure; (ii) Fairbanks' statements during the Debate were not made with actual malice; and (iii) Fairbanks never acted as Stone's agent in relation to her speech during the Debate. *Id.*, [ECF No. 82]. The state court also entered a default as to Fairbanks after she failed to appear.[4]

Nevertheless, on August 21, 2020, Corsi re-filed the instant Complaint [ECF No. 1-1] against the Newsmax Defendants and Fairbanks, but not Stone, in the same state court. *See Corsi v. Newsmax Media, Inc., et al.*, Case No. 50-2020-CA-008997. Like the 2019 Lawsuit, the instant Complaint includes several defamation claims against each of the Defendants, for a total of fifteen counts. On August 25, 2020, the Newsmax Defendants removed this action. *See* Notice of Removal [ECF No. 1].

Subsequently, on September 11, 2020, the Newsmax Defendants filed the instant Motion. In the Motion, the Newsmax Defendants argue that the Complaint should be dismissed on several grounds. Specifically, the Newsmax Defendants contend that Corsi has failed to plausibly plead the elements of his claims; that they are entitled to protection from Corsi's claims under Florida's

---

[4] On January 8, 2021, Fairbanks appeared in the 2019 Lawsuit and has since filed a motion to set aside the default and opposition to Corsi's motion to enter default judgment against her. *Id.*, [ECF No. 113]. The 2019 Lawsuit is still active, and Fairbanks' motion is pending.

neutral reporting privilege; and that they are entitled to a mandatory award of fees under Florida's Anti-SLAPP statute. Corsi responded in opposition to the Motion on October 9, 2020 [ECF No. 21] ("Response"), and the Newsmax Defendants replied in support of their Motion on October 16, 2020 [ECF No. 22] ("Reply").

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Id.* However, a court need not accept a plaintiff's legal conclusions as true. *See Mack v. Miles*, 795 F. App'x 682, 684 (11th Cir. 2019); *see also Iqbal*, 556 U.S. at 678.

Further, when considering a 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). However, the court may also consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In addition, the court is permitted to review and consider video footage properly incorporated by reference into the complaint. *Quinette v. Reed*, 805 F. App'x 696, 700 (11th Cir. 2020); *see Rauen v. City of Miami*, No. 06-CV-21182, 2007 WL 686609, at *2–4, 15 (S.D. Fla. Mar. 2, 2007) (considering video footage incorporated into the complaint in ruling on defendants' motions to dismiss).

## ANALYSIS

### I.  Corsi's Defamation and Defamation *Per Se* Claims Fail.

Corsi asserts claims for defamation (Counts I, II, IV, and V) and defamation *per se* (Counts VI, VII, IX, and X) against each of the four Newsmax Defendants.  Under Florida law, a plaintiff seeking to state a defamation claim must plead the following elements: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Briseus v. JPMorgan Chase Bank, N.A.*, No. 18-CV-80671, 2018 WL 3586140, at *3 (S.D. Fla. July 26, 2018) (citing *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)).

Additionally, pursuant to Florida law, a statement may also be defamatory *per se*.  *See Hoch v. Rissman*, 742 So. 2d 451, 457 (Fla. 5th DCA 1999).  "[F]alse statements which suggest that someone has committed a dishonest or illegal act are defamatory *per se*."  *Shaw v. R.J. Reynolds Tobacco Co.*, 818 F. Supp. 1539, 1541–42 (M.D. Fla. 1993) (citation omitted).  In other words, when a statement is "so obviously defamatory" and "damaging to [one's] reputation," it generally "gives rise to an absolute presumption both of malice and damage."  *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. 4th DCA 1973); *see also Carroll v. TheStreet.com, Inc.*, No. 11-CV-81173, 2012 WL 13134547, at *3 (S.D. Fla. May 25, 2012) (finding plaintiff need not provide "proof of special damages" where plaintiff's defamation *per se* action was based on statements suggesting plaintiff had previously committed a dishonest act).  However, Florida law applies the Supreme Court's ruling from the well-known First Amendment defamation case of *Gertz v. Robert Welch Inc.*, 418 U.S. 323 (1974), which eliminates presumed damages for defamation *per se* actions against media defendants. *See Mid-Florida Television Corp. v. Boyles*, 467 So. 2d 282

(Fla. 1985).[5]  Thus, the Florida Supreme Court's decision in *Mid-Florida Television Corp.* makes clear that a plaintiff suing a media defendant must nevertheless plead malice and damages. *Edelstein v. WFTV, Inc*., 798 So. 2d 797 (Fla. 4th DCA 2001).

