UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-81396-RUIZ/REINHART

JEROME CORSI,

                Plaintiff,

v.

NEWSMAX MEDIA, INC., et. al.,

                Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS (ECF NO. 34)

Currently before me is Defendants' Motion for Attorneys' Fees and Costs ("Defendants' Motion") (ECF No. 34), which was referred by the Honorable Rodolfo A. Ruiz for appropriate disposition. ECF Nos. 39, 48. I have reviewed Defendants' Motion, Plaintiff's Response (ECF No. 37), Defendants' Reply (ECF No. 38), and all included exhibits. For the reasons contained herein, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.     BACKGROUND

Plaintiff brought this defamation action in the Fifteenth Judicial Circuit of Florida. ECF No. 1. Defendants removed the action to this Court. ECF No. 1. Six months later, Judge Ruiz granted Defendants' Motion to Dismiss with prejudice without oral argument. ECF No. 30. He ordered that Defendants were entitled to an award of attorneys' fees and costs under Florida's Anti-SLAPP Statute. ECF No. 30, at 23 (citing Fla. Stat. § 768.295(4)).[1] With the instant motion, Defendants seek $113,126.50 in attorneys' fees, plus $400 in taxable costs.

_____

[1]  Florida's statute prohibits Strategic Lawsuits Against Public Participation ("SLAPP").

## II.    ENTITLEMENT TO FEES AND COSTS

In response to Defendants' motion for fees and costs, Plaintiff filed a six-page "interim opposition" that primarily seeks to relitigate the applicability of Florida's Anti-SLAPP Statute and Defendants' entitlement to fees and costs thereunder.[2] Notably, Plaintiff has not filed a motion for reconsideration of Judge Ruiz's order, nor has he presented any legal argument or evidence to support one of the three bases for seeking reconsideration.[3] Accordingly, I will only consider Plaintiff's response to the extent it addresses the reasonableness of the amount of fees sought.

## III.    CALCULATION OF FEES AND COSTS

### 1.  Legal Standard

Attorney's fees are properly calculated by multiplying the number of hours reasonably spent on litigation by a reasonable hourly rate. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

---

[2] Plaintiff did not seek leave to bifurcate the issue of entitlement. To the extent Plaintiff seeks to do so in his response, I reject Plaintiff's attempt to bifurcate. Similarly, I deny Plaintiff's request for discovery and an evidentiary hearing to litigate the reasonableness of the fees sought by Defendants. *See In re Horne*, 876 F.3d 1076, 1085 (11th Cir. 2017) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) ("A request for attorney's fees should not result in a second major litigation.").

[3] The three grounds for reconsideration are "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice." *Kottler v. Gulf Coast Collection Bureau, Inc.*, No. 19-61190, 2020 WL 3064769, at *1 (S.D. Fla. June 9, 2020).

In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). Ultimately, courts should assess "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (The court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.").

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)).

"Failing to lodge specific objections is generally deemed fatal" for a party opposing a motion for attorney's fees. *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, No. 06-80073, 2008 WL 11412068 (S.D. Fla. Feb. 6, 2008) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997)), *report and recommendation adopted*, 2008 WL 11412069 (Feb. 26, 2008). However, courts still have a duty to conduct an independent analysis to ensure that the attorney's

fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

### 2.   Limitations on Recovery under Florida's Anti-SLAPP Statute

Defendants' claim for attorneys' fees arises under Florida's Anti-SLAPP Statute, which seeks to protect against meritless lawsuits that attack the exercise of First Amendment rights. The state legislature sought to deter the filing of such lawsuits by requiring courts to assess fees and costs against those who violate the statute by "engag[ing] in SLAPP suits." Fla. Stat. § 768.295(1). According to the statute, "The court *shall* award the prevailing party reasonable attorney fees and costs incurred *in connection with a claim that an action was filed in violation of this section.*" Fla. Stat. § 768.295(4) (emphasis added). The plain language of the statute limits recovery to those fees and costs that the prevailing party incurred "in connection with a claim" that the plaintiff brought the lawsuit in violation of Florida's Anti-SLAPP Statute. *See Wentz v. Project Veritas*, No. 17-cv-1164-Orl-18GJK, 2019 WL 4621069, at *2 (M.D. Fla. July 19, 2019) (rejecting defendants' argument that they should be awarded fees for their entire defense, rather than only those incurred in raising the Anti-SLAPP defense; the court found defendants' argument to be "contrary to the plain meaning of [Florida's] Anti-SLAPP act"). Thus, Defendants' recovery of their attorney's fees and costs must be limited to those incurred in connection with their Motion to Dismiss, which argued that Plaintiff violated Florida's SLAPP statute. Defendants are not entitled to reimbursement of all their attorneys' fees and costs incurred in defending against this lawsuit.

