UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-81396-RUIZ/REINHART

JEROME CORSI,

        Plaintiff,

v.

NEWSMAX MEDIA, INC., et. al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS (ECF NO. 34)

Currently before me following the District Court's order sustaining Defendants' objections and vacating my prior order (ECF No. 49) is Defendants' Motion for Attorneys' Fees and Costs ("Defendants' Motion") (ECF No. 34), which has been re-referred to me by the Honorable Rodolfo A. Ruiz for appropriate disposition. ECF No. 58. I have reviewed Defendants' Motion, Plaintiff's Response (ECF No. 37), Defendants' Reply (ECF No. 38), and all included exhibits. For the reasons contained herein, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

## DISCUSSION

My prior order discussed the procedural history of this matter including Judge Ruiz's decision to award Defendants their fees and costs. My order also set forth the lodestar methodology used in awarding fees, the basis for approving Mr. Edwards' hourly rate of $565, and a finding of the reasonable time defense counsel spent preparing their motion to dismiss. The sole issue presently before me is what additional amount of fees should be awarded to Defendants beyond the $36,838.00 I previously recommended they receive. In their motion Defendants sought

1

a total amount of $113,126.50 in attorneys' fees, plus $400 in taxable costs.

At the outset I find that the hourly rates charged by the four timekeepers for whom I recommend reimbursement are reasonable. I have reviewed their professional backgrounds as set forth in the website biographies provided by defense counsel and find their hourly rates to be reasonable in light of each practitioner's level of experience, skill, and reputation. *See Mitchell v. Franklin*, No. 18-61404, 2019 WL 5290932 (S.D. Fla. July 10, 2019).

However, large portions of the invoices submitted by counsel are redacted and I find that the "redactions are far beyond 'reasonable.'" *Hamilton v. Sheridan Healthcare., Inc*., No. 13-62008-CIV, 2015 WL 13540999, at *5 (S.D. Fla. Dec. 23, 2015), report and recommendation adopted, 2016 WL 9444229 (S.D. Fla. Jan. 14, 2016). "These redactions . . . render the time entries vague and make it difficult, if not impossible, for the Court to determine the reasonableness of the time expended or even if the time relates to this case." *Id.* (deducting "a substantial amount of time . . . for unreasonable redactions"). Moreover, the invoices contain numerous instances of duplicative billing by multiple timekeepers. Defendants seeks reimbursement for six timekeepers assigned to this matter, which I find constitutes over-staffing. The invoices also reflect excessive time billed for relatively simple tasks, and impermissible billing of administrative tasks. I find that the fee award should be reduced to reflect these improper billing practices. Below I list the categories of tasks performed by defense counsel and the reasonable amount of time for which I believe Defendants should be reimbursed:

- Review of orders regarding procedures and court-ordered filings: 1 hour by Mr. Lerner ($585/hr)

- Preparation of a removal status report and a certificate of interested parties/corporate disclosure: 2 hours by Ms. Chen ($460/hr) and .5 hours by Mr. Lerner ($585/hr)

- Conferral with Plaintiff's counsel and preparation of joint scheduling report and joint discovery status report: 1 hour by Mr. Lerner ($585/hr) and 1 hour by Ms. McElroy

($325/hr)

- Preparation of a motion to appear pro hac vice: .5 hours by Ms. McElroy ($325/hr)

- Preparation of initial disclosures: 3 hours by Ms. Chen ($460/hr) and .5 hours by Mr. Edwards ($565/hr)

- Conferral regarding mediation and filing of joint notice of mediator selection: 1 hour by Mr. Lerner ($585/hr)

- Review of Plaintiff's initial disclosures and communications with Plaintiff's counsel re: deficiencies: 1 hour by Mr. Lerner ($585/hr)

- Preparation of discovery demands (document requests and interrogatories): 10 hours by Ms. Chen ($495/hr) and 2 hours by Mr. Lerner ($630/hr)

Applying these time allotments to each category of tasks and multiplying by the timekeeper's hourly rate, this amounts to an additional attorneys' fee award of $11,912.50. This amount combined with my previous recommendation that Plaintiff reimburse Defendants in the amount of $36,838.00 for time spent preparing their motion to dismiss, results in a total fee award of $48,750.50. Finally, Defendants are entitled to recover their costs in the amount of a $400 filing fee for removing the case to federal court.

## **RECOMMENDATION**

Based on the foregoing, I recommend that Defendants' Motion for Attorneys' Fees and Costs (ECF No. 34) be **GRANTED IN PART** and **DENIED IN PART** in that Plaintiff shall reimburse Defendants as follows:

| | |
|---|---|
| Attorneys' Fees: | $48,750.50 |
| Costs: | $400 |
| **TOTAL:** | **$49,150.50** |

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of February, 2022.

_____
BRUCE E. REINHART
U.S. MAGISTRATE JUDGE