Here, as set forth in more detail below, Corsi fails to plausibly plead the publication and actual malice elements of his defamation and defamation *per se* claims.  Thus, dismissal is appropriate.

### A.  Corsi fails to plausibly plead the element of publication.

To state a claim for defamation, a plaintiff must plead that "the defendant published a false statement about plaintiff to a third party."  *Sirpal v. Univ. of Miami*, 684 F. Supp. 2d 1349, 1360 (S.D. Fla. 2010).  Put simply, "[p]ublication of defamatory matter is communication of the statement to a third person."  *Granda-Centeno v. Lara*, 489 So. 2d 142, 143 (Fla. 3d DCA 1986).

Here, Corsi acknowledges that Fairbanks, and Fairbanks alone, said the allegedly defamatory words at issue.  Compl. ¶¶ 22–26.  However, Corsi's argument, as this Court understands it, is that the Newsmax Defendants "published" those words—and are thus liable for said statements—under theories of agency, ratification, and conspiracy to defame.  The Newsmax Defendants argue that, as to each theory, Corsi's pleadings fail.  The Court agrees.[6]

---

[5]  In *Gertz*, the Supreme Court recognized the "strong and legitimate state interest in compensating private individuals for injury to reputation," 418 U.S. at 348, but concluded that under the First Amendment such a legitimate state interest "extends no further than compensation for actual injury."  *Id.* at 349.

[6]  The following discussion focuses on Corsi's agency and ratification theories—and not on his conspiracy to defame claim.  For one, Corsi did not plead a separate claim for conspiracy to defame in his fifteen-count Complaint.  This alone warrants setting aside Corsi's purported conspiracy theory.  *See Marlborough Holdings Group, Ltd. v. Azimut-Benetti, S.P.A.*, 505 F. App'x 899, 907 (11th Cir. 2013) (noting civil conspiracy claims have to be pleaded as a separate cause of action, even though they are dependent on the merits of an underlying, predicate claim).  In any event, the allegations in the Complaint do not plead a facially plausible conspiracy.  Corsi alleges no facts about any conversation(s), meeting(s), or agreement(s) between the Newsmax Defendants, Fairbanks, and/or Stone pre-dating the Debate.  *See In re Chiquita Brands Intern., Inc. Alien Tort Statute and Shareholder Derivative Litigation*, 690 F. Supp. 2d 1296, 1311 (S.D. Fla. 2010) (explaining a cause of action for civil conspiracy should allege the scope of the conspiracy, its participants, and when the agreement was entered into) (citation omitted).  The Complaint also lacks any

### 1. **Corsi's agency theory fails.**

In his Complaint,[7] Corsi cites and relies on a single proposition of law in support of his agency theory of publication: "One is liable for the publication of defamation by a third person whom as his servant, agent, or otherwise he directs or procures to publish defamatory matter." Compl. ¶¶ 11–12 (citing *Universal Comm. Sys., Inc. v. Turner Broadcasting Sys., Inc.*, No. 05-CV-20047, 2005 WL 8155012, at *3 (S.D. Fla. Mar. 21, 2005)).  As explained below, Corsi's theory is unavailing.[8]

"In an agency relationship, the principal is the one for whom action is to be taken, and the agent is the one who is to act."  *GDG Acquisitions LLC v. Government of Belize*, 849 F.3d 1299, 1307–08 (11th Cir. 2017) (citing *U.S. v. Schaltenbrand*, 930 F.2d 1554, 1560 (11th Cir. 1991)) (cleaned up).  Thus, the general rule when an agency relationship exists is this: "a principal may be held vicariously liable for the acts of his or her agent committed within the scope of the agent's

---

allegation that the Defendants engaged in some overt act in furtherance of the conspiracy.  *Haskin v. R.J. Reynolds Tobacco Company*, 995 F. Supp. 1437, 1440 (M.D. Fla. 1998) (setting forth pleading requirements for civil conspiracy under Florida law).  Lastly, even if Corsi had properly pleaded the alleged conspiracy, a conspiracy to defame claim cannot stand where, as here, the defamation action fails.  There being no defamation—the gist of the defamation conspiracy—there can be no conspiracy claim.  *See Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981); *see also Perdomo v. Jackson Memorial Hospital*, 443 So. 2d 298 (Fla. 3d DCA 1983) (holding that where count regarding the goal of a conspiracy (defamation) fails, so too the conspiracy count fails).