Notwithstanding the statute's express restrictions, much of the work for which Defendants seek reimbursement does not relate to their Motion to Dismiss. For example, Defendants seek recovery of fees incurred with removing the action to federal court, submitting a *pro hac vice*

motion, filing a status report, conducting discovery-related activities, and planning for mediation. Fees for these activities are not recoverable under the statute.

Finally, although Plaintiff failed to lodge specific objections to Defendants' fees (ECF No. 37, at 5) (claiming only that the fees are "grossly inflated," "truly mind-boggling," and "ludicrous"), I am bound to conduct an independent analysis of the fees sought. *See generally Barnes*, 168 F.3d at 428 ("Courts are not authorized to be generous with the money of others.").

### 3.   Reasonable Hours and Rates

A review of Defendants' billing records indicates that the following time was billed in preparing Defendants' motion to dismiss and reply papers: Mr. Lerner billed 11 hours, Mr. Edwards billed 65.2 hours, and Ms. McElroy billed 8.7 hours.[4] I find the time that Mr. Edwards spent on this case to be reasonable. The motion and reply are lengthy and involve complex legal issues. Moreover, the numerous citations to relevant case law reflect the significant amount of research that was conducted. *Cf. Barmapov v. Amuail*, No. 18-80390, 2020 WL 5899504, at *11 (S.D. Fla. Feb. 24, 2020) (granting 63 hours in attorney's fees for a case disposed of on a motion to dismiss); *Fuccillo v. Century Enterprises Inc.*, No. 8:18-CV-1236-T-36AEP, 2020 WL 1431714, at *6 (M.D. Fla. Jan. 15, 2020) (granting 80 hours in attorneys' fees for case disposed of on motion to dismiss).

The billing records reveal that Mr. Lerner and Ms. McElroy's time was largely spent "review[ing] and revis[ing]" Mr. Edwards' briefs. Given that Mr. Edwards' significant experience rendered him fully capable of successfully briefing the motion to dismiss, and that he alone performed the bulk of the work, I find that the time spent by Mr. Lerner and Ms. McElroy should be deducted from the fee award.

---

[4] Ms. Chen, Mr. Wittlin, and Ms. Abratt did not bill any time in connection with the motion to dismiss.

Defendants' motion seeks an hourly rate of $565 for Mr. Edwards. Mr. Edwards received his law degree from Yale in 1997, and he has more than 20 years of experience in the field of media litigation. I find Mr. Edwards' hourly rate to be reasonable in light of his experience, skill, and reputation. *See Mitchell v. Franklin*, No. 18-61404, 2019 WL 5290932 (S.D. Fla. July 10, 2019) (finding that a $550 per hour was a reasonable hourly rate for an attorney with more than 20 years of experience). Therefore, Defendants are entitled to recover $36,838 in attorney's fees ($565 per hour times 65.2 hours) under Florida's Anti-SLAPP Statute.

### 4.   Costs

Finally, Defendants' request for $400 in costs is not recoverable. Defendants incurred the filing fee for removing the case to federal court, but as explained above, Defendants are only entitled to recover attorney's fees and costs in connection with their Motion to Dismiss. Accordingly, Defendants' request for $400 in costs is **DENIED**.

## IV.   CONCLUSION

Based on the foregoing, Defendants' Motion for Attorneys' Fees and Costs is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall reimburse Defendants as follows:

| | |
|---|---|
| Attorneys' Fees: | $36,838.00 |
| Costs: | $0 |
| **TOTAL:** | **$36,838.00** |

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 9th day of August, 2021.

_____
BRUCE E. REINHART
U.S. MAGISTRATE JUDGE