[7]  The Court notes that Corsi's agency theory of publication is only mentioned in his Complaint, *see* Compl. at ¶ 12, whereas his ratification and conspiracy theories of publication are discussed in his Response, *see* Resp. at 5, 7–8.  While Corsi failed to discuss the agency theory of publication in his Response, the Court nonetheless addresses it because it was pleaded in the Complaint.

[8]  As an initial matter, Corsi's proposition of law above is taken verbatim from Section 577, comment f of the Restatement (Second) of Torts.  Section 577 is titled "What Constitutes Publication," and comment f therein is titled "Publication by third person," suggesting that Corsi's proposition of law may, in fact, be of relevance to the issue of publication.  However, after conducting a search of all decisions from Florida state courts and from federal courts within the Eleventh Circuit, the Court notes that *Universal* is the <u>only</u> decision that cites, let alone applies, Section 577, comment f of the Restatement (Second) of Torts.  The Court, therefore, concludes that Corsi has relied on a proposition of law that does not control the Court's inquiry here.

real authority." *Amstar Ins. Co. v. Cadet*, 862 So. 2d 736, 741 (Fla. 5th DCA 2003) (citations omitted).

Here, Corsi alleges that, "at all material times," Fairbanks and the Newsmax Defendants "were acting *as agents of Stone*." Compl. ¶ 9 (emphasis added). Corsi then alleges that Stone "directed the Newsmax Defendants and Fairbanks to make and further false, malicious, and defamatory statements about [Corsi]." *Id.* ¶ 10; *see also id.* ¶ 13 ("At all material times, each and every defamatory statement alleged in this Complaint was the result of Stone's direction to each and all of the Defendants."). Taking Corsi's allegations as true, and applying controlling agency principles, *see Amstar*, 862 So. 2d at 741, it follows that Stone, as the supposed principal, could be liable for the allegedly defamatory statements made by Fairbanks, the supposed agent. But Stone is not a party to this lawsuit. Instead, as currently framed, the Complaint seeks to hold the Newsmax Defendants, not Stone, liable for Fairbanks' speech. Corsi's attempt to place the Newsmax Defendants in a principal-like position is incompatible with his allegations that the Newsmax Defendants and Fairbanks acted as agents. Corsi's own allegations, then, are fatal to his agency theory of publication.

### 2. Corsi's ratification theory fails.

As before, Corsi relies on only one authority in support of his ratification theory of publication: *Armstrong v. Standard Furniture*, 197 F. App'x 830 (11th Cir. 2006). *See* Resp. at 8. According to Corsi, *Armstrong* holds that an employer ratifies an employee's conduct when the employer "(1) has actual knowledge of the tortious conduct of the offending employee and the tortious conduct was directed at and visited upon the complaining employee; (2) that based upon his knowledge, the employer knew or should have known that such conduct constituted . . . a continuing tort; and (3) that the employer failed to take adequate steps to remedy the situation." *Id.* (citing *Armstrong*, 197 F. App'x at 834–35).

Corsi has not pleaded a plausible publication by ratification theory.  As the Newsmax Defendants argue, *see* Reply at 3, *Armstrong* is inapposite for two reasons: (i) it applies Alabama law; and (ii) it addresses an <u>employer's</u> ratification of an <u>employee's</u> tortious conduct.  For one, Florida law (not Alabama law) controls here because "[a]s a federal court sitting in diversity jurisdiction, we apply the substantive law of the forum state, in this case Florida, alongside federal procedural law."  *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011).  Moreover, Corsi's own pleadings, once again, directly contradict the proposition of law upon which his ratification theory of publication is premised.  Specifically, in his Complaint, Corsi does not allege the existence of any employer-employee relationship between Fairbanks and the Newsmax Defendants.  In fact, Corsi pleads the opposite, alleging that Fairbanks is a "political activist" and "journalist for [T]he Gateway Pundit."  Compl. ¶ 7.  The Court must accept Corsi's allegations as true and doing so similarly disproves his own ratification theory.

Even setting *Armstrong* aside, under controlling principles of ratification, Corsi's pleading is still insufficient.  "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority."  Restatement Third of Agency § 4.01(1).  "While a principal may become liable for the acts of its agent when it ratifies an originally unauthorized act, the existence of a principal-agent relationship is a *pre-requisite for ratification*."  *Cabrera v. Gov't Employees Ins. Co.*, 452 F. Supp. 3d 1305, 1320 (S.D. Fla. 2014) (citing *Irwin v. Miami-Dade Cnty. Pub. Sch.*, No. 06-CV-23029, 2008 WL 2977360, at *4 (S.D. Fla. July 31, 2008) *aff'd*, 398 F. App'x 503 (11th Cir. 2010) (dismissing ratification count with prejudice because a claim "brought under a theory of ratification requires a principal-agent relationship" and plaintiff did not allege defendant was engaged in such a relationship)).

Here, Corsi's ratification theory of publication fails for the same reason his agency theory of publication fails: Corsi has alleged that Fairbanks and the Newsmax Defendants "at all material

times" acted at the direction of, and *as agents of*, Stone.  Compl. ¶ 9 (emphasis added).  Corsi does not allege that Fairbanks acted as the Newsmax Defendants' agent.  Nor could he, as his own allegations make clear—Fairbanks is an independent journalist for The Gateway Pundit.  *Id.* ¶ 7. And because a principal-agent relationship between the Newsmax Defendants and Fairbanks would be a "pre-requisite" in order to find the Newsmax Defendants liable for ratifying any conduct by Fairbanks, *see Cabrera*, 452 F. Supp. 3d at 1320–21, Corsi's contradictory allegations defeat his own theory once again.

Accordingly, Corsi's defamation and defamation *per se* claims against the Newsmax Defendants must be dismissed for failure to plausibly plead the element of publication.

### B.  Corsi fails to plausibly plead the element of actual malice.

"Because of the expressive freedom guaranteed by the First Amendment, a defendant may not be held liable for defaming a public figure about a matter of public concern unless he is shown to have acted with actual malice."  *Berisha v. Lawson*, 973 F.3d 1304, 1310 (11th Cir. 2020) (citations omitted).  "Determining whether an individual is a public figure—and thus subject to the actual malice analysis—is a question of law for the court to decide."  *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016).  There is no question that Corsi is a public figure.  He describes himself as a New York Times bestselling author and political commentator.  *See* Compl. ¶ 3.  He also appears to concede the point by attempting to plead facts in support of the element of actual malice in his Complaint.  *Id.* ¶¶ 14, 27–28, 40, 45.  Therefore, the actual malice standard applies to Corsi.

Even if Corsi could successfully plead publication, his defamation claims still fail because he cannot adequately plead that the statements were published with actual malice.  To plead actual malice, Corsi "must allege facts sufficient to give rise to a reasonable inference that the false statement[s] [were] made 'with knowledge that [they were] false or with reckless disregard of

whether [they were] false or not.'" *Michel*, 816 F.3d at 702 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)).   The actual malice inquiry is subjective; it involves determining whether the defendant, "instead of acting in good faith, actually entertained serious doubts as to the veracity of the published account, or was highly aware that the account was probably false." *Id.* at 703.

Corsi has not sufficiently pleaded facts giving rise to a reasonable inference that the Newsmax Defendants published the statements knowing that they were false or with reckless disregard for whether they were false or not.   As an initial matter, the Court disregards the portion of the Complaint where Corsi alleges, in a purely conclusory fashion, that the Newsmax Defendants "knew that the statements made . . . were false, or at a minimum, acted with recklessness as to their truthfulness." Compl. ¶ 14.  Allegations such as these amount to little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are insufficient to support a cause of action.  *Iqbal*, 556 U.S. at 678.  Setting those aside, there remain two allegations that require further analysis.

First, Corsi alleges that the Newsmax Defendants "have worked extensively with [Corsi] in the past . . . they all had actual knowledge that the statements made on 'America Talks Live' about [him] were completely false."  *Id.* ¶ 28.   Additionally, Corsi alleges that the Newsmax Defendants have "sold, and continue[ ] to sell books authored by Dr. Corsi, which means that at a minimum, they knew that Dr. Corsi is not a plagiarist, a liar and fraudster, which he falsely was accused of being."  *Id.* ¶ 29.  The Newsmax Defendants argue that Corsi's allegations do not give rise to actual malice because his allegations "require[] not only that one assume [he] is of such flawless character as to be beyond reproach in all things, but that simply by working with him on a book or two," the Newsmax Defendants must have known that "Corsi could not have lied, or copied Fairbanks' reporting, or falsely raised funds."  Reply at 2, 5; Mot. at 20–23.

The Court agrees with the Newsmax Defendants.  Corsi's theory, in its simplest form, is this: because the Newsmax Defendants are "intimately familiar" with him and Newsmax has sold his books, the Newsmax Defendants either knew of, or recklessly disregarded, the falsity of Fairbanks' accusations that he lied about WikiLeaks, plagiarized her work on WikiLeaks, and fraudulently raised money for a non-existent cancer patient.  But, as the Newsmax Defendants argue, "[w]hatever [the Newsmax Defendants] know about [Corsi] from their past dealings, there is simply no plausible connection to specific knowledge" about Fairbanks' accusations.  Reply at 5.  And while the Court is required to draw reasonable inferences in Corsi's favor, it is "not required to draw [his] inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc*., 416 F.3d 1242, 1248 (11th Cir. 2005).  In this case, it is not reasonable for the Court to infer that, because the Newsmax Defendants may have had a working relationship with Corsi in the past, the Newsmax Defendants must have known that Fairbanks' accusations—which were on very specific topics and made during a live broadcast, nonetheless—were false, or that the Newsmax Defendants recklessly disregarded their truth or falsity.

In sum, the Court finds that Corsi has failed to plausibly plead the element of actual malice, which warrants dismissal of his defamation and defamation *per se* claims against the Newsmax Defendants.

## II. Corsi Fails to State a Claim for Defamation by Implication Against the Newsmax Defendants.

Florida recognizes a cause of action for defamation by implication.  *Jews For Jesus*, 997 So. 2d 1098.  "Defamation by implication arises, not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts . . . ."  *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1254 (S.D. Fla. 2014) (citing *Jews for Jesus*, 997 So. 2d at 1106).  In

other words, "[d]efamation by implication is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements." *Jews for Jesus*, 997 So. 2d at 1107 (citation and quotation omitted). Whether a defendant's statements constitute defamation by implication is a question of law for the court to determine. *Turner v. Wells*, 879 F.3d 1254, 1269 (11th Cir. 2018) (affirming dismissal where statements in defendant's report were insufficient to give rise to a claim of defamation by implication under Florida law).

Here, the Newsmax Defendants argue that the Complaint does not allege how Fairbanks' words were true but gave a false implication. Mot. at 12 n.2. Corsi does not respond in opposition to the Newsmax Defendants' argument, let alone address or mention his defamation by implication counts. The Court agrees that dismissal of Corsi's defamation by implication claims is warranted. The Complaint pleads only that Fairbanks' accusations were false—not that they were true and gave a false implication—which requires dismissal. *See, e.g.*, *Klayman*, 22 F. Supp. 3d at 1255 (dismissing claim because "[a]t issue is a statement that may be defamatory because it is false, not a factually true one that creates a false impression."). In addition, the bases above supporting dismissal of Corsi's defamation and defamation *per se* claims likewise mandate dismissal of Corsi's defamation by implication claims. *See Jews for Jesus*, 997 So. 2d at 1108 (holding that the protections afforded to defendants in defamation actions likewise apply to the tort of defamation by implication). Accordingly, Corsi's defamation by implication claims against the Newsmax Defendants are dismissed.

### III. Even if the Allegedly Defamatory Statements at Issue were Actionable, the Newsmax Defendants are Protected from Liability Under the Neutral Reporting Privilege.

"Under Florida law, it is well settled that disinterested communications of matters of public concern are privileged, even if defamatory." *Rendón v. Bloomberg, L.P.*, 403 F. Supp. 3d 1269, 1276 (S.D. Fla. 2019) (citing *Abram v. Odham*, 89 So. 2d 334, 336 (Fla. 1956)). However, this

privilege, known as the "neutral reporting privilege," "is only extended to disinterested and neutral reporting by members of the media." *Id.* (citing *Ortega Trujillo v. Banco Cent. Del Ecuador*, 17 F. Supp. 2d 1334, 1338 (S.D. Fla. 1998)). Whether a defendant is protected by the neutral reporting privilege is a question of law for a court to determine. *Id.* And courts have regularly considered whether a defendant is entitled to protection under the neutral reporting privilege on a motion to dismiss. *See, e.g.*, *Huszar v. Gross*, 468 So. 2d 512, 515-16 (Fla. 1st DCA 1985); *Smith v. Taylor Cty. Pub. Co., Inc.*, 443 So. 2d 1042, 1044 (Fla. 1st DCA 1983).

Here, the Newsmax Defendants argue that, even if Fairbanks' words are actionable, they are entitled to protection under Florida's neutral reporting privilege. Mot. at 23–24. In support, the Newsmax Defendants argue that (i) the Debate was on a matter of public concern and (ii) they did not take sides in the Debate, but instead, gave equal time and opportunity to Klayman (as Corsi's representative) and Fairbanks to make their points. *Id.* Put simply, the Newsmax Defendants contend that what transpired during the America Talks Live segment "is quintessentially neutral reporting, and is indeed precisely the sort of forum that the media should be encouraged to provide, not threatened with litigation if the debate gets overheated." *Id.* at 24. Corsi counters by rehashing his conspiracy argument—i.e., there is nothing "neutral" in the Newsmax Defendants' reporting because they conspired with Fairbanks and Stone to defame him. Resp. at 12.

The Newsmax Defendants are correct. *First*, Corsi's reference to his conspiracy theory is without merit. As explained above, *see supra* fn. 6, the Complaint does not plausibly plead the existence of any nefarious conspiracy. *Second*, the Court agrees with the Newsmax Defendants' characterization of the Debate as constituting "neutral reporting" on matters of public concern (i.e., the topics of Stone's indictment and WikiLeaks and its founder, Julian Assange). Indeed, the

Newsmax Defendants contend that Cardillo acted as a neutral host/moderator during the Debate.  A careful review of Cardillo's words supports their view:

> Cardillo: "*[Fairbanks] why . . . do you so aggressively doubt [Corsi's] version of events [regarding Julian Assange and WikiLeaks]?*"

> Fairbanks: [responds]

> Cardillo: "*[Klayman], those are some pretty serious allegations. . . . What do you say to [Fairbanks'] allegations?*"

> Fairbanks: [interrupts Klayman]

> Cardillo: "*[Fairbanks], I'm going to give you a chance, we still have a lot of time left.  [Klayman], I'm sorry, go ahead and finish.*"

> Klayman: [finishes response]

> Cardillo: "*Cassandra, your reply?*"

> Fairbanks: [responds]

> Cardillo: "*Alright [Klayman], she refutes some pretty specific items from the timeline.*"

> Fairbanks: [interrupts again]

> Cardillo: "*[Fairbanks], I gave you time, let [Klayman] get his thoughts out, please.*"

> Fairbanks and Klayman: [exchange verbal blows]

> Cardillo: "*[Fairbanks], I'll give you the last word to that allegation.*"

> Fairbanks: [responds]

> Klayman: [makes final remarks]

> Cardillo: "*Alright, [Klayman], [Fairbanks], thanks very much for the spirited debate, I want to have you both back as this story progresses.*"

One would be hard-pressed to find a more neutral approach to hosting and moderating a fiery debate.  Fairbanks interrupted Klayman twice during the Debate.  And in both instances, Cardillo quickly and successfully rejected Fairbanks' attempt at interrupting and gave Klayman

the floor.  Were Corsi correct in his position that the Newsmax Defendants failed to report neutrally, one would think that Cardillo—the host and moderator, who supposedly was involved in a nefarious conspiracy with Fairbanks to defame Corsi—would have aligned himself on Fairbanks' side during the Debate.  But he didn't.  He remained a neutral host, asked questions, and kept Fairbanks in check.  The Court is therefore persuaded by the Newsmax Defendants' argument and finds that Florida's neutral reporting privilege shields the Newsmax Defendants from Corsi's claims.  Consequently, Corsi's claims against the Newsmax Defendants are dismissed *with prejudice.*

### IV.  The Newsmax Defendants and Fairbanks are Entitled to Dismissal Pursuant to the Doctrine of Collateral Estoppel.

"Collateral estoppel, i.e., issue preclusion, refers to the effect of a judgment in foreclosing relitigation of an issue that has already been litigated and decided."  *Wingard v. Emerald Venture Florida LLC*, 438 F.3d 1288, 1293 (11th Cir. 2006) (quoting *Quinn v. Monroe Cty.*, 330 F.3d 1320, 1328 (11th Cir. 2003)).  A federal court sitting in diversity will give preclusive effect to a judgment of a state court provided that two conditions are met: first, that the state courts from which the judgment emerged would do so themselves; and second, that the litigants have had a full and fair opportunity to litigate their claims in a prior state proceeding satisfying the applicable requirements of due process.  *See Shields v. Bellsouth Adver. & Publ'g Co.*, 228 F.3d 1284, 1288 (11th Cir. 2000).  Under Florida law, collateral estoppel will preclude relitigation of an issue when "(1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction."  *Wingard*, 438 F.3d at 1293. (quoting *Quinn*, 330 F.3d at 1328).  Further, the litigated issue must have been "a critical and necessary part of the prior determination."  *Id.* (citations omitted).

In this case, the issues Corsi seeks to litigate have already been decided by a court of competent jurisdiction. Therefore, Corsi is collaterally estopped from pursuing the instant claims against the Defendants. Except for Stone being named as a defendant, Corsi's 2019 Lawsuit was otherwise identical to this action. *See Corsi v. Newsmax Media, Inc., et al.*, Case No. 50-2019-CA-013711. As discussed *supra* at page 5, in that previous action Stone filed a motion for summary judgment, which the state court granted after full briefing and a special set evidentiary hearing. *Id.*, Notice of Hearing [ECF No. 70]; *see also id.*, Order on Defendant Roger Stone's Motion to Dismiss and Motion for Summary Judgment [ECF No. 82]. In granting summary judgment in favor of Stone, the state court made several crucial findings. *Id.* [ECF Nos. 82-83]. First, like this Court, the state court found that Corsi "is a public figure." *Id.* [ECF No. 82] ¶ 2. Second, the state court found that Corsi "presented absolutely no evidence" that Fairbanks acted with malice when she made the statements at issue. *Id.* Third, the state court found that Fairbanks' "appearance on the Newsmax program was a product of her own self-determination, [she] spoke only on her own behalf, and the words she spoke were her own." *Id.* [ECF No. 82] ¶ 1. Based on those findings, the state court concluded "there is not a scintilla of admissible evidence to support [Corsi's] 'surrogate theory' of defamation." *Id.*

Corsi cannot relitigate the same issues in federal court simply because he is unsatisfied with the outcome of the 2019 Lawsuit. Corsi briefed and presented oral argument on the same issues he now brings before this Court. *Id.* [ECF Nos. 70, 72]. Thus, Corsi has already had a "full and fair opportunity to litigate [his] claims in a prior state proceeding satisfying the applicable requirements of due process." *See Wingard*, 438 F.3d at 1293. Indeed, after considering the parties' submissions and conducting an evidentiary hearing, the state court found that Fairbanks spoke on her own behalf and that there was no evidence of actual malice. *Id.* [ECF No. 82] ¶ 1. Those findings are fatal to Corsi's instant lawsuit, including his claims against Fairbanks,

because as a public figure, the "malice" standard under *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964) applies to Corsi.  Consequently, this lawsuit is dismissed *with prejudice* against the Newsmax Defendants and Fairbanks.

### V.  Dismissal is With Prejudice Because Amendment Would be Futile.

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Despite this permissive approach, a district court need not grant leave to amend when (i) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed"; (ii) "allowing amendment would cause undue prejudice to the opposing party"; or (iii) the "*amendment would be futile*."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (emphasis added).  An amendment is futile if the cause of action asserted therein could not withstand a motion to dismiss. *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996).

In this case, dismissal with prejudice is appropriate under Rule 15.  Even if Corsi could somehow cure the deficiencies addressed *supra* at sections I and II—i.e., insufficient pleading on the elements of publication and actual malice, and insufficient pleading related to the defamation by implication claims—no amendment could overcome the applicability of the neutral reporting privilege and the collateral estoppel doctrine.  Accordingly, because the Court finds that amendment would be futile, the Complaint is dismissed *with prejudice*.[9]

---

[9]  The Court notes that the Newsmax Defendants have also sought dismissal on other grounds.  For instance, the Newsmax Defendants maintain that Corsi has failed to plausibly plead the elements of falsity, defamatory meaning, and actual damages.  Mot. at 16–19, 23.  While the Newsmax Defendants' arguments regarding these additional elements are persuasive, they present a closer call.  And because the issues considered by the Court in this Order weigh heavily in favor of dismissal, the Court need not reach the Newsmax Defendants' arguments on falsity, defamatory meaning, and actual damages.

**VI.   The Newsmax Defendants are Entitled to Fees and Costs Under Florida's Anti-SLAPP Statute.**

Florida's anti-SLAPP statute prohibits a plaintiff from filing "any lawsuit . . . against another person or entity *without merit* and *primarily* because such person or entity has exercised the constitutional right of free speech in connection with a public issue . . . as protected by the First Amendment to the United States Constitution and s.5, Art. I of the State Constitution."  Fla. Stat. § 768.295(3) (emphasis added).  The anti-SLAPP statute also provides that a court "*shall* award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section."  Fla. Stat. § 768.295(4) (emphasis added).

The Newsmax Defendants argue that they are entitled to a mandatory award of fees and costs because this lawsuit is "without merit" and was brought "primarily" because they exercised their First Amendment right on a matter of public concern.  Mot. at 24–25.  In response, Corsi argues that (i) this case is not without merit, given that the Motion should be denied; and (ii) Florida's anti-SLAPP law cannot apply in a federal diversity action because it conflicts with the Federal Rules of Civil Procedure, citing *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345 (11th Cir. 2018).  Resp. at 12–15.

The Newsmax Defendants are entitled to an award of attorney's fees and costs for two reasons.  *First*, for the reasons explained at length above, Corsi's lawsuit is meritless, and under Florida's anti-SLAPP law the Newsmax Defendants have the right to not be subjected to meritless lawsuits filed primarily because they have exercised their constitutional right of free speech in connection with a public issue—i.e., hosting and moderating a debate on matters of public concern.  *Second*, Corsi's reliance on *Carbone* is misplaced.  It is true that a federal court is not permitted to apply a state statute that "answers the same question" as a Federal Rule of Civil Procedure.  *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1322 (S.D. Fla. 2020).  Some

courts have found that certain states' anti-SLAPP statutes "answer the same question" as Federal Rules of Civil Procedure 8, 12, and 56 because those statutes "raise the bar for a plaintiff to overcome a pretrial dismissal motion." *Id.* (collecting cases). *Carbone* involved that very issue. In *Carbone*, the Eleventh Circuit examined Georgia's anti-SLAPP statute, which included a procedural provision requiring a plaintiff to demonstrate a "probability" of success to avoid dismissal. *Id.*, 910 F.3d at 1356–57.

However, Florida's anti-SLAPP statute differs from Georgia's because it *does not* require a plaintiff to establish "a probability" that he or she will prevail on the claim(s) asserted in the complaint. *Bongino*, 477 F. Supp. 3d at 1323 (citing Fla. Stat. § 768.295(4)). Thus, Florida's statute does not conflict with any Federal Rule of Civil Procedure. As one court recently explained, Florida's statute instead "fuses with Rules 8, 12, and 56 by entitling the prevailing party to fees and costs if, after invoking the devices set forth by those rules, a court finds an action is 'without merit' and thus prohibited." *Id.* Essentially, Florida's statute functions as "a garden variety fee shifting provision, which the Florida legislature enacted to accomplish a 'fundamental state policy'—deterring SLAPP suits." *Id.* (citing Fla. Stat. § 768.295(1)). The result, then, is "a statute that does not 'answer the same question' as the Federal Rules."[10] *Id.* (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 401 (2010)). Accordingly, the Newsmax Defendants are entitled to an award of attorney's fees and costs under Florida's anti-SLAPP statute, section 768.295(4) of the Florida Statutes.

---

[10] This conclusion is further supported by the Eleventh Circuit's recent affirmance of an award of attorney's fees under Florida's anti-SLAPP statute in a decision post-dating *Carbone* by almost two years. *See Parekh v. CBS Corp.*, 820 F. App'x 827, 836 (11th Cir. 2020).

## <u>CONCLUSION</u>

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff Jerome Corsi's defamation, defamation *per se*, and defamation by implication claims against Defendants Newsmax Media, Inc., Christopher Ruddy, John Cardillo, John Bachman, and Cassandra Fairbanks are hereby **DISMISSED** *with prejudice*.

2.      The Court retains jurisdiction for further proceedings consistent with this Order to address the award of attorney's fees and costs pursuant to Florida's anti-SLAPP statute, Fla. Stat. § 768.295(4).

3.      Any pending motions are **DENIED as moot.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of February, